UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE PERROT, | ) | |
| | ) | Case No. 18-cv-10147-DPW |
| *Plaintiff*, | ) | |
| | ) | Hon. Douglas P. Woodlock, |
| v. | ) | District Judge |
| | ) | |
| THOMAS KELLY, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

**PLAINTIFF'S STATUS REPORT REGARDING SERVICE OF PROCESS ON THE CITY OF SPRINGFIELD IN REGARDS TO DECEASED DEFENDANTS**

Plaintiff GEORGE PERROT, by his attorneys, Loevy & Loevy, hereby provides notice that:

1. This lawsuit was filed on January 25, 2018. Doc. No. 1. On May 10, 2018, the Court granted Plaintiff's motion for enlargement of time to serve summonses. The Court granted Plaintiff until June 25, 2018, to serve the remaining summonses.

2. In particular, Defendants Thomas Kelly, John Scanlon, Captain John Brown, and Chief Ernest Stelzer are all deceased. Accordingly, Plaintiff effected service pursuant to Mass. Gen. Laws. ch. 190B § 3-803(d)(2), which permits suit against a decedent as a named defendant, with service to be made upon "the entity providing the insurance or bond."

3. By email correspondence, Plaintiff's counsel asked counsel for the City of Springfield and for the individual police officer defendants to identify the entity providing any relevant insurance. Counsel for the City responded that he was not aware of any such entity or insurance.

4. Under Mass. Gen. Laws ch. 258 § 13, municipalities may indemnify police officers for damages from civil suits such as this one. Plaintiff notes that the individual police

officer defendants who have appeared in the case so far are all represented by the same counsel, from the Springfield Law Department. Accordingly, although discovery is not yet open, Plaintiff has a good-faith belief that the City of Springfield will indemnify any judgment against an individual police officer defendant. So, under Mass. Gen. Laws. ch. 190B § 3-803(d)(2), Plaintiff served the summonses for the deceased defendants on the City of Springfield.

5.  Service was effected pursuant to Federal Rule of Civil Procedure 4(j)(2)(B), which permits service in accordance with state law. Service was effected by certified mail, which is permitted by Massachusetts Rule of Civil Procedure 4(d)(4). Doc. Nos. 54–57.

RESPECTFULLY SUBMITTED,

**GEORGE PERROT**

By:  /s/ Tony Balkissoon  
*Attorney for Plaintiff*

Jon Loevy*  
Gayle Horn*  
Tara Thompson*  
Steven Art*  
Mark Loevy-Reyes*  
Tony Balkissoon*  
LOEVY & LOEVY  
311 N. Aberdeen St.  
Third Floor  
Chicago, Illinois 60607  
(312) 243-5900  
tony@loevy.com  

Debra Loevy  
LOEVY & LOEVY  
311 N. Aberdeen St.  
Chicago, IL 60607  
(312) 243-5900  
debra@loevy.com  
Bar No. 569212

**<u>CERTIFICATE OF SERVICE</u>**

  I, Tony Balkissoon, an attorney, hereby certify that on June 25, 2018, I filed the foregoing PLAINTIFF'S NOTICE REGARDING SERVICE OF PROCESS ON THE CITY OF SPRINGFIELD IN REGARDS TO DECEASED DEFENDANTS using the Court's CM/ECF system, which effected service on all counsel of record.

<u>/s/ Tony Balkissoon</u>
*One of Plaintiff's Attorneys*
