# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT, | ) |
|       Plaintiff, | ) Case No. 18-cv-10147 |
| | ) |
| | ) Hon. Douglas P. Woodlock, |
| v. | ) District Judge |
| | ) |
| THOMAS KELLY, *et al*. | ) |
| | ) **JURY TRIAL DEMANDED** |
|       Defendants. | ) |

### PLAINTIFF'S SECOND CORRECTED MOTION TO APPOINT
### A SPECIAL REPRESENTATIVE FOR DEFENDANT THOMAS KELLY

NOW COMES Plaintiff, GEORGE PERROT, by and through his attorneys, LOEVY & LOEVY, and hereby moves this Court to appoint a special representative for Defendant Thomas Kelly. In support thereof, Plaintiff states as follows:

1. On January 25, 2018, Plaintiff, George Perrot, filed this lawsuit alleging that the Defendants framed him for an assault and rape that he did not commit. Dckt No. 2. As a result, Mr. Perrot spent three decades in prison before he was exonerated. *Id*.

2. Given the age of the events underlying this case, it has been difficult to serve the Defendants. As a result, the Court granted Mr. Perrot's motion for enlargement of time to serve summons, allowing Plaintiff until June 25, 2018, to serve deceased defendants Thomas Kelly, John Scanlon, Captain John Brown and Chief Ernest Stelzer. Dckt No 53.

3. On June 25, 2018, Plaintiff filed a status report, explaining that he had properly initiated suit against the deceased defendants, none of whom have estates or personal representatives of which Plaintiff is aware, by serving the City of Springfield.[1]

---

[1] Defendants responded, stating that "the Registry of Probate reveals that Judith Kelly was appointed as the personal representative of the estate of Defendant, Thomas Kelly." Dckt 62 at 4–5. But a search of that registry shows that the estates are listed as closed. Further, Mr. Perrot's attorneys called the

1

4.     On August 15, 2018, counsel for the Springfield Defendants informed Plaintiff that another of the named Defendants, David Loudon, is also deceased. Like the other individual Springfield Defendants, Plaintiff's position is that suit has also been properly initiated against Defendant Loudon by serving the City of Springfield.

5.     Pursuant to Mass. Gen. Laws ch. 190B, § 3-803(d)(2), an action can be "maintained naming the decedent as the defendant" if no personal representative has been appointed. *See also Fellows v. Perenzin*, No. 001445A, 2003 WL 734416, at *1 (Mass. Super. Jan. 8, 2003) (explaining the same under the prior iteration of the probate statute). Such is the case here.

6.     In addition, under that same statute, where there is no personal representative, and the decedent is named as a defendant, "in th[e] event any service of process . . . may be necessary," it "shall be made upon the entity providing the insurance or bond." *Id*.[2] In this case, Plaintiff believes that the entity providing insurance or bond is the City of Springfield. That is because under Mass. Gen. Laws ch. 258, § 13, municipalities may indemnify police officers for damages from civil suits such as this one. Dckt No. 52, ¶¶ 2, 4. As a result, and pursuant to that statute, Plaintiff served the City of Springfield.

7.     The City argued that although it may indemnify the police officers, and was providing a defense to the other individually named defendants, it had not yet made a decision about whether it was going to indemnify the deceased defendants and so service was improper.

---

attorney listed in the registry, who confirmed that he no longer represents anyone in connection with an open estate for Defendant Kelly.

[2]     Indeed, in several analogous cases, a plaintiff has been penalized for *not* serving the entity that was providing funding for any damages award (i.e., the insurer). *See Alceus v. Perrone*, No. CA 945453, 1995 WL 809995, at *1 (Mass. Super. June 20, 1995); *Ganem v. LeBrun*, 1995 Mass. App. Div. 19 (Dist. Ct. 1995).

Any such claim, however, is at best premature as discovery has not begun and there has not yet been a determination about whether the defendants are entitled to indemnification.[3]

8. Following a hearing on July 11, 2018, the Court gave Plaintiff until August 3, 2018, to serve the remaining defendants. Dckt No. 67. Plaintiff filed a motion on August 1, 2018 seeking leave to appoint a personal representative for each of the deceased Defendants: Defendants Kelly, Scanlon, Brown, and Stelzer. Dckt No. 70.

9. After Plaintiff filed his motion, counsel for the City requested a meet and confer, explaining that it had a number of concerns with Plaintiff's motion. Following discussion with the City, Plaintiff agreed to limit his request to appoint a special representative solely to Defendant Kelly, and to re-file as such.

10. As such, although Plaintiff believes that serving the City, as he has done, is proper, to the extent that this Court disagrees, Plaintiff now moves this Court to open an estate and appoint a special personal representative for Defendant Kelly.

11. Federal district courts in Massachusetts have the power to appoint a special personal representative. Although the probate code does not confer direct authority on this Court, this Court nonetheless has the power to appoint a special administrator under 42 U.S.C. § 1988, which "authorizes [federal courts] to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983 . . . ." *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1993); *see also Hardin v. Straub*, 490 U.S. 536, 538 (1989) ("In enacting 42 U.S.C. § 1988 Congress determined that gaps in federal civil rights acts should be filled by state law, as long as

---

[3] Because any judgment would be satisfied only up to the extent of indemnification, the insurer—the City—is the real party in interest. The City "was promptly informed of plaintiff's action." *Cross v. Hewit*, 754 N.E.2d 1075, 1077 (Mass. App. 2001). As such "[t]o rule against the plaintiff in these circumstances would allow the insurer a windfall . . . ." *Id*. at 1077–78 (internal quotations and citation omitted).

that law is not inconsistent with federal law."). *See also Echavarria v. Roach et al.*, No. 1:16-cv-11118 (D. Mass.) (docket entry 92, text order dated 4/28/2017); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) ("This Court has the discretion to appoint a special representative so that the action can be maintained in case the estate has assets that can be recovered.").

12. In this case, that "borrowing" is Massachusetts law, which permits probate courts to appoint personal representatives to administer the assets of an estate. Mass. Gen. Laws ch. 190B, § 3-103 (authorizing personal representatives to be appointed by "order of the court or a magistrate"); id. § 3-614 (explaining that a "special personal representative may be appointed in a proceeding by order of the court . . ."). Under Mass. Gen. Laws ch. 3-614, the courts can appoint a "special personal representative" if "necessary to . . . secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act."

13. Such is the case here: The constitutional claims alleged by Plaintiff survive the death of the defendants. *E.g.*, *Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410 F.Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts should treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under Mass. Gen. Laws ch. 228 § 1) (citing *Mellinger v. Town of West Springfield*, 515 N.E.2d 584 (Mass. 1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024–25 (D. Mass. 1985)).

14. Yet, without a personal representative, Plaintiff will not be able to pursue his claims against Defendant Kelly notwithstanding the fact that they survive the defendants' death. Indeed, Defendant Kelly was a lead investigator and integrally involved in Plaintiff's wrongful conviction.

15. Moreover, appointing a personal representative will have no negative impact on the estate itself. Pursuant to Mass. Gen. Laws ch. 190B, § 3-803(d)(2) and ch. 258, § 13, the estate will be funded only to the extent that the City decides to indemnify the deceased officers. *See* Mass. Gen. Laws ch. 190B, § 3-803(d)(2) (explaining that "judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate"); *see also Sargent v. Sargent*, 47 N.E. 121 (Mass. 1897) (explaining that the probate court can appoint an administrator for the sole purpose of collecting and receiving a claim under the French spoliation act even though the funds will not become general assets of the estate of the intestate, or liable for his debts, but will belong to particular persons, who by law will be entitled thereto). Should the City eventually determine that it need not and will not provide such indemnification, then Plaintiff will not be able to recover from the estate. But that should not stop Plaintiff from even entering the courthouse doors.

16. In conferring with the City about this matter, the City correctly noted that the probate code does not directly confer such jurisdiction on the federal courts; but Section 1988 has expressly permitted the federal courts to borrow state law to fill in gaps like that at issue here, where there would otherwise be no way to remedy Plaintiff's constitutional violations.

17. In addition, the City contended that the Court would be barred from opening an estate and appointing a special representative because of the three-year statute of limitations for appointing a personal representative in Mass Gen. Laws ch. 190B § 3-108, and because each of the Defendants died more than three years ago. Plaintiff does not dispute the dates of death of the deceased defendants, but believes that Section 3-108 is not a barrier to this Court appointing a special representative for Defendant Kelly. Section 3-108 expressly exempts from the three-year

statute of limitations "appointment proceedings relating to an estate in which there has been a prior appointment." Such is the case for Defendant Kelly: Kelly had prior probate proceedings relating to his estate, and during those proceedings, Judith Kelly was appointed as his personal representative. *In re Thomas Kelly*, Case No. HD14P2327EA (Hampden County Probate Court), Order dating 11/20/14.

18.    Finally, the City contested Plaintiff's suggestion of appointing the City Solicitor, suggesting that he may be conflicted because the City has not made a decision about indemnification. Under Mass. Gen. Laws ch. 190B § 3-615, "[a]ny suitable person may be appointed special personal representative." Plaintiff has no preference as to who should be appointed special personal representative, but defers instead to this Court. Because Plaintiff believes that service on the City on behalf of the deceased defendants is proper, Plaintiff had suggested the City Solicitor.

WHEREFORE to the extent the Court does not find that serving process on the City sufficed to initiate suit against the deceased defendants, Plaintiff respectfully requests the Court appoint a special representative for Defendant Kelly so that Plaintiff can maintain his action against him.

RESPECTFULLY SUBMITTED,
s/ Gayle Horn
*Attorney for Plaintiff*
Debra Loevy
Gayle Horn
Mark Loevy-Reyes
Steven Art
Tara Thompson
Tony Balkissoon
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Ph: (312) 243-5900
Fax: (312) 243-5902

**<u>CERTIFICATE OF SERVICE</u>**

I, Gayle Horn, certify that the foregoing motion was sent via CM/ECF to all counsel of record on August 30, 2018.

s/ Gayle Horn
*Counsel for Plaintiff*
