UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT, | ) |
|     Plaintiff, | ) Case No. 18-cv-10147 |
| v. | ) Hon. Douglas P. Woodlock, |
| | ) District Judge |
| THOMAS KELLY, *et al.* | ) |
| | ) **JURY TRIAL DEMANDED** |
|     Defendants. | ) |

## MOTION FOR EXTENSION OF TIME TO FILE
## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, GEORGE PERROT, by and through his attorneys LOEVY & LOEVY, and hereby moves this Court for additional time to file his First Amended Complaint.

1. On January 25, 2018, Plaintiff George Perrot filed his Complaint, alleging that the Defendants violated his constitutional rights by framing him for crimes he did not commit. Mr. Perrot identified three "sets" of Defendants: Thomas Kelly, Thomas Jarvis, Richard Kane, Charles Arpin, John Scanlon, David Louden, Thomas Kennedy, Chief Ernest Stelzer, Marianne Popko, Paul Glantz, Ronald St. Germain, Andrew Canevari, Cheryl Clapprood, Captain John Brown and Unknown Officers from the City of Springfield Police Department (along with the City of Springfield) ("Springfield Defendants");[1] Wayne Oakes and William Eubanks, from

---

[1] Defendants Kelly, Scanlon, Brown, Stelzer and Louden are deceased. They are the subject of Plaintiff's pending motion. *See* Dckt No. 81.

the Federal Bureau of Investigation ("FBI Defendants"); and former Assistant District Attorney Francis Bloom. Dckt No. 2.

2. The Springfield Defendants filed a motion to dismiss. In that motion, the Springfield Defendants complained that Plaintiff's allegations against them were not particularized enough; that is, that Plaintiff had to identify each Defendant by name and associate that name with a specific act of misconduct instead of using group pleading. Dckt No. 34, 35-1 at 1, 2.

3. This Court heard argument at a hearing. As to the argument regarding group pleading, the Court held that Plaintiff was "allowed to conduct discovery necessary to identify the appropriate parties and file an amended complaint no later than 10/5/2018." Dckt No. 67.

4. Since that time, the parties have exchanged Rule 26(a)(1) disclosures and Plaintiff has served written discovery requests on each of the named Defendants who have appeared in the case. Likewise, Plaintiff has asked counsel for dates on which the Springfield Defendants can appear for their depositions.

5. The Springfield Defendants and Defendant Bloom are in the process of responding to Plaintiff's written discovery requests. For its part, the FBI Defendants have filed a motion to stay all discovery served on them.

6. No Defendants, however, have sat for depositions. Indeed, discussion about oral discovery led to the FBI Defendants' motion and the Springfield Defendants' assertion that they will be filing a motion to transfer venue. Likewise,

counsel for Defendant Bloom indicated that written discovery would suffice at this time for Plaintiff's needs.

7. Because initial discovery is still ongoing, Plaintiff is seeking additional time before his Amended Complaint is due.[2]

8. The Defendants have no objection to Plaintiff taking an additional 30 days. Plaintiff very much appreciates their cooperation and believes that he can amend within that time frame with one caveat: that the Springfield Defendants sit for their depositions.

9. Plaintiff believes that depositions are important for particularizing the acts of each Defendant. It may be that certain Defendants' names do not appear on police reports notwithstanding the fact that those Defendants participated in certain activities. For example, a Defendant may have been involved in the interrogation of Plaintiff, but his name does not appear on the police report or confession, memorializing that interrogation for whatever reason. Likewise, it is Plaintiff's counsel's experience that the police reports in wrongful-conviction lawsuits sometimes fail to document every single investigatory step that was taken, and a Defendant's particular actions can be relevant to the claims against him even if—or perhaps especially because—those actions were not recorded.

10. Permitting Plaintiff additional time will not prejudice the parties: It will allow Plaintiff sufficient time to discover the information necessary to particularize his allegations so that he can file a single First Amended Complaint,

---

[2] Plaintiff has made some progress toward amending his Complaint, including that his Federal Tort Claims Act and state law claims are now ripe.

3

as opposed to seeking leave to file piecemeal amended complaints as additional information becomes available once the Defendants fully respond to discovery. Moreover, because each of the named Defendants will be deposed regardless of whether they are ultimately a Defendant or a non-party witness, there is no harm in waiting to amend the Complaint until after a deposition occurs. Indeed, nothing about the deposition would change based on the status of the deponent: Plaintiff has seven hours under the Federal Rules and his questioning is limited by Rules 26 and 30.

11. Therefore, Plaintiff, George Perrot, is seeking until November 5, 2018 to file his Amended Complaint.

WHEREFORE, Plaintiff GEORGE PERROT seeks up to and including November 5, 2018 to file his First Amended Complaint.

RESPECTFULLY SUBMITTED,
s/ Gayle Horn
*Attorney for Plaintiff*
Debra Loevy
Gayle Horn
Mark Loevy-Reyes
Steven Art
Tara Thompson
Tony Balkissoon
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Ph: (312) 243-5900
Fax: (312) 243-5902

## CERTIFICATE OF SERVICE

I, Gayle Horn, certify that the foregoing motion was sent via CM/ECF to all counsel of record on October 2, 2018.

s/ Gayle Horn