THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Perrot, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>Thomas Kelly, Thomas Jarvis, )<br>Richard Kane, Charles Arpin, )<br>John Scanlon, David Louden, )<br>Thomas Kennedy, Paul Lance, )<br>Chief Ernest Stelzer, Marianne )<br>Popko, Paul Glantz, Ronald St. )<br>German, Andrew Canevari, )<br>Cheryl Clapprood, Captain John )<br> Brown, Unknown Officers of the )<br>Springfield Police Department, the )<br>City of Springfield, Massachusetts, )<br>Francis Bloom, William Eubanks, )<br>Wayne Oakes and Unknown )<br>Agents of the Federal Bureau of )<br>Investigation, )<br>    Defendants )<br> ) | Civil Action No. 1:18-CV-10147 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR CHANGE OF VENUE**

I.  **Factual and Procedural Background**

    The above captioned matter has been filed by the Plaintiff in the Boston Division of the United States District Court for the District of Massachusetts. As will be set out below, the events at issue, as well as all relevant documents and most parties and witnesses involved in this matter live in or in the immediate vicinity of Springfield, Massachusetts. A federal district court is located in the City of Springfield, MA. For the reasons set out below, the City of Springfield, as well as the represented current and former Springfield Police Officers, i.e. Cheryl Clapprood,

1

Charles Arpin, Ronald St. Germain, Marianne Popko, Paul Glantz, Thomas Kennedy, Richard Kane, Andrew Canevari and Thomas Jarvis, move pursuant to 28 U.S.C. § 1404(a) for transfer of this matter to the Springfield Division of the United States District Court for the District of Massachusetts for purposes of trial and all pre-trial matters, including the conduct of discovery.

The Plaintiff, George Perrot (hereinafter "Perrot") filed the above captioned matter after his 2016 release from state prison. Perrot was convicted in 1987 of the rape of a 78 year old woman, known as M.P. Perrot was a resident of Springfield, MA at all times leading up to his conviction. All the crimes for which he was charged and convicted occurred in the City of Springfield, MA. Specifically, between 1984 and 1986 there were a series of assaults on women over 60 in Springfield, MA. Mr. Perrot was tried and convicted of one of those assaults. Plaintiff's release was ordered after he was granted a new trial on January 26, 2016. On October 18, 2017, the Commonwealth issued a Nolle Prosequi. In issuing the Nolle Prosequi, the Commonwealth cited the FBI's retraction of previously sworn expert testimony concerning hair microscopy, the unavailability of witnesses and the unlikelihood that additional tests could be performed on the physical evidence available from the 1986 criminal matter. Further, the Commonwealth stated that in accordance with *Miller v. Alabama* and *Commonwealth v. Perez*, Perrot would not be serving more time than he already had for the 1986 charges. The Plaintiff now brings this action against fifteen (15) former and current officers of the Springfield Police Department, unknown officers of the Springfield Police Department, former Hampden County Assistant District Attorney Francis Bloom, former agents of the Federal Bureau of Investigation William Eubanks, Wayne Oakes and unknown agents of the Federal Bureau of Investigation. Plaintiff's Complaint advances federal claims under 42 U.S.C §1983 and pendant state law claims. The current or former Springfield Police Officers who file this motion for change of venue are: Cheryl

Clapprood, Charles Arpin, Ronald St. Germain, Marianne Popko, Paul Glantz, Thomas Kennedy, Richard Kane, Andrew Canevari and Thomas Jarvis.[1] Additionally, the Complaint advances a civil rights claim against the City of Springfield arising from its policies and practices under 42 U.S.C. §1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

The Complaint alleges the following: In the early morning hours on December 7, 1985 Perrot broke into a home in Springfield, and then went to a restaurant (also in Springfield) and stole someone's purse. (Compl. ¶35.) He had taken drugs and drank heavily in the hours preceding the housebreak and theft. (Compl. ¶34.) A few hours later the police arrived at his home located in Springfield and arrested him for the crimes of breaking and entering and theft of the purse. (Compl. ¶37.) Perrot alleges unidentified Springfield police officers beat him and threatened to kill him after arresting him on December 7, 1985. (Compl. ¶39.)

Perrot further alleges he was intoxicated and disoriented, and alleges he was again beaten by unidentified Springfield police officers on December 7, 1985 at the police station, located in Springfield. Although he alleges he does not recall it, he signed a card acknowledging he had been read his Miranda rights. (Compl. ¶42.) Plaintiff alleges he was interrogated for 14 hours by Springfield Police Officers at the Springfield Police Department. (Compl. ¶45.) He was sleep deprived and unidentified members of the Springfield Police Department prevented him from falling asleep by banging on the cell doors. (Compl. ¶46.) Perrot was emotional and at times suicidal during the interrogation. (Compl. ¶47.) Plaintiff signed a statement that he had broken into M.P.'s home, which he alleges was coerced by unknown Springfield Police Officers.

---

[1] Of the remaining named police officers, several of the officers are deceased. The Plaintiff has alleged that service on the City of Springfield is sufficient to serve the deceased officers, which the City contests and those motions are pending before this Court. Additionally, the Plaintiff has served a motion for appointment of a personal representative for one of the deceased officers, i.e. Thomas Kelly, and the City has filed an objection to that motion, which is also pending before this Court.

Plaintiff alleges unknown members of SPD "planted" evidence at the scene. (Compl. ¶73.) Specifically, Perrot alleges unknown members of the SPD "planted" gloves (Compl. ¶59,) hair, and blood stains (Compl. ¶60.) Finally, unknown members of the SPD allegedly had evidence that another person was responsible for the assaults on elderly women, and withheld that information. (Compl. ¶61.)

Prior to the arrest, unnamed members of the SPD were allegedly "familiar" with Perrot, and had "harassed him" under unspecified circumstances and at unknown dates and times. (Compl. ¶87.) Their dislike of him allegedly resulted in a fabricated confession, by unnamed defendants and former District Attorney Francis Bloom ("Bloom"). (Compl. ¶88.) Bloom and Defendant Springfield Police Officer Thomas Kennedy personally delivered the samples to the FBI in Washington, D.C. and allegedly told FBI agents Oakes and Eubanks that Perrot was "inherently evil." (Compl. ¶90.) Unnamed Defendants who were Springfield Police Officers allegedly destroyed the samples and their handwritten notes after the trial of Perrot. (Compl. ¶91.)

Defendant Springfield Police Officer Kane allegedly induced a false statement, allegedly from Perrot. (Compl. ¶94.) Certain non-incriminating statements were made by Perrot to unnamed SPD officers after Perrot's arraignment and without counsel present. (Compl. ¶94.) Allegedly as a result of Kane and other unknown defendants conduct, Perrot was granted a new trial. (Compl. ¶95-101.) He was convicted again. In 2017 Perrot was granted a new trial based upon the unreliability of the hair analysis conducted by the FBI, and on October 18, 2017 the case against Perrot was nolle prossed. (Compl. ¶125-127.)

All of the current or former Springfield Police Officers named in the within suit live in the greater Springfield, MA area, save one, who lives in Florida. Further, although the Plaintiff's

counsel strangely refused to disclose Perrot's address, on information and belief the City states Perrot's last known address is in Chicopee, MA, which is adjacent to Springfield.

**II.     Argument**

Since this matter could have been brought in the Springfield Division of the Federal District Court, the Defendants appropriately request this this case be transferred, not dismissed. Workgroup Technology Corp. v. MGM Grand Hotel, LLC, 246 F.Supp.2d 102, 115 (D.Mass.,2003); *Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass., 1982) and *28 U.S.C. §1404(a)*. See also *Mars, Inc. v. Standard Brands, Inc.,* 386 F.Supp. 1201, 1204 (S.D.N.Y.1974) ("It is fairly clear that, in situations in which there is another federal district court where the action could have been brought, §1404(a) controls and dismissal of the action under the common law doctrine of forum non conveniens is inappropriate.").

The Defendants acknowledge the burden is on them, as the moving party to show that transfer is warranted. *Shipley Co., Inc. v. Clark*, 728 F.Supp. 818, 823 (D.Mass.1990). If good grounds for transfer are established, this Court may, in its discretion, transfer this matter to any other district where it might have been brought. *28 U.S.C. § 1404(a)*; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, (1988).

A plaintiff's choice of forum is ordinarily afforded great weight. *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc.*, 56 F.Supp.2d 134, 141 (D.Mass.1999) (quoting *Brookfield Mach., Inc. v. Calbrit Design*, 929 F.Supp. 491, 501 (D.Mass.1996)) There is a strong presumption in favor of the plaintiff's choice of forum. *Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56, 71 (D.Mass.2001). The moving party "must establish that private and public interests weight heavily on the side of trial in the foreign forum." *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir.1991) (citations omitted). However, there are well established factors which must be

considered in determining whether to grant a motion to transfer venue. The Court should consider "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." *F.A.I. Elec. Corp. v. Chambers*, 944 F.Supp. 77, 8081 (D.Mass.1996) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, (1947)). Convenience of witnesses is the most important factor in the transfer analysis. *Boateng v. Gen. Dynamics Corp.*, 460 F.Supp.2d 270, 275 (D.Mass.2006) (citing *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D.Mass.1991)).

Both Springfield and Boston are in Massachusetts, and thus there is no advantage on two of the factors, i.e. the availability of process to compel attendance of unwilling witnesses and the cost of obtaining willing witnesses, to either Boston or Springfield. Furthermore, supporting the transfer of this matter to the vicinity of Springfield, the City of Springfield is unable to compensate former employees, whose presence will be required during the tenure of this matter, for any travel expenses incurred, such as tolls. Since all of the other factors strongly favor transfer, these two neutral factors cannot negate the need for transfer.

Turning to the convenience factors, of both the witnesses and the parties, as stated above, all of the present and former Springfield Police Officers who are still alive are living in the Greater Springfield area, except for one officer, who lives in Florida. On information and belief, the Defendant lives in Chicopee, also in the Greater Springfield area. All of the witnesses that we can discern, other than those associated with the FBI, will also be either current or former employees of the City of Springfield, or current or former members of the Hampden County District Attorney's Office. The prosecutor of the underlying rape case, Francis Bloom, is in

private practice in Wilbraham, next to Springfield, and also lives in Hampden County. The victim of the underlying crime, identified in the complaint as M.P. is deceased. There are no other civilian witnesses known to the City who would be necessary to call in this case. Witnesses will be needlessly inconvenienced if they must travel to Boston to participate in either pre-trial discovery or testimony at trial[2].

Moreover, all of the documents associated with this matter are either at the City of Springfield Police Department, or at the Hampden County District Attorney's office, also located in Springfield, MA.

Trying this case in Boston will add substantially to the expense of this trial for the Defendants. The Boston Division is approximately 90 miles from Springfield.[3] The access road is a toll road, costing approximately: $10.90 (with a MA EZ Pass), $23.25 (without an EZ Pass) and $12.15 (with an out of state EZ Pass) round trip in addition to fuel charges. For City of Springfield employees the City reimburses them at the Internal Revenue rate, currently $0.54/mile. Each Springfield employee, witness or party that must appear in Boston, whether for deposition or trial will thus cost the City of Springfield between $81.00 - $100.00+/- for mileage, fuel and tolls, depending on the current fuel rates at the time and the type of vehicle driven.

Attorneys for the Plaintiff are located in Chicago, and will have to travel regardless of whether the case is litigated in Springfield or Boston. If this matter goes to trial, it is anticipated it would be a multi-day trial, requiring counsel to stay overnight if this matter is tried in Boston. It is also possible that parties and even some witnesses would need to stay overnight in the

---

[2] Prior to filing this motion, the Defendants requested that counsel for the Plaintiff assent to have depositions done in Springfield rather than Boston. Plaintiff's counsel refused.

[3] All of the data that is listed in this paragraph was obtained through a search of publicly available information by a paralegal working for the City of Springfield law department, i.e. Megan J. Landry. Her affidavit is attached hereto as Exhibit 'A'. This is the type of information which the Court could take judicial notice of, if counsel objects to its introduction through affidavit.

7

Boston area. However, if it is tried in Springfield defense counsel, parties and witnesses, at least, will not need to stay in hotels, significantly lowering the costs of trying the case.

Finally, during our conference prior to filing this motion the Plaintiff's counsel articulated their objection to changing venue as being based upon the stage of litigation. However, the Plaintiff has not even filed the operative complaint in this matter, and intends to ask until November 15, 2018 to file an amended complaint. This matter is in the very earliest stages, and no prejudice will result to either side as a result of the allowance of the requested venue change.

### III. Conclusion

For all of the foregoing reasons, the City of Springfield respectfully requests that the within case be transferred to the Springfield Division of the United States Federal Court for the District of Massachusetts.

Respectfully submitted,
The Defendants
City of Springfield,
Cheryl Clapprood, Thomas Kennedy,
Marianne Popko (n/k/a Moriarty),
By their attorneys

 /s/ Lisa C. deSousa
 /s/ Kathleen E. Sheehan
 /s/ Edward M. Pikula
 /s/ Jeremy Saint Laurent
Lisa C. deSousa, Esq. BBO#546115
Kathleen E. Sheehan, Esq. BBO#456910
Edward M. Pikula, Esq. BBO#399770
Jeremy Saint Laurent, Esq. BBO#698682
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:  (413) 886-5205
Fax:  (413) 750-2363
ldesousa@springfieldcityhall.com
ksheehan@springfieldcityhall.com
jsaintlaurent@springfieldcityhall.com

Dated:  October 4, 2018

Respectfully submitted,
the Defendant,
Charles Arpin,
by his attorney,

 /s/ Austin M. Joyce
Austin M. Joyce, Esq. BBO#255040
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
Tel:    (508) 754-7285
email: ajoyce@rja-law.com

Dated:  October 4, 2018

| | |
|---|---|
| Respectfully submitted,<br>The Defendant,<br>Richard Kane,<br>By his attorney | Respectfully submitted,<br>The Defendants,<br>Andrew Canevari, Paul Glantz,<br>Thomas Jarvis and Ronald St. Germain<br>By their attorney |
| /s/ Carole Sakowski Lynch<br>Carol Sakowski Lynch, Esq. BBO#547718<br>Morrison Mahoney LLP<br>1500 Main Street, Suite 2400<br>P.O. Box 15387<br>Springfield, MA 01115-5387<br>Tel:  (413) 737-4373<br>Fax:  (413) 739-3125<br>clynch@morrisonmahoney.com | /s/ Kevin B. Coyle<br>Kevin B. Coyle, Esq. BBO#103540<br>1299 Page Boulevard<br>Springfield, MA 01104<br>Tel:     (413) 787-1524<br>Fax:    (413) 787-1703<br>email: attycoyle@aol.com |
| Dated:  October 4, 2018 | Dated:  October 4, 2018 |

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify a true copy of the within Motion for Change of Venue was this day served upon all parties of record via the Federal Court's ECF Notice and Delivery System. I am not aware of any party who is a non-registered participant, and therefore electronic filing is the sole means of service of this document.

Signed under the pains and penalties of perjury this 4th day of October 2018.

                                                     /s/ Lisa C. deSousa
                                                     Lisa C. deSousa, Esq.