UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:18-cv-10147-DPW

GEORGE PERROT,
    Plaintiff,

v.

THOMAS KELLY, et., al.,
    Defendants

CITY OF SPRINGFIELD'S OPPOSITION TO PLAINTIFF'S MOTION TO REASSIGN CASE

**I.**  **Introduction**

Defendants hereby submits their opposition to the Plaintiff's Motion for Reassignment. Plaintiff's Motion fails to cite any legal or factual basis upon which to seek such reassignment. Plaintiff also fails to explain how the reassignment of this action from a judge already familiar with the underlying facts promotes the "interests of justice" or "further[s] the efficient performance of the business of the court" which he must to justify such reassignment under Local Rule 40.1(i)(1).

**II.**  **Background**

Plaintiff filed his initial complaint on January 25, 2018, one day later on January 26, 2018, the case was assigned to Judge Douglas P. Woodlock. Document Nos. 1-3. On or about July 11, 2018, a hearing was held before Judge Woodlock on Motions to Dismiss, which he denied without prejudice from Defendants Charles Arpin, Andrew Canevari, Cheryl Clapprood, Paul Glantz, Thomas Jarvis, Richard Kane, Thomas Kennedy, Marianne Popko, Ronald St. Germain [Document No. 31 and 36], City of Springfield [Document No. 34], and Frances Bloom [Document No. 42]. Document No. 67. Several other motions along with individual FBI

defendants' motion to dismiss was then heard again before Judge Woodlock and also denied without prejudice on December 6, 2018.

On May 23, 2019, Plaintiff filed an Amended Complaint against Marianne Popko, Wayne Oakes, Unknown Officers of the Springfield Police Department, City of Springfield, Massachusetts, Ronald St. Germain, Thomas Jarvis, Paul Lance, Paul Glantz, Andrew Canevari, Cheryl Clapprood, William Eubanks, Thomas Kennedy, Richard Kane, Frances Bloom, Charles Arpin, United States of America, and Judith Kelly. At least six additional motions to dismissed were then filed and responded to which were then heard on September 4, 2019. <u>Document No. 157</u>. Judge Woodlock heard arguments and granted motions to dismiss specific to FBI Agents, Document No. 144, and the United States of America, Document No. 159, all other motions, 129, 137, 140, 142, and 146 were taken under advisement. <u>Document No. 168.</u>

### III.     Legal Standard

Local Rule 40.1(a)(3) addresses the assignment of civil cases, it states the following:

> The clerk shall place a case in one of the three categories described in subsection (a)(1) and, unless otherwise ordered by the court, assign it by lot among the district judges in active service at their respective duty stations in accordance with this rule in such manner that each such district judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of case and nature of suit assigned to that judge and, within the categories of cases or suits that senior judge will accept, assignment shall be by lot in accordance with this rule.

Local Rule 40.1(i) permits a United States District Judge to return a case to the Clerk for reassignment, it states the following:

> In the interest of justice or to further the efficient performance of the business of the court, a district judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the chief judge, or, with respect to civil cases only and whether or not the case is related to any other

case, may transfer the case to another district judge, if the other judge consents to the transfer.

## IV.   Application

This Court should deny the Plaintiff's Motion for Reassignment.  As no justification has been proffered, allowing this motion condones judicial forum shopping, as Plaintiff has failed to articulate any basis, legally or factually, that such measures would promote the interests of justice and judicial efficiency to warrant such a dramatic order. The rigid application of Local Rules 40.1(a)(3) and 40.1(i) is paramount in all cases. In our Circuit, this procedure serves two important purposes, "first, it prevents judge shopping by any party, thereby enhancing public confidence in the assignment process. Second, it ensures an equitable distribution of the case load among the judges of this court. Once assigned, a judge has a duty to preside, unless there is a valid reason for recusal and reassignment to another judge." United States v. Mavroules, 798 F. Supp. 61, 61 (D. Mass. 1992); see also, Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) (§ 2241 prevents "rampant forum shopping" by habeas petitioners).

### A.  Interests of Justice or Judicial Efficiency

Plaintiff's Motion makes no reference or argument based on the "interests of justice" or "judicial efficiency" as would be appropriate and required under the Local Rule. However, for the purposes of this opposition, Defendants will assume that his "desire to bring this matter to a resolution" his "desire to resolve this matter expeditiously" form the thrust of their argument. Plaintiff's Motion at ¶¶ 2, 3, and 7.  Even with credit to that assumption, Plaintiff's argument fails to meet the requirements of Local Rule 40.1(i).

To date, there have been multiple motions to dismiss, and responses, involving upwards of twenty (20) named and unnamed defendants, all of which has been before Judge Woodlock. If the case were reassigned, both the Court and the parties would have to recreate the motions, and

re-argue the motions, when the assigned judge has extensive knowledge of this case. The unnecessary duplication of judicial labor (as well as the parties) defeats the "interests of justice" or "judicial efficiency."

### V.     Conclusion

WHEREFORE, Defendants respectfully requests that this Court deny the Plaintiff's Motion for Reassignment.

                                                                  Respectfully submitted,
The Defendant, City of Springfield,
Cheryl Clapprood, Thomas Kennedy, and
Marianne Popko (n/k/a Moriarty),
By their attorney,

Dated: November 15, 2022            /s/ Lisa C. deSousa
Lisa C. deSousa, Esq. BBO#546115
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:    (413) 886-5205
ldesousa@springfielcityhall.com

### CERTIFICATE OF SERVICE

I, the undersigned do hereby certify a true copy of the within Motion for Change of Venue was this day served upon all parties of record via the Federal Court's ECF Notice and Delivery System. I am not aware of any party who is a non-registered participant, and therefore electronic filing is the sole means of service of this document.

Signed under the pains and penalties of perjury this 15th day of November 2022.

                                                                   /s/ Lisa C. deSousa
Lisa C. deSousa, Esq.