UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. |
| | )   18-10147-DPW |
| v. | ) |
| | ) |
| THOMAS KELLY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER
ADOPTING
THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE
DENYING
MOTIONS TO DISMISS
March 23, 2023

Chief Magistrate Judge Kelley has provided a Report and Recommendation [Dkt. No. 187] carefully parsing the amended complaint [Dkt. No. 126] that is the operative pleading in this matter. She essentially concludes that the motions to dismiss submitted by defendants should be denied. After thorough review of the underlying record, including the submissions of the parties regarding objections to the Report and Recommendation, I am satisfied that — with certain reservations identified by Judge Kelley — the operative complaint plausibly alleges[1] against the movants

---

[1] I would be remiss if I did not note my own observation, limned in the Report and Recommendation I am reviewing, that the operative complaint presented a suboptimal pleading. In continuing to rely on that pleading, the Plaintiff's counsel took significant risk by declining to address — for example, through further proposed amendment — the array of predictable grounds pressed by the several defense motions to dismiss.

claims that will require at a minimum summary judgment practice for their formal resolution in this court.

Accordingly, I will adopt the Report and Recommendation and advise the parties that the scheduling order [Dkt. No. 200] developed by Judge Kelley for that motion practice should be adhered to punctiliously to ensure that the further travel of this case is conducted expeditiously and without delay. Through my broad referral of pretrial matters in this case, I anticipate preparation by Judge Kelley of a Report and Recommendation regarding any motions for summary judgment timely submitted by the parties.

Turning to the conclusions reached in the Report and Recommendation now before me regarding the overlapping motions to dismiss:

With respect to the motions to dismiss of Officer Arpin [Dkt. No. 129] and the remaining officers who actually filed a motion to dismiss, I am satisfied

---

The unsettled legal environment in which the operative complaint would function was, when it was submitted and remains as of this time, evident.  The question fundamental to this case regarding whether and, if so, how a meaningful remedy can be fashioned for the constitutional harm complained of is the subject of searching current commentary.  *See generally*, Richard H. Fallon, Jr., *Constitutional Remedies: In One Era and Out the Other*, 136 HARV. L. REV. 1300 (2023).  Similarly, the question whether some form of official immunity will or should restrict Plaintiff's claims was a subject of vigorous dispute at the time the operative complaint was presented, *see, e.g.* William Baude, *Is Qualified Immunity Unlawful?*, 106 CALIF. L. REV. 45 (2018).  Supreme Court Justices across the spectrum of jurisprudential approach have expressed reservations about the continued vitality of qualified immunity.  *Compare Ziglar* v. *Abbasi*, 137 S. Ct. 1843, 1869-72 (2017) (Thomas, J. concurring in part and concurring in the judgment) *with Kisela* v. *Hughes*, 138 S. Ct. 1148, 1155-62 (2018) (Sotomayor, J. dissenting).

This unsettled legal environment requires fact finding to advance toward principled resolution of this case.  I am, as this Memorandum outlines, satisfied that the operative complaint is an adequate — if suboptimal — basis to do so.

that, while sprawling and not fully particularized as to the actions of the specific individual defendants, *see supra* note 1, the operative complaint adequately provides them with sufficient notice of the matters in issue. That notice enables them to frame their respective defenses against the potential claims generally and in particular apprises them of the relevant issues of causation that are in play.

With respect to the renewed motion to dismiss of the Springfield defendants generally [Dkt. No. 137], I am satisfied that the question of qualified immunity has not been waived simply because it was not raised in the current motion to dismiss. It was earlier asserted in the initial motion to dismiss practice and may later be presented on a motion for summary judgment or at trial.

With respect to Officer Kane's separate motion to dismiss [Dkt. No. 146] on grounds variously characterized as preclusive, I find the vacation of the Plaintiff's underlying rape conviction sufficient basis to proceed to fact finding. That some evidence concerning the unvacated burglary conviction may prove separately relevant regarding the surviving claims against Officer Kane and other individual defendants counsels against limitation at this time as to discovery regarding the constitutionality of the police practices observed in the pursuit of charges against the Plaintiff.

With respect to the motion to dismiss of quondam ADA Bloom [Dkt. No. 142], I am satisfied he is not entitled to absolute prosecutorial immunity for the investigative functions the complaint alleges he engaged in. Moreover, the

3

question of qualified immunity, as I have suggested above with respect to other defendants, is a matter which may only be answered after full discovery regarding the investigative functions Bloom as a matter of fact performed.  That said, I also adopt the qualification to the denial of Bloom's motion Judge Kelley provided and conclude that the question of qualified immunity may now be answered affirmatively in Bloom's favor on the basis of the operative complaint to bar the failure to intervene claim embedded in Plaintiff's pleadings.

With respect to the motion to dismiss of the City of Springfield [Dkt. No. 140], as the institutional defendant, I am satisfied that the operative complaint alleges with plausibility that Mr. Perrot suffered a constitutional violation caused by the alleged policies and practices of the City and its failure to train its police officers adequately.

For these reasons, briefly stated, in furtherance of my adoption of the Report and Recommendation, I hereby direct the Clerk to docket disposition of the following motions in the following manner:

The motion to dismiss by Charles Arpin [Dkt No. 129] is DENIED;

The motion to dismiss by defendants Estate of Thomas Kelly, Cheryl Clapprood, Paul Glantz, Thomas Jarvis, Thomas Kennedy, Marianne Popko, and Ronald St. Germain [Dkt. No. 137] is DENIED;

The motion to dismiss by the City of Springfield [Dkt No. 140] is DENIED;

The motion to dismiss by defendant Frances Bloom [Dkt. No. 142] is DENIED, except as to any claim concerning failure to intervene, regarding which it is GRANTED; and

The motion to dismiss of the defendant Richard Kane [Dkt. No 146] is DENIED.

And it is FURTHER ORDERED in light of the Report and Recommendation that claims against someone identified as Paul Lance be dismissed and that any claims asserted against the Springfield Police Department, as such, shall be assimilated to the proper municipal institutional entity, the City of Springfield.

/s/ Douglas P. Woodlock_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE