IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>    Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT A REPRESENTATIVE FOR DECEASED DEFENDANT

Plaintiff, George Perrot, by and through his attorneys Loevy & Loevy, respectfully moves this Court to either (a) permit him to proceed against Deceased Defendant RONALD ST. GERMAIN ("Decedent" or "Defendant St. Germain") in his own name, serving Defendant City of Springfield with the required process; or, alternatively, (b) appoint the Decedent's brother, Robert St. Germain, as personal representative to defend this suit on behalf of Defendant St. Germain, and substitute him as a party in this action in that capacity. In support, Plaintiff states as follows:

1

1.	On January 25, 2018, Plaintiff, George Perrot, filed this lawsuit alleging that the Defendants framed him for an assault and rape that he did not commit. Dckt No. 2. As a result, Mr. Perrot spent three decades in prison before he was exonerated. *Id.*

2.	On May 2, 2023, counsel for Defendant Ronald St. Germain filed a notice of Defendant St. Germain's death. Dckt. No. 235.

3.	Based on public information, it appears that Defendant St. Germain is survived by his two children, his mother, and his two siblings. *See* Exhibit A, Ronald St. Germain's Obituary, Jan. 18, 2023.

4.	Federal Rule of Civil Procedure 25 provides that a motion for substitution must be made within 90 days of service of a notice of death. FED. R. CIV. P. 25(a)(1). It is not clear whether that 90-day clock has yet started running here, because it is not clear whether Decedent's heirs have been served with the suggestion of death, as required by Rule 25. FED. R. CIV. P. 25(a)(3) (requiring that interested non-parties be served as provided in Federal Rule of Civil Procedure 4); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2003) (noting that the clock to substitute does not begin to run until interested non-parties receive proper service).

5.	Regardless, with this case in full discovery, a motion to substitute is appropriate at this time. Accordingly, Plaintiff brings this motion, within 90 days of the notice of death, to identify and substitute a proper party defendant for Defendant St. Germain.

6.	The constitutional and state-law claims alleged by Plaintiff survive the death of Defendant St. Germain. *E.g.*, *Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410 F.Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts should treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under Mass. Gen. Laws ch. 228 § 1) (citing *Mellinger v. Town of West Springfield*, 515 N.E.2d 584 (Mass. 1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024-25 (D. Mass. 1985)).

7. Massachusetts law provides that the representative of an estate may be compelled to appear to defend in civil proceedings. Mass. Gen. Laws ch. 228 § 5.

8. Based on searches of public records, Plaintiff's attorneys have been unable to determine whether an estate was ever opened or closed for Defendant St. Germain.

9. In Plaintiff's view, there are two options for properly naming a deceased defendant. First, Mass. Gen. Laws ch. 190B, § 3-803(d)(2) contemplates that an action may be maintained by naming the decedent as the defendant if no personal representative has been appointed. *See also Fellows v. Perenzin*, No. 001445A, 2003 WL 734416, at *1 (Mass. Super. Jan. 8, 2003) (explaining the same under the prior iteration of the probate statute). The state statute provides that, where there is no personal representative, and the decedent is named as a defendant, "in th[e] event any service of process . . . may be necessary," it "shall be made upon the entity providing the insurance or bond." *Id.*

10. In this action, the entity providing the insurance or bond is the City of Springfield, which employed the Defendant St. Germain during the relevant time, and which indemnifies municipal officials acting within the scope of their employment. Mass. Gen. Laws ch. 258, § 13. Accordingly, with the Court's permission, Plaintiff could proceed against the Decedent, serving Defendant City of Springfield with the required process.

11. Second, this Court could alternatively appoint an appropriate personal representative for the Decedent, and the personal representative could be substituted here to defend this lawsuit.

12. District courts elsewhere, consistent with state law, have appointed personal representatives to defend suits in the precise circumstances present here. *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of

a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983."); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012) (appointing spouse in representative capacity).

13. Massachusetts law empowers courts to appoint personal representatives. *See* Mass. Gen. Laws ch. 190B, § 3-103 §§ 3-103, 3-614; *see also Weichel v. Braintree*, 1:20-cv-11456-IT (D. Mass. May 9, 2023) (attached); *Echavarria v. Roach*, No. 1:16-cv-11118, Doc. No. 92 (D. Mass. Apr. 28, 2017) (attached). And appointing a personal representative in this circumstance will have no negative impact on Defendant St. Germain's estate because any judgment against the personal representative will be funded by Springfield's indemnification. *See* Mass. Gen. Laws ch. 190B, § 3-803(d)(2); Mass Gen. Laws ch. 258, §13.

14. Under Mass. Gen. Laws ch. 190B § 3-615, "[a]ny suitable person" may be appointed special personal representative. Thus, to the extent that the action does not proceed against the Decedent in his own name, Robert St. Germain should be appointed as personal representative to defend the suit on behalf of the Decedent.

15. Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). Accordingly, if the Court appoints Robert St. Germain as personal representative to deceased Defendant St. Germain, he should be substituted as a party in this action.

16. WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court (a) permit him to proceed against Deceased Defendant RONALD ST. GERMAIN in his

own name, serving Defendant City of Springfield with the required process; or, alternatively, (b) appoint Robert St. Germain as personal representative to defend this suit on behalf of Defendant RONALD ST. GERMAIN, and substitute him as a party in this action in that capacity.

RESPECTFULLY SUBMITTED,

**GEORGE PERROT**

By:  /s/ Gianna Gizzi
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Debra Loevy, BBO No. 569212
Mark Loevy-Reyes, BBO No. 707974
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116
Ph: (312) 243-5900
Fax: (312) 243-5902

Jon Loevy*
Steven Art*
Gayle Horn*
Gianna Gizzi*
Carla Agbiro*
 LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
Gizzi@loevy.com
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I, Gianna Gizzi, an attorney, hereby certify that on June 2, 2023, I filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT AND SUBSTITUTE A PERSONAL REPRESENTATIVE FOR DECEASED DEFENDANT using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Gianna Gizzi
*One of Plaintiff's Attorneys*