UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 18-CV-10147

| | |
|---|---|
| GEORGE PERROT<br>    Plaintiff,<br><br>v.<br><br>THE CITY OF SPRINGFIELD, et. al.,<br>    Defendants | OBJECTION AND MEMORANDUM IN SUPPORT OF CITY OF SPRINGFIELD'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT A REPRESENTATIVE |

The Defendant, City of Springfield ("City"), respectfully submits this opposition to the Plaintiff's Motion to Appoint a Representative for the defendant, Ronald St. Germaine. In this opposition, the City challenges the Plaintiff's attempt to circumvent established procedures for pursuing a civil action against a deceased individual without sufficient justification. The Plaintiff presents two requests, seeking to proceed against defendant Ronald St. Germaine in their own name while essentially substituting the City in his place. The alleged authority for this request is G.L. c. 190B, § 3-803(d)(2). Additionally, the Plaintiff attempts to invoke the authority provided by Fed. R. Civ. 25(a)(1) to request the Court's appointment of a personal representative who would then be substituted to defend the lawsuit. This Court should deny both requests.

I. **Factual and Procedural Background**

The above captioned matter has been filed on behalf of the Plaintiff, George Perrot, who is claiming civil rights violations arising out of his conviction for serious crimes, including but not limited to rape, in 1987. The Complaint asserts civil rights claims against the City of Springfield based on its policies and practices under 42 U.S.C. §1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Plaintiff alleges that

1

members of the Springfield Police Department, including Officer Ronald St. Germaine, violated Perrot's civil rights under 42 U.S.C. §1983. Ronald St. Germaine died during the pendency of this action, evidenced by the suggestion of death was filed by his counsel, Kevin Coyle.

Plaintiff filed a motion to appoint a representative for St. Germain.[1] In part, Plaintiff is seeking to have the City of Springfield ("City") appointed "representative" for service of process. Plaintiff had previously attempted a similar appointment in relation to another deceased officer, Thomas Kelly; that motion was denied by this Court. See, Documents 79, 81, 85 [Opposition by City], 107.

## II.     Statement of Law

### A. Federal Rule of Civil Procedure 25

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Under the terms of Rule 25(a), "the Court may order substitution of the *proper party*." See Fed. R. Civ. P. 25(a)(1) (emphasis supplied). "[T]he proper parties for substitution are the *successors or representatives of the deceased party*." *Boniface v. Viliena*, 338 F.Supp. 3d 50, 71 (D. Mass. 2018) (emphasis added) (quoting *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969); see also *Americus Mortg. Corp. v. Mark*, No. CIV.A. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013).

"[A] person may be a 'successor' under Rule 25(a)(1) if [he or] she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Boniface v. Viliena*, 338 F.Supp. 3d 50, 71 (D. Mass. 2018) (*citing In re Baycol Prod. Litig.*, 616 F.3d 778, 784-5) (8th Cir. 2010). With respect to who may

---

[1] The Plaintiff alternatively titles the pending motion a Motion to Substitute, which would be the appropriate step, and a Motion to Appoint a Representative, for which this Court lacks jurisdiction.

2

be deemed a proper "representative" for substitution under Rule 25(a), the courts have held that it is "clear from its history" and "implicit in the wording of the provision and in the cases construing it" that Rule 25(a) "applies only to the substitution of *legal* representatives". *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (emphasis added); *see also Boggs v. Dravo Corp.*, 532 F.2d 897 (3rd Cir. 1976); *Navin v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 646 (D. Conn. 2016); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135 (E.D. N.Y. 2012). Federal Courts typically look to state law for guidance as to who may be a "proper party" for substitution under Fed. R. Civ. P. 25. *See Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012).

A motion to substitute may be brought by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). Any such motion must further be served on the parties to the action pursuant to Fed. R. Civ. P. 5 and *also* on non-parties, such as the individual sought to be named as personal representative for the deceased party, pursuant to Fed. R. Civ. P. 4. *See* Fed. R. Civ. P. 25(a)(3); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (holding that nonparties "with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served."). Effecting service pursuant to Rule 4 is necessary to establish the court's personal jurisdiction over the new party to be substituted. *See Giles*, 698 at 158–59 (3d Cir. 2012); Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir. 1971); *Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D. Conn. 2015).

The language in Fed. R. Civ. P. 25(a) is permissive and the decision of whether to substitute a particular party lies with the discretion of the trial judge, who may refuse to substitute parties in an action, even if one of the parties so moves. Boniface, 338 F.Supp. 3d at 71 (citing In re Baycol Prod. Litig., 616 F.3d at 783.

3

### B. Massachusetts Uniform Probate Code

Chapter 190B of the Massachusetts General Laws is the Massachusetts 'Uniform Probate Code. Pursuant to c. 190B, the term "Personal representative", is defined as including the "executor, administrator, successor personal representative, special administrator, special personal representative, and persons who perform substantially the same function under the law governing their status." See M.G.L. c. 190B, § 1-201(37). A personal representative may be served in an action brought by a creditor of the deceased, but only if the action is commenced within one (1) year of the death of the deceased and process has been properly served on the personal representative. See G.L. c. 190B, § 3-803(a). An exception to this requirement exists, however, in an action brought against the personal representative "for personal injury or death," provided that action is commenced not later than three years from its accrual. *Id.* at 3-803(d)(2). In such cases, there are also limitations on the satisfaction of any judgment—it can only come from a liability bond or insurance policy, not from the general assets of the estate. In addition, where a "personal representative has not been appointed," an action may proceed "naming the decedent as the defendant" and completing service of process on the entity providing the liability bond or insurance. *Id.*

### III. Argument

#### A. Plaintiff has Failed to Satisfy the Procedural Requirements of Federal Rule 25(a) along with Local Rule 7.1

In order to appoint a "proper party" as a personal representative for a deceased defendant, the Plaintiff must adhere to the procedural requirements set forth in Fed. R. Civ. P. 25(a)(3). However, the Plaintiff in this case has failed to satisfy these requirements, rendering their motion for substitution invalid and warranting its denial.

4

Under Rule 25(a)(3), the party seeking substitution must properly effectuate service of process on both parties and non-parties. In this instance, the Plaintiff has merely filed their motion with the Court and served it through the Electronic Case Filing (ECF) system, solely on the parties who have appeared in the case, namely, the counsel for the City and the counsel for the individual Defendants. However, if the Plaintiff intends to appoint a legal representative or successor for Ronald St. Germain, they are obligated to identify that individual in the motion and effectuate service of process on them as per Fed. R. Civ. P. 4. Plaintiff has not averred that they have made service upon Robert St. Germain and therefore, the Plaintiff's efforts in this regard have been insufficient, clearly falling short of the procedural requirements outlined in Fed. R. Civ. P. 25.

Furthermore, Local Rule 7.1(a)(2) explicitly states that no motion shall be filed unless counsel certifies that they have conferred with the opposing party. Additionally, Local Rule 7.1(c) mandates that all papers filed under subsection (b) must be served. In this case, the Plaintiff filed the motion without first ascertaining the Defendant's position on the relief sought, and there is no indication that the decedent's heirs have been served with notice of the motion. The Plaintiff neglected to fulfill their obligations under Local Rule 7.1 et seq. by failing to engage in good faith discussions with the Defendant concerning the requested relief. Consequently, the Plaintiff was unable to include a statement affirming that the required discussion took place or provide any indication as to whether the motion is opposed. In light of the plaintiff's non-compliance with the procedural requirements outlined in Fed. R. Civ. P. 25(a) and Local Rule 7.1, their motion for substitution must be denied.

### B. **Plaintiff's Request to Appoint Robert St. Germain as Personal Representative is Insufficient**

The Plaintiff's request to appoint Robert St. Germain as a personal representative fails to meet the requirements outlined in Fed. R. Civ. P. 25 for a "proper party" substitution. Specifically, the plaintiff has not demonstrated that Robert St. Germain qualifies as a "proper

5

party" for substitution under Fed. R. Civ. P. 25(a). According to the rule, a proper party must either be a formal legal representative of the decedent or a successor. Fed. R. Civ. P. 25(a)(1). Individuals who can reasonably be considered representatives or successors are limited to (1) a formal legal representative, such as an executor or administrator, appointed for the decedent's estate, or (2) a successor, such as an heir or next of kin. The Plaintiff has provided no facts or evidence showing either.

Plaintiff relies on *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012), where a spouse was appointed in a representative capacity. In that case, the court acknowledged that the appropriate party for substitution would likely be a representative of the decedent's estate who is legally appointed, but it also recognized that Fed. R. Civ. P. 25 includes the term "successor," indicating that a person may be appointed even without formal appointment as an executor or administrator. This case supports the City's position that the only individuals who may qualify as a "proper party" for substitution under Fed. R. Civ. P. 25 are (1) a formally appointed legal representative or (2) an individual who meets the definition of a successor, such as a next of kin. Since the Plaintiff has failed to provide any valid evidence, basis, or reasoning for appointing Robert St. Germain as a special representative to Ronald St. Germaine, the request is inappropriate and contrary to the law. Consequently, the motion must be denied.

### C. The City of Springfield is Neither an Insurer nor an Issuer of a Bond Under Plaintiff's Theory of Recovery Against the Individual Defendants' Estates.

The City cannot be considered an insurer or issuer of a bond under the Plaintiff's theory and request for relief against the individual Defendants' estates for the intentional violations of civil rights and claim for punitive damages. It is essential to highlight that the Plaintiff has initiated this action against Ronald St. Germain in both his individual and official capacity and

6

now seeks the appointment of a personal representative based on M.G.L. c. 190B, §3-803(d)(2) of the Massachusetts Uniform Probate Code.

M.G.L. c. 258, § 9A, explicitly states that "[n]o member of the state police or an employee represented by the state … shall be indemnified for any violation of federal or state law if such member or employee acted in a willful, wanton, or malicious manner." The City is therefore prohibited by statute from indemnifying individual officers for intentional violations of civil rights, including any punitive damages awarded. Given that the Plaintiff alleges a vast conspiracy involving several law enforcement agencies and numerous individuals, it is implausible to interpret the allegations, as framed by the plaintiff, as conduct that can be indemnified.

Supreme Court case law highlighting the distinction between personal and official capacity lawsuits further reinforces the inappropriateness of the Plaintiff's proposed substitution. As stated in *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and citing Fed. R. Civ. P. 25(d), "Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate. In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office." This is because "an award of damages against an official in his personal capacity can be executed ***only against the official's personal assets***." *Kentucky*, 473 U.S. at 166 [emphasis supplied]. Therefore, while substitution of an appropriate City employee may be suitable in cases involving deceased defendants solely in their official capacities, the Plaintiff has brought claims against the deceased defendants in this case in their personal capacities, necessitating resolution through their estates.

7

The plaintiff cites various cases, such as *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013), in which he claims a court appointed a "special representative" for deceased defendants in a wrongful conviction case. However, *Rivera* actually contradicts the Plaintiff's argument as it does not mention the appointment of any official employee as a personal representative. The Rivera case revolves around a widow who unsuccessfully challenged the plaintiff's attempt to name her as a special representative to pursue civil rights claims against her deceased husband. *Rivera*, 974 F. Supp. 2d at 1199. A case involving the appointment of a personal representative for a successor in interest to an estate does not support the Plaintiff's contention that the City should be appointed as a personal representative in this case.

Other cases cited by the Plaintiff are irrelevant to his suggestion that the City is a "proper party" for substitution. For example, *Anderson v. Romero*, 42 F. 3d 1121, 1124-25 (7th Cir. 1994), and *Ward v. Edgeton*, 59 F. 3d 652, 653 (7th Cir. 1995), both involve the appointment of a personal representative for a deceased plaintiff during ongoing litigation. In these cases, the court reluctantly appointed the attorneys for the deceased plaintiffs or requested notice to be sent to the next of kin.

Overall, the Plaintiff's motion to substitute cannot be supported based on the Plaintiff's own claims against Ronald St. Germain in his official and individual capacity, particularly regarding punitive damages.

### D. This Court does not have subject matter jurisdiction under M.G.L. c. 190B

The district courts of the United States lack jurisdiction over probate matters as they do not fall within the scope of "cases or controversies" as defined in Article III of the Constitution

8

*Markham v. Allen*, 326 U.S. 490, 493 (1946), citing *In re Broderick's Will*, 88 U.S. (21 Wall.) 503, 517, 22 L.Ed. 599 (1874); *Byers v. McAuley*, 149 U.S. 608, 615 (1893)). Federal courts are not empowered to probate a will or administer an estate because the equity jurisdiction conferred by the Judiciary Act of 1789 and the Judicial Code does not extend to probate matters. *Markham*, 326 U.S. at 494).

M.G.L. c.190B specifically grants subject matter jurisdiction to the Massachusetts Probate Court, and in limited circumstances, to the Massachusetts District Court and/or the Massachusetts Juvenile Court. M.G.L. c. 190B §1-302. The latter two courts primarily exercise subject matter jurisdiction for the appointment of guardians. *Id.* Whenever the term "court" is used in the Massachusetts Uniform Probate Code, it refers to one of these three courts. There are no exceptions in state or federal law that would confer subject matter jurisdiction upon the Federal District Court to decide a straightforward state law issue, such as the appointment of a personal representative for the Estate of St. Germain.

Based on the lack of subject matter jurisdiction, this Court is not empowered to entertain the question of appointing a personal representative for the estate in question. The plaintiff's motion, seeking relief beyond the jurisdictional scope of this Court, must be denied.

### E. Plaintiff's Motion Fails to Meet the Massachusetts Uniform Probate Requirements

Although this Court does not have jurisdiction to make the requested appointment, the Plaintiff's Motion is also insufficient as it fails to provide the necessary information required by the Massachusetts Uniform Probate Code.

#### a. Requisite Information Not Provided

Appointment of a personal representative is initiated by the filing of a petition with the Probate and Family Court. *M.G.L. c. 190B §3-301(a).* The petition, **shall contain the following**:

9

> (i) a statement of the interest of the petitioner in the estate, e.g., a surviving spouse or devisee;
> (ii) the name, date of death, age and address of the decedent at the time of death, and the names and addresses of the spouse, children, heirs and devisees and the ages of any who are minors so far as known or ascertainable with reasonable diligence by the applicant;
> (iii) a statement identifying any heir or surviving spouse who may be an incapacitated person;
> (iv) if the decedent was not domiciled in the Commonwealth at the time of death, a statement showing venue;
> (v) a statement identifying and indicating the address of any personal representative of the decedent appointed in the Commonwealth or elsewhere whose appointment has not been terminated;
> (vi) a statement that a copy of the petition and the death certificate have been sent to the Division of Medical Assistance by certified mail; and
> (vii) a statement that the time limit for informal probate or appointment as provided in the Code has not expired either because three years or less have passed since the decedent's death, or, if more than three years from death have passed, circumstances as described in the Code authorizing tardy probate or appointment have occurred.

*M.G.L. c. 190B, § 3-301(a)(1)(i) to (vii)* [Emphasis supplied].

Apart from the jurisdictional issues, the Plaintiff's Motion lacks any of the specified statements mandated by M.G.L. c. 190B §3-301(a)(1)(i) to (vii). As a result, the Motion should be denied based on this insufficiency.

### b. **Plaintiff Must Proceed Under M.G.L. c. 190B, §3-803(d)(2) To Have Representative Appointed in a Court of Competent Jurisdiction**

As a creditor, the Plaintiff has the right under M.G.L. c. 190B, §3-803(d)(2), to seek appointment of a representative for the Estate of St. Germaine. However, Plaintiff must file a petition with the Massachusetts Probate Court for such appointment. Having sought this relief in the wrong court, there is no party to substitute, and the motion must be denied.

10

## IV.     **Conclusion**

For all of the foregoing reasons, the City of Springfield respectfully requests the Plaintiff's motion for appointment of a Representative for the Estate of St. Germaine be DENIED, with prejudice, as this Court lacks jurisdiction, and, further, the City is not an appropriate entity to be so appointed.  Further, since no party has been appointed, the Plaintiff's Motion to Substitute should be DENIED, without prejudice, pending appointment of an appropriate representative.

Respectfully submitted,<br>
The Defendant, City of Springfield,<br>
By its attorneys,

Dated: June 9, 2023         /s/ Lisa C. deSousa
Lisa C. deSousa, Esq. BBO#546115
Tyler J. Kenefick, Esq. BBO#696304
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:    (413) 886-5205
Tel:    (413) 886-5198
ldesousa@springfielcityhall.com
tkenefick@springfieldcityhall.com

**CERTIFICATE OF SERVICE**

I, the undersigned do hereby certify a true copy of the within opposition was this day served upon all parties of record via the Federal Court's ECF Notice and Delivery System. I am not aware of any party who is a non-registered participant, and therefore electronic filing is the sole means of service of this document.

Signed under the pains and penalties of perjury this 9th day of June 2023.

      /s/ Lisa C. deSousa
      Lisa C. deSousa, Esq.