UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 18-CV-10147

GEORGE PERROT,
Plaintiff

v.

THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, PAUL LANCE, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM, WILLIAM EUBANKS, WAYNE OAKES, and UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION,
Defendants

**ANSWERS OF THE DEFENDANT, RICHARD KANE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**OBJECTION: DEFINITIONS AND INSTRUCTIONS**

The defendant objects to the definitions and instructions to the extent that they may place burdens upon defendant beyond what is required by the Federal Rules of Civil Procedure and the Local Court Rules. Furthermore, they are unduly burdensome, overbroad in scope and time and seek information which is not relevant to the subject action, and which is not reasonably calculated to lead to the discovery of admissible evidence. In addition, in some instances, they seek the mental impressions, conclusions and legal theories of defendant's counsel and may violate the attorney/client privilege.

1. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is unduly burdensome and seeks information which was gathered and prepared in anticipation of litigation. It also seeks the mental impressions, conclusions and legal theories of defendant's counsel.**

**Without waiving this objection, defendant answers as follows:**

**Sergeant Thomas Kelly**

**Sergeant Kelly is deceased. I provided information to him about the location of Emily Lichwala's pocketbook based on the plaintiff's statement to me on December 10, 1985. It is my understanding that he went to Covel Street in Springfield with Officer Cheryl Clapprood and located the pocketbook at the location described by the plaintiff.**

**Captain John Brown**

**Captain Brown is deceased. He ordered me to witness blood being drawn from the plaintiff on December 10, 1985 at the York Street Jail.**

**Terry Aberdale**

**Mr. Aberdale is deceased. He drew the plaintiff's blood at the York Street Jail on December 10, 1985 and may have overheard the plaintiff discussing his girlfriend and his breaking into homes to support his drug habit.**

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, office of professional standards, intra- or inter-departmental, and/or citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, destruction of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you

were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is overbroad in scope and in time and seeks information which is not relevant to the subject claim and which is not reasonably calculated to lead to the discovery of admissible evidence. It is also unduly burdensome.**

**Without waiving this objection, defendant answers as follows:**

**At this time, I remember four complaints that were made against me when I was a policc officcr:**

**(a) I observed a pimp assaulting a hooker when I was operating an unmarked police vehicle. I jumped out of the vehicle and tried to stop the pimp from assaulting the hooker. During the process, I used my handcuffs to restrain the pimp. However, the pimp was not arrested and later filed a complaint against me for handcuffing him. As I had used my equipment to prevent a breach of the peace, the internal investigations unit dismissed the complaint against me.**

**(b) While I was riding in an unmarked police vehicle, an individual was operating a vehicle that ran a red light and was speeding. The vehicle almost hit my vehicle. As a result, I issued him a citation. He later complained that I swore at him. He wanted the ticket to be fixed which was done.**

**(c) I was one of several police officers who responded to Springfield College to break up a disturbance at a fraternity. Someone flashed a camera in the face of the lieutenant who was in charge. Previously, the lieutenant had been shot in the face. He reacted to the flash by putting his hand up which caused the camera to fall and become damaged. As a result, a complaint was filed against all of the officers in court. The magistrate dismissed the complaint.**

**(d) A complaint may have been made against me for having a car towed.**

**I do not recall the dates of the complaints or the identities of the complainants.**

3. Under oath, please identify every Communication that you have had with any Person, including but not limited to Plaintiff, any of the Springfield Defendants, any employee of the City of Springfield, any employee of the Federal Bureau of Investigation, any employee of the Hampden County District Attorney's Office, any employee of the Massachusetts State Police or any other law enforcement or prosecutorial authority about any of the allegations, events, or circumstances described in Plaintiff's Complaint. For each such Communication, please: (a) provide a summary of the Communication; (b) identify when and with whom the Communications occurred; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your Communications responsive to this Interrogatory is contained in the Documents that you reference.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is overbroad in scope and time and seeks information which is not relevant to the subject action and which is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it violates the attorney-client privilege and the spousal disqualification. In addition, defendant objects on the grounds that it is unduly burdensome.**

**Without waiving this objection, defendant answers as follows:**

**I had communications with the plaintiff on December 10, 1985, while I was present at the York Street Jail in order to witness blood being drawn from him. While I was present, the plaintiff began talking about his girlfriend. He stated why would I rape old ladies when I have a girlfriend that looks like her. He stated that he had a drug habit so he was breaking and entering into houses. He denied that he had raped old ladies. Because he had started talking to me, I thought that I should identify myself as a police officer which I did. I then gave the plaintiff his Miranda rights. Afterward, I asked him if he still wanted to talk to me. He said he did. I asked him if he knew anything about Covel Street. He said he broke into the house there. He said he did not rape any old lady. I asked what he had done with the pocketbook that belonged to Emily Lichwala. He described the location he left it at on Covel Street.**

**Captain John Brown ordered me to witness the drawing of plaintiff's blood at the York Street Jail on December 10, 1985.**

**On December 10, 1985, I informed Sergeant Thomas Kelly of the location of Emily Lichwala's pocketbook pursuant to the description I had received from the plaintiff.**

**Most likely I spoke to Officer Marianne Popko regarding the break-in at Emily Lichwala's home as she worked in the same division as I did.**

**I spoke to Emily Lichwala about the fact that her home had been broken into and the fact that she had been raped.**

**I spoke to ADA Francis Bloom during the court hearing on December 7, 1987.**

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is overbroad in scope and time and seeks information which is not relevant to the**

**subject action and which is not reasonably calculated to lead to the discovery of admissible evidence. It also seeks the mental impressions, conclusions and legal theories of defendant's counsel.**

**Without waiving this objection, defendant answers as follows:**

**Upon information and belief:**

**I am aware that the plaintiff was convicted on two occasions for the break-ins and rapes of Emily Lichwala and Mary Prekop.**

5. Is it your position that George Perrot committed the rape of M.P. or any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please describe each alleged illegal act that you contend was committed by George Perrot and provide the complete factual basis for your contention.

**ANSWER:**

**On December 10, 1985, the plaintiff admitted to me that he broke into Emily Lichwala's home on Covel Street. I had no involvement in the Mary Prekop rape investigation.**

6. Did you participate in any identification procedure, interview with Plaintiff or any other witness during the M.P. Rape investigation (or were you aware that any such identification procedure or interview had taken place), or have any role in the M.P. Rape investigation? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of all identification procedures, interviews, or investigation actions. This answer must include all actions that you took; the circumstances of each identification procedure, interview, or investigation action; all Communications that took place before, after, or during each identification procedure or interview; and all other Persons who participated in or were present during each identification procedure, interview, or investigation action.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is overbroad in scope and time and seeks information which is not relevant to the subject claim and which is not reasonably calculated to lead to the discovery of admissible evidence. It is also unduly burdensome.**

**Without waiving this objection, defendant answers as follows:**

**I had no involvement in the Mary Prekop rape investigation. See answer to No. 3 regarding my conversation with plaintiff on December 10, 1985 regarding Emily Lichwala.**

7. To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during the interrogation of Plaintiff in 1985? If the answer to this question is anything other than an

unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:**

**I never used any act of violence, threat of violence, any other threat of any kind, or any promise of leniency regarding the plaintiff, and I have no knowledge that anyone else did.**

8. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it seeks the mental impressions, conclusions and legal theories of defendant's counsel. It is unduly burdensome, given that defendant asserted 86 affirmative defenses in his answer. It also seeks information which was gathered and prepared in anticipation of litigation. In addition, many of the affirmative defenses speak for themselves and do not require further amplification. Furthermore, defendant asserted affirmative defenses so as not to waive them. Discovery is ongoing.**

**Without waiving this objection, defendant answers as follows:**

**I had no involvement in the Mary Prekop investigation. My only involvement with regard to the plaintiff was with regard to the investigation of the break-in and rape of Emily Lichwala. The plaintiff admitted that he broke into Emily Lichwala's home and stole her pocketbook. The plaintiff was convicted of the charges that pertained to Emily Lichwala and, to my knowledge, he never appealed the jury's decision in that case. On December 10, 1985, the plaintiff initiated communications with me while his blood was being drawn at the York Street Jail. He began talking freely to me about his girlfriend and the allegations that he had raped old ladies. I gave him his Miranda rights. Afterward, he said he wanted to keep speaking to me and he freely answered my question about the location of Emily Lichwala's pocketbook.**

9. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater

than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it constitutes an undue invasion of the defendant's privacy. It also seeks information which is not relevant to the subject action and which is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome. Furthermore, this request is extremely premature, at best, given that the defendant has not been found liable to the plaintiff.**

10. Given the sum total of your personal knowledge of the policies, customs, and practices of City of Springfield and the Springfield Police Department, as you understand them (formal or informal, written or unwritten), please state whether you or any of the other Springfield Defendants acted inconsistently with any of those policies, customs, or practices at any time during the M.P. Rape investigation or any other event described in Plaintiff's Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it seeks the mental impressions, conclusions and legal theories of defendant's counsel. It is also overbroad in scope and time and seeks information which is not relevant to the subject action and which is not reasonably calculated to the lead to the discovery of admissible evidence.**

**Without waiving this objection, defendant answers as follows:**

**I was not involved in the MP rape investigation. I have no information with which to answer this interrogatory.**

11. Did you withhold from George Perrot any Exculpatory Evidence of which you were aware prior to the dismissal of charges against him in 2017? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:**

**No.**

12. Please state with specificity each activity, action, or investigative task that you participated in during the M.P. Rape Investigation. For each activity, action, or task, please describe the

Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the M.P. Rape—including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the M.P. Rape is described in the Documents that you reference.

**ANSWER:**

**I had no involvement in the MP rape investigation.**

13. Did you maintain any personal notes, personal emails, or personal files relating to the M.P. Rape Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes, emails, or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the M.P. Rape Investigation is contained in the Documents that you reference.

**ANSWER:**

**I was not involved in the MP rape investigation. In addition, I do not have any notes or documents related to my employment with the police department.**

14. Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the M.P. Rape? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:**

**I have no information with which to answer this interrogatory as I was not involved in the MP rape investigation.**

15. Please identify each Springfield Police Department file that has ever existed relating to the M.P. Rape Investigation and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date of Plaintiff's exoneration (October 18, 2017); (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state

prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:**

**OBJECTION. Defendant objects to this interrogatory on the grounds that it is overbroad in scope and time, and it is also unduly burdensome.**

**Without waiving this objection, defendant answers as follows:**

**I was not involved in the MP rape investigation, and I have no information with which to answer this interrogatory.**

16. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**

**I was not involved in the MP rape investigation and I have not been employed at the Springfield Police Department since 1991. I have no information with which to answer this interrogatory.**

17. Did any Investigator in the M.P. rape investigation (including yourself) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:**

**I was not involved in the MP rape investigation, and I did not speak to any witnesses.**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8 DAY OF MAY 2023.

Richard Kane

As to objections:

Carole Sakowski Lynch, BBO #547718
clynch@morrisonmahoney.com
MORRISON MAHONEY LLP
1500 Main Street, Suite 2400
Post Office Box 15387
Springfield, MA 01115-5387
Phone: 413-737-4373
Fax: 413-739-3125

**CERTIFICATE OF SERVICE**

I, Carole Sakowski Lynch, attorney for Richard Kane, hereby certify that I have this day served the foregoing Answers of the Defendant, Richard Kane, to Plaintiff's First Set of Interrogatories to the following by e-mail:

**Gayle Horn**
Loevy & Loevy
311 N Aberdeen Street, 3rd Floor
Chicago, IL 60607
gayle@loevy.com

**Mark Loevy-Reyes:** mark@loevy.com
**Steven Art:** steve@loevy.com
**Debra Loevy:** debra@loevy.com
**Jonathan Loevy:** jon@loevy.com
**Gianna Gizzi:** gizzi@loevy.com
**Carla Agbiro**: agbiro@loevy.com

**Kevin B. Coyle, Esq.**
935 Main Street
Springfield, MA 01103
attycoyle@aol.com

**Philip C. Ciccarelli, Esq.**
55 North Pleasant Street
Amherst, MA 01002
Phil@ciccarelli.law

**Austin M. Joyce**
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
ajoyce@rja-law.com

**Robert A. Schmidt**
City of Springfield
Law Department
1600 E. Columbus Avenue, 2nd Floor
Springfield, MA 01103
rschmidt@springfieldcityyhall.com

**Lisa C. deSousa**
Law Department, City of Springfield
1600 East Columbus Ave.
Springfield, MA 01103
ldesousa@springfieldcityhall.com

**Edward M. Pikula**
Attorney Edward M. Pikula
1350 Main Street
Suite 312
Springfield, MA 01103
attyemp@aol.com

**Tyler J. Kenefick**
Law Department, City of Springfield
1600 East Columbus Ave.
Springfield, MA 01103
Tkenefick@springfieldcityhall.com

**Bart Q. Hollander, Esq.**
Attorney General's Office
Western Mass Division
1441 Main Street, Suite 1200
Springfield, MA 01103
Bart.hollander@state.ma.us

**Jared B. Cohen**
Assistant Attorney General
MA Attorney General's Office
One Ashburton Place, 19th Floor
Boston, MA 02108
Jared.b.cohen@mass.gov

**Glenn S. Greene**
U.S. Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
glenn.greene@usdoj.gov

**Annapurna Balakrishna**
U.S. Attorney's Office
Civil Division
One Courthouse Way
Suite 9200
Boston, MA 02110
annapurna.balakrishna@usdoj.gov

Date: 5/8/2023

Carole Sakowski Lynch



80697325