**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

---

**PLAINTIFF GEOGE PERROT'S ANSWERS TO DEFENDANT RICHARD KANE'S FIRST SET OF INTERROGATORIES**

Plaintiff, George Perrot, by and through his attorneys and pursuant to Federal Rule of Civil Procedure 33, hereby propound the following objections and answers to Defendant Richard Kane's Interrogatories directed to Plaintiff. Plaintiff incorporates by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to any instruction to the extent that it purports to require Plaintiff to disclose information related to the efforts of its attorneys, experts, advisors, and/or professionals that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other immunity or protection from discovery. Plaintiff will not produce, identify, or describe communications with her counsel concerning the above-captioned litigation ("Action").

**INTERROGATORIES**

1. Please identify yourself, including your full name, social security number, date of birth, place of birth, residential address, occupation, the names and address of your

employer(s) or, if you are self-employed, state the name, address and nature of your business, and the names and addresses of any schools you attended since January 1, 2016.

**ANSWER: Plaintiff objects that this interrogatory seeks information that is irrelevant and not proportional to the needs of the case, such as his social security number, names of schools he attended, and place of birth years prior to Defendants' framing of him for crimes that he did not commit. Plaintiff objects on privacy and relevance grounds to disclosure of his place of birth, schools he attended, and his residential address, but will provide such information if and when all Individual Defendants agree to do the same for the same time period. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1).**

**Subject to and without waiving the foregoing objections, George David Perrot, DOB: January 21, 1968. Plaintiff is currently unemployed.**

**SUPPLEMENTAL ANSWER: Plaintiff's only employment since January 2016 was through Sherrie Frisone, who employed him to do landscaping, carpentry, cleaning services, maintenance and repairs on properties she owned. Plaintiff worked at various locations in Haverhill, MA and surrounding towns. Plaintiff has not attended any schools since January 1, 2016.**

2. Please describe in detail all bodily injuries, emotional distress and/or physical and emotional injuries you claim to have suffered as a result of the alleged occurrences described in your Amended Complaint, stating the date of onset of each ailment, and, if you are presently suffering as a result of these injuries, and/or have a permanent injury, please describe in what way and to what extent.

**ANSWER: Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and calls for narrative which would be better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to the extent the interrogatory calls for a legal conclusion or expert opinion that he is not qualified, nor obligated, to provide. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.**

**Subject to and without waiving the foregoing objections, Plaintiff was ripped from his home at age 17 and spent approximately 30 years being shuffled between maximum and medium security prisons as a result of his wrongful conviction caused by the Defendants' actions. Throughout his wrongful incarceration, Plaintiff experienced severe isolation, separation from his family and friends, and physical and mental abuse from other inmates and guards. Plaintiff was labeled a sex offender, which subjected him to even higher degrees of violence, harassment, and isolation. Plaintiff cannot recall each instance he was physically assaulted by other inmates or guards from 1987-2016, but**

**there were several incidents where Plaintiff was physically attacked while in prison. Moreover, Plaintiff suffered from severe emotional distress throughout the entire time he was wrongfully incarcerated, developing post-traumatic stress symptoms, anxiety, depression, and paranoia. Upon being released in 2016, Plaintiff faced numerous challenges adjusting to life outside of prison. For example, Plaintiff spent the first month sleeping in a bathroom on the floor instead of a bed. It is impossible to detail every single injury, physical and emotional, that Plaintiff sustained as a result of his wrongful incarceration. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

3. Please itemize all expenses and pecuniary losses of any kind which you are alleging resulted from the subject occurrences, including lost wages, lost income, diminished earning capacity, medical expenses, attorneys' fees and any other compensable loss and, for each state:
   a. a description of the expenses and/or pecuniary loss;
   b. the date incurred;
   c. how the events alleged in the occurrences necessitated the expenses or caused the loss;
   d. the amount of each such expense and each such loss paid and by whom; and
   e. identify all estimated future expenses or losses.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or expert opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving said objections, Plaintiff is seeking damages for his loss of liberty and autonomy, loss of earnings, emotional and mental distress, physical injuries sustained while incarcerated and resulting medical treatment, and loss of enjoyment of life. However, this is not an exhaustive list of damages. As to (b), Plaintiff has incurred these losses continuously since December 7, 1985 to present. As to (c), Defendants' collective conduct, actions, and inaction caused Plaintiff to be wrongfully convicted, for which he spent several years in prison for crimes he did not**

**commit. For (d), Plaintiff will rely on a judge or jury to calculate the amount for each category of damages. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

4. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was one of the Defendants involved in your arrest, the investigation into the rape of M.P. and/or the subsequent alleged coercion of a "false and fabricated" confession on or about December 8, 1985, as alleged in your Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Defendant Kane was involved in the investigations by collecting evidence from Plaintiff, fabricating the information that he claimed Plaintiff provided to him on December 10, 1985, and failing to conduct proper follow up investigation of alternative suspects. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

5. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was one of the defendants who "viciously beat" and "threatened to kill" you after your arrest on or about December 8, 1985, as alleged in Paragraph 41 of your Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before**

**all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Plaintiff does not know the names of the officers who beat him up and threatened him on his way to the police station on December 7, 1985. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

6. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that "Defendant Kane fabricated a false statement, allegedly from [you], concerning the location of incriminating evidence[,]" as alleged in Paragraph 102 of your Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving foregoing objections, Plaintiff expressly incorporates his answer to Interrogatory No. 4 herein.**

7. To the extent that you claim any statements made by you to Defendant RICHARD KANE implicated you in the November 30, 1985 rape of M.P., as opposed to the investigation into the burglary of Ms. Lichwala's residence, please describe in detail each such statement, including the content of the statements, the substance of the statements, the location at which the statements were made, any witnesses to the statements and whether or not the statements were in response to a question.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all**

**Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Defendant Kane falsely claimed that Plaintiff told him the location of Ms. Lichwala's pocketbook, which dishonestly implicated him in the November 30, 1985 break-in of Ms. Lichwala's home. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

8. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that the alleged "false statement" solicited from you by Defendant RICHARD KANE resulted in your conviction for the rape of M.P., as alleged in Paragraph 108 of your Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative answer better suited for a deposition. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Plaintiff's basis is the December 10, 1985 encounter he had with Defendant Kane. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

9. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that the statements you did give to Defendant RICHARD KANE on December 10, 1985 "were not incriminating[,]" as alleged in Paragraph 102 of your Amended Complaint and describe the statements you made.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad,**

**and it calls for a narrative answer better suited for a deposition. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to CITY 002808-CITY 002862. Additionally, Plaintiff's basis is his own personal knowledge that he did not make the statements that Kane claimed he did on December 10, 1985. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

10. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was engaged in malicious prosecution as alleged in Paragraph 137 of your Amended Complaint and include in your answer the identity of all witnesses to the conduct and identify any documents relating to the conduct.

**ANSWER: Plaintiff objects to this interrogatory as it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory as the term "malicious prosecution" is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

11. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was engaged in civil conspiracy as alleged in Paragraph 137 of your Amended Complaint and include in your answer the identity of all witnesses to

the conduct and identify any documents relating to the conduct.

**ANSWER: Plaintiff objects to this interrogatory as it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory as the term "malicious prosecution" is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

12. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was engaged in negligent infliction of emotional distress as alleged in Paragraph 137 of your Amended Complaint and include in your answer the identity of all witnesses to the conduct and identify any documents relating to the conduct.

**ANSWER: Plaintiff objects to this interrogatory as it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory as the term "malicious prosecution" is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

13. Pursuant to Local Rule 26.5(c)(8), please state the basis of your claim that Defendant RICHARD KANE was engaged in intentional infliction of emotional distress as alleged in Paragraph 137 of your Amended Complaint and include in your answer the

identity of all witnesses to the conduct and identify any documents relating to the conduct.

**ANSWER: Plaintiff objects to this interrogatory as it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory as the term "malicious prosecution" is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

14. Please give the names and residential and business address of all persons who:
    a. are witnesses and/or have knowledge or information with respect to the allegation that Defendant RICHARD KANE violated your constitutional rights as alleged in Paragraph 137 of your Amended Complaint including a description of what each person is believed to know.
    b. are witnesses and/or have knowledge or information with respect to the allegation that Defendant RICHARD KANE "fabricated evidence and withheld exculpatory evidence in an effort to frame [you] for a crime [you] did not commit," as alleged in Paragraph 26 of your Amended Complaint including a description of what each person is believed to know.

**ANSWER: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory as unduly burdensome and duplicative and cumulative of Plaintiff's Rule 26 initial disclosures.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to Plaintiff's Supplemental Rule 26 disclosures. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

15. If you disagree with the statement that "Defendant RICHARD KANE's involvement with Plaintiff GEORGE PERROT was limited to a discussion on December 10, 1985 about the burglary at Ms. Lichwala's residence and items taken therefrom," please state all facts upon which you base that disagreement providing a full description of RICHARD KANE's conduct including dates and witnesses.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative answer better suited for a deposition. Plaintiff further objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants and witnesses have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to his Response to Interrogatory No. 4. Plaintiff also directs Defendant to CoS RPOD 006250, CoS RPOD 012448, CoS RPOD 012923, CoS RPOD 013011-013019. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

16. If you contend that any actions by Defendant RICHARD KANE contributed, in whole or in part, to your conviction for the rape of M.P., please state all facts upon which you base that contention.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative answer better suited for a deposition. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates his objections and answers to Interrogatory Nos. 4-15 into this answer. Plaintiff reserves**

**the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

17. Please identify by name and address each person whom you expect to call as an expert witness at trial, stating for each:
    a. The subject matter on which each expert is expected to testify;
    b. The substance of the facts and opinions to which each expert is expected to testify; and
    c. A summary of the grounds for each such opinion described above.

**ANSWER: Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory as premature. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff will provide this information to Defendants in accordance with the Local Rules, Federal Rules of Civil Procedure, and the Court's scheduling order.**

18. Please identify all persons by name and address who you contend support your position that you were innocent of the criminal charges upon which you were convicted and include in your answer a factual summary of the information you believe each person possesses and identify any relevant documents.

ANSWER: **Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and cumulative. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory as unduly burdensome and duplicative and cumulative of Plaintiff's Rule 26 initial disclosures. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Furthermore, Plaintiff is not required to provide a summary of the testimony of such witnesses. *Fisher v.***

***Balt. Life Ins. Co.*, 235 F.R.D. 617 (N.D.W. Va. 2006). Interrogatories reach far beyond scope of examination under Rule 33 where they call for the names and addresses of persons who party intends to introduce as witnesses and statement of facts which will be attempted to be proved by each witness. *Wycoff v. Nichols*, 32 F.R.D. 370 (W.D. Mo. 1963); *see also*, *Lunn v. United Aircraft Corp.*, 25 F.R.D. 186 (D. Del. 1960).**

**SUPPLEMENTAL ANSWER: Subject to and without waiving said objections, see below:**

- **Lisa Kavanaugh –** Plaintiff George Perrot's post-conviction attorney
- **Christopher Walsh –** Plaintiff George Perrot's post-conviction attorney
- **Elizabeth Ziolkowski –** Hair analyst
- **Karen Kafadar –** Statistician; Ms. Kafadar has knowledge about the false testimony relating to the hair evidence.
- **David Koropp—** Innocence Project attorney; Mr. Koropp has knowledge regarding the FBI's hair audit.
- **Marc Lebeau –** Mr. Lebeau has knowledge of the FBI's hair audit.
- **Olive Edwards –** Plaintiff's long-time, next-door neighbor on Malibu Drive.
- **Nancy Westcott –** Plaintiff's sister who he was living with at the time of the events in question. She also testified in both criminal trials.
- **Beverly Daly** – Plaintiff's mother.
- **Lisa Eldridge –** Plaintiff's then-girlfriend; Ms. Eldridge has knowledge about the investigation into George Perrot, the fabricated evidence relating to the gloves, Ms. Eldridge's observations of Plaintiff George Perrot in and around December 7, 1985, and personal knowledge of their activities on November 30, 1985.
- **Jeffrey Adkins –** Plaintiff George Perrot's former friend; Mr. Adkins has knowledge of the events leading up to Plaintiff's arrest and criminal prosecution.
- **Robert Timmerman** – Plaintiff George Perrot's former friend; Mr. Timmerman has knowledge of the events leading up to Plaintiff's arrest and criminal prosecution.
- **Nat Cosenza** – Plaintiff George Perrot's friend.
- **Mary Prekop, Emily Lichwala, Mae Marchand (All deceased) –** Victims of the crimes at issue in this action

19. Please describe all communications, whether verbal or written, that you ever had with Richard Kane and include in your answer the date and time of the communications, the location, a detailed summary of the communications stating what each of you said, the name and address of any witnesses to the communications and identify any written summaries of the verbal communications.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative answer better suited for a deposition. The interrogatory seeks every conversation Plaintiff had with Defendant Richard Kane without tether to the claims and defenses raised in this action or temporal scope. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to**

**Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

**Subject to and without waiving the foregoing objections, Plaintiff is unsure if Richard Kane was one of the many officers who interrogated him after he was illegally arrested. Plaintiff is sure, however, that he did not make any statements to Defendant Kane regarding any break-ins. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

20. Please describe the alleged harsh and dangerous conditions and violence you were subjected to in prisons as alleged in Paragraph 130 of the amended complaint and include in your answer the relevant dates, the names and locations of the prisons, a description of the injuries you sustained and the medical treatment you received, the identity of the person(s) who injured you, the identity of any witnesses and identify any documents that confirm the alleged conditions.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative answer better suited for a deposition. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021 (D. Mass. Feb. 7, 2012).**

**Subject to and without waiving the foregoing objections, Plaintiff cannot possibly describe all the harsh and dangerous conditions he was subjected to in prisons during his wrongful incarceration, nor does Plaintiff recall the specific dates of each such instance. However, by way of example, when Plaintiff was in MCI-Walpole, he was confined to small space 23 hours a day with another inmate, which was infested with cockroaches and rats. Throughout his wrongful incarceration, he experienced severe isolation, separation from his family and friends, and physical and mental abuse from other inmates and guards. Plaintiff was labeled a sex offender, which subjected him to even higher degrees of violence, harassment, and isolation. There were several incidents where Plaintiff was physically attacked, including being stabbed, by fellow inmates and/or guards while in prison. As a result, Plaintiff lived in constant fear of being assaulted or killed. Additionally, Plaintiff witnessed violence amongst inmates and guards on a regular basis. He was deprived of his dignity, autonomy, and any sense of novelty. Plaintiff had little to no access to resources for self-improvement, including educational materials and forms of entertainment. Moreover, Plaintiff suffered from severe emotional distress throughout the entire time he was wrongfully incarcerated, developing post-traumatic stress symptoms, anxiety, depression, and paranoia. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

21. Please identify each arrest and conviction you have had and include in your answer the dates, the court docket numbers, the charges and the sentences you received.

**ANSWER: Plaintiff objects to this interrogatory as irrelevant as it has no bearing to any claims or defenses raised in this action, nor will it lead to discoverable information. Additionally, Plaintiff objects as this interrogatory is overly broad, unduly burdensome, and cumulative.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to CoS RPOD 012348- CoS RPOD 012367.**

22. Please identify your parents and siblings, state their current addresses, the date you last saw them and state how often you communicated with them after you were convicted in 1987, stating the manner of your communications.

**ANSWER: Plaintiff objects to this interrogatory as irrelevant as it has no bearing to any claims or defenses raised in this action. Plaintiff objects on privacy and relevance grounds to disclosure of the identity of his family members that are not witnesses to this action, the address of any family members, and his communications with them, but will provide such information if and when all Individual Defendants agree to do the same for the same time period. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1).**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to Plaintiff's First Supplemental 26(a)(1) Initial Disclosures for information regarding his sister, Nancy Wescott, and his mother, Beverley Garrant. Plaintiff's father, David Perrot, is deceased.**

23. If you filed any lawsuits, claims or complaints against anyone besides the defendants after you were convicted in 1987, please state the date, the subject matter, the identity of the person or entity you sued or complained about, the court and court docket number, the name of the insurance company and claim number and state the outcome including the amount of any settlements received.

**ANSWER: Plaintiff objects to this interrogatory as irrelevant as it has no bearing to any claims or defenses raised in this Action. Plaintiff further objects to this Interrogatory as it seeks information without temporal scope and is unduly burdensome.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to the following cases:**

| **Case Name** | **Court** | **Date Filed** | **Case No.** | **Defendant(s)** |
|---|---|---|---|---|
| *Perrot v. Massengale* | Middlesex Superior County | 8/6/2012 | 1281CV03104 | Dr. Justin Massengale |
| *Perrot v. Nolan* | US District Court of Mass | 7/19/04 | 1:04-cv-11666 | David Nolan |

| | | | | |
|---|---|---|---|---|
| *Perrot v. Maloney et al.* | US District Court of Mass. | 2/5/1993 | 1:93-cv-10252 | Michael Maloney, Edward Arroyo, Kevin Deskchamp |
| *Bruyette et al v. Maloney et al* | US District Court of Mass. | 9/17/90 | 1:90-cv-12241 | Peter Maloney, Steven Ayala, Richard Holden, Samuel Nigfall, Brian Marcolais, Wayne Belisle, Will Comean, Russell Haillet, Joseph Almeida, Fred Calender, Jeff Vigneaux |
| *Perrot v. Maloney et al* | US District Court of Mass. | 3/29/90 | 1:90-cv-10810 | Michael Maloney, John Doe |

**Plaintiff does not know who the insurers of these defendants were in the above-mentioned cases. The remaining information sought in this Interrogatory can be found in the dockets of the above-referenced cases.**

24. Please identify all employment you have held since 1985, including the name and address of your employer, the dates of employment, the job you held, your hourly or weekly salary and the reason you left each job.

**ANSWER: Plaintiff objects to this interrogatory as irrelevant as it has no bearing to any claims or defenses raised in this Action. Plaintiff further objects to this interrogatory as unduly burdensome to the extent it is duplicative of Interrogatory No. 1. Plaintiff further objects as the term "employment" and "job" are undefined. Plaintiff will interpret those terms to mean services Plaintiff provided in exchange for monetary compensation.**

**Subject to and without waiving the foregoing objections, Plaintiff states that he was unable to obtain meaningful employment after he was branded a convicted felon as a result of Defendant's conduct. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL ANSWER: In the summer of 1985, Plaintiff worked for a swimming pool company, Bartels Pools Inc., located at PO BOX 80034, Springfield, MA, (413) 782-3256, where he helped with installation and maintenance of the pools. Plaintiff does not recall how much he made in wages or the specific dates he worked. Plaintiff's employment ended when the season ended, and then he was incarcerated for every summer after 1985 through 2016. Plaintiff's only employment since January 2016 was through Sherrie Frisone, who employed him to do landscaping, carpentry, cleaning services, maintenance and repairs on multiple properties she owns. Ms. Frisone did not pay Plaintiff a set wage or salary; rather she paid for Plaintiff's living expenses. Plaintiff has worked on and off for Ms. Frisone when he has not been incarcerated, but has not "left" this job.**

25. After you were released from prison in 2016, please state all dates that you were again arrested, imprisoned, the charges made against you, what you did that caused you to be arrested and state the sentence you received and the name and address of

the prison you were at.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, irrelevant, and duplicative of Interrogatory No. 21.**

**Subject to and without waiving the foregoing objection, Plaintiff expressly incorporates his objections and answer to Interrogatory No. 21 hereinto. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

Respectfully submitted,

*/s/ Gianna Gizzi*
*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607
p. (312) 357-5414
e. gizzi@loevy.com

## CERTIFICATE OF SERVICE

I, Gianna Gizzi, an attorney, hereby certify that on August 17, 2023, I served the foregoing PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT KANE'S INTERROGATORIES by electronic mail on counsel of record for all Defendants.



*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607
gizzi@loevy.com