**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS TO CITY'S INTERROGATORIES**

Plaintiff, George Perrot, by and through his attorneys and pursuant to Fed. R. Civ. P. 33, hereby propound the following answers to Defendant City of Springfield's Interrogatories of documents directed to Plaintiff. Plaintiff incorporates by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to any instruction to the extent that it purports to require Plaintiff to disclose information related to the efforts of its attorneys, experts, advisors, and/or professionals that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other immunity or protection from discovery. Plaintiff will not produce, identify, or describe communications with her counsel concerning this Action.

1. State all facts upon which you are relying to establish that Defendants should be held liable for punitive damages, including a specific description of all actions or inaction by each Defendant (or at each Defendant's direction) that you contend justifies the imposition of punitive damages.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege and the work-product doctrine. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information that is not within the Plaintiff's possession, custody, and control. Plaintiff further objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing exceptions, Plaintiff further states that Individual Defendants knew Plaintiff and that they identified him as a suspect in other cases, including the prior assaults of Emily Lichawala and Mary Prekop, and the assault of Mae Marchand. Defendants tried to prosecute him for the other crimes but were unsuccessful. Defendants also fabricated evidence to secure Plaintiff's conviction. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

2. If you have received any payment of compensation from any person or entity for injuries or damage you claim resulted from the occurrence, please identify each person or entity from whom payment or compensation was received, the amounts of each payment or compensation and the dates on which the payments or compensation were received.

**RESPONSE: Plaintiff objects to this interrogatory as overly broad, as the terms "compensation, " "injury," and "damage" are undefined. Plaintiff will interpret the term "compensation" to mean a monetary award. Plaintiff will interpret "injury" and "damage" to mean any harm obtained by Plaintiff as a result of his wrongful conviction. Plaintiff further objects to this interrogatory to the extent it seeks information that is irrelevant to any claims or defenses in this lawsuit.**

**Subject to and without waiving the foregoing objections, Plaintiff has not received any monetary compensation for the harm he incurred from his wrongful conviction.**

3. Identify each element of damages that you are seeking in this lawsuit, including your calculation for each, the basis of each element of damages identified, and against whom the damages are being sought.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further**

**objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory to the extent it calls for medical diagnoses and opinions that he is not qualified to offer. Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case. Plaintiff further objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff responds that he has prepared an extensive complaint that describes in detail the basis for his damages, and references and incorporates the operative complaint herein. Plaintiff further states that he was 17 years old when he was wrongfully convicted of serious crimes against two elderly women in his community. Plaintiff spent approximately 30 years being shuffled between maximum and medium security prisons as a result of his wrongful conviction caused by the Defendants' actions. Throughout his wrongful incarceration, Plaintiff experienced severe isolation, separation from his family and friends, and physical and mental abuse from other inmates and guards. Plaintiff was labeled a sex offender, which subjected him to even higher degrees of violence, harassment, and isolation. Plaintiff further states that the damages he suffered from the loss of a normal adult life extend well beyond what any monetary value can compensate, but that he will ask a jury to place a value on the harm caused by Defendants to Plaintiff and to compensate him accordingly.**

**Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

4. State with specificity the extreme physical and psychological pain and suffering, humiliation, constant fear, nightmares, anxiety, depression, despair, rage, and other physical and psychological effects that you claim in Paragraph 132 of your Amended Complaint.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it calls for medical diagnoses and opinions that he is not qualified to offer.**

**Subject to and without waiving the foregoing objections, Plaintiff briefly states that as a result of his wrongful conviction, Plaintiff spent his formative years imprisoned for a crime he did not commit. Plaintiff was 17 years old when he was wrongfully arrested and spent 30 years behind bars. While incarcerated, he was physically assaulted by other inmates and prison staff. Since his wrongful conviction, Plaintiff lives in constant fear, has nightmares, and experiences various symptoms of anxiety and depression. Plaintiff also lives in a**

**constant state of despair and rage. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

5. In regards to your answer to the above Interrogatory, Identify every Health Care Provider and Medical Facility (specifically including treatment received at or through correctional facilities) from which you sought or obtained assistance for any mental illness or physical illness between 1986 and the present, including the type of assistance, consultation, examination or treatment provided.

**RESPONSE: Plaintiff objects to this interrogatory as overly broad, unreasonable, unduly burdensome, harassing, and of an inappropriate temporal scope. Plaintiff objects that this interrogatory to the extent it seeks private and confidential information concerning his medical history that are irrelevant to the claims and defenses in this action. Plaintiff objects on privacy and relevance grounds to broad disclosure of his medical information as requested. Moreover, Plaintiff objects that this interrogatory to the extent it seeks information that is not proportional to the needs of the case. Plaintiff also objects to this interrogatory as vague and ambiguous, as the term "assistance" is undefined.**

**Subject to and without waiving the foregoing objections, Plaintiff is in the process of obtaining Plaintiff's medical records. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the forgoing objections, Plaintiff states that since his wrongful conviction, he has received medical care from the following individuals/medical institutions:**

- **Massachusetts Department of Corrections – MCI- Cedar Junction, MCI-Concord, MCI-Norfolk**
  - **Received medical care through the Massachusetts Department of Corrections.**
- **Justin Massengale, Boston Medical Center**
  - **Referred by MDOC for back surgery.**
- **Provider Unknown, Shattuck Hospital**
  - **Wisdom Teeth Extraction.**
- **Dr. Andrew Clark, Boston Medical Center**
  - **Received psychiatrist care in compliance with court order.**
- **Sarah Coughlin, Social Worker**
  - **Received counseling services.**
- **Dr. Marc R. Federman, Location Unknown**
  - **Primary Care Physician**
- **Provider Unknown, Greater Lawrence Family Health Center**
  - **Previous primary care provider**
- **Dr. Bedabrata Sarkar, Beth Israel Lahey Health Clinic**
  - **Received medical care after a motor vehicle accident.**

**Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

6. Please describe any ongoing or future damages you expect to suffer as a result of the wrongful conviction, including any expected costs for medical treatment, therapy, or other support services.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent is requires Plaintiff to speculate what future damages he will incur as a result of his wrongful conviction and the costs of any future treatment. Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his response to Interrogatory No. 4 above.**

7. For each of the following named Defendants please identify, with specificity, what conduct you attribute to them which you claim led to your arrest, prosecution, and conviction:
   a. Thomas Kelly;
   b. Thomas Jarvis;
   c. Richard Kane;
   d. Charles Arpin;
   e. Thomas Kennedy;
   f. Marianne Popko;
   g. Paul Glantz;
   h. Ronald St. Germain;
   i. Andrew Canevari; and,
   j. Cheryl Clapprood.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff also objects to this interrogatory because it is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33. Plaintiff further objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

8. In Paragraph 7 of your Amended Complaint, you contend that defendants "suppressed and destroyed evidence that would have shown that [you were] innocent." Provide a complete description of what evidence you claim was "suppressed or destroyed," by whom, and how it would have shown that you were innocent.

**RESPONSE: Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

9. With regard to the allegations in Paragraph 137 of your Amended Complaint, you contend that the defendants "with[held] evidence from the prosecution… destroy[ed] evidence …[and]… conspire[ed] to frame [you]," for each of the following named Defendants please state with particularity the exculpatory evidence the defendant withheld, destroyed and/or suppressed from prosecutors or defense counsel during the investigation of, or during any of the underlying criminal proceedings relating to the crimes you were charged with:
    a. Thomas Kelly;
    b. Thomas Jarvis;
    c. Richard Kane;
    d. Charles Arpin;
    e. Thomas Kennedy;
    f. Marianne Popko;
    g. Paul Glantz;
    h. Ronald St. Germain;
    i. Andrew Canevari;
    j. Cheryl Clapprood

**RESPONSE: Plaintiff objects to this interrogatory because it is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33. Plaintiff further objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

10. For each and every piece of exculpatory evidence you claim was withheld, destroyed and/or suppressed by the named defendants in the above Interrogatory, please state to your knowledge when the named defendant came into possession or first learned of that evidence.

**RESPONSE: Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

11. For each and every piece of exculpatory evidence listed/referenced in the above two interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney/and or your attorney's investigator did with that evidence after you learned about it?

**RESPONSE: Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory because it is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

12. With regard to the allegation in Paragraph 137 of your Amended Complaint, you contend that the defendants fabricated evidence relating to your prosecution, for each of the following named defendants please state with particularity what evidence you claim the defendant fabricated during the investigation of, or during any of the underlying criminal proceedings relating your criminal prosecution:

    a. Thomas Kelly;
    b. Thomas Jarvis;
    c. Richard Kane;
    d. Charles Arpin;
    e. Thomas Kennedy;
    f. Marianne Popko;
    g. Paul Glantz;
    h. Ronald St. Germain;
    i. Andrew Canevari;
    j. Cheryl Clapprood

**RESPONSE: Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff also objects to this interrogatory because it is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

13. For each and every piece of fabricated evidence listed in the above interrogatory for each named defendant state to your knowledge when the fabrication occurred and the circumstances of how the fabrication occurred.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

14. For each and every piece of fabricated evidence listed/referenced in the above two interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney and/or your attorney's investigator did with that evidence after you learned about it.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and for calling for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

15. State with specificity the factual basis for your contention in Paragraphs 110 through 111 of your Amended Complaint that "the City of Springfield had unlawful policies that allowed its officers to withhold exculpatory and/or material impeachment evidence; conduct hours- and even days-long interrogations of juveniles, during which the juveniles were subject to illegal and improper psychological and physical coercion; and plant and fabricate physical and other evidence" which is a custom, policy, or practice of the City of Springfield and identify any documents or statements supporting your contention of a custom, policy, or practice of such misconduct.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to**

**provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, see Deposition Transcripts of Cheryl Clapprood (pp. 80-82), Thomas Kennedy (pp. 56-57), and Marianne Moriarty (formerly Popko) (pp. 16-17, 20, 97-98). Additionally, Plaintiff directs Defendant City to its own document production, see CoS RPOD 006842-007918 and 011603-012347. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff further states that the City of Springfield either had inadequate or lacked policies concerning the following subjects: how to conduct interrogations, how to handle exculpatory and/or impeachment evidence, how to memorialize interrogations and statements, and how to handle physical evidence. The City of Springfield also failed to adequately train and supervise its police officers and agents. These failures, as evidenced in the City's Production, CoS RPOD 006842-7919 and 11603-12347, led to the misconduct attributed to the Individual Defendants. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

16. State with specificity the factual basis for your contention in Paragraph 112 of your Amended Complaint that, "the City of Springfield had unlawful policies that allowed and encouraged its officers to avoid audio or video recording interviews or interrogations of witnesses or suspects unless the information learned was helpful to the prosecution" which was a custom, policy, or practice of the City of Springfield and identify any documents or statements supporting your contention of a custom, policy, or practice of such misconduct.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's**

**claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, see Deposition Transcripts of Cheryl Clapprood (pp. 80-82), Thomas Kennedy (pp. 56-57), and Marianne Moriarty (formerly Popko) (pp. 16-17, 20, 97-98). Additionally, Plaintiff directs Defendant City to its own document production, see CoS RPOD 006842-007918 and 011603-012347. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff incorporates his Supplemental Response to Interrogatory No. 15. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

17. State with specificity the factual basis for your contention in Paragraph 117 of your Amended Complaint that "the City of Springfield had ***notice*** of widespread practice and custom" of wrongdoing or misconduct by "agents" of the Springfield Police Department and City of Springfield and identify any documents or statements supporting your contention of a such notice of a custom, policy, or practice of such wrongdoing or misconduct.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, see Deposition Transcripts of Cheryl Clapprood (pp. 80-82), Thomas Kennedy (pp. 56-57), and Marianne Moriarty (formerly Popko) (pp. 16-17, 20, 97-98). Additionally, Plaintiff directs Defendant City to its own document production, see CoS RPOD 006842-007918, 007919-011602, and 011603-012347.**

**Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff further states the City was aware of the previous misconduct of the Individual Defendants as evidence in their respective IIU files, Cos RPOD 11588-11602. The IIU files show that the City was aware of misconduct and failed to discipline any of the Individual Defendant Officers. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

18. State with specificity the factual basis for your contention in Paragraph 118 of your Amended Complaint that there was a "widespread" practice and custom among officers, employees, and agents of the City of Springfield where criminal suspects were coerced to involuntarily implicate themselves through one or more of the following, (in your response identify any documents or statements supporting your contention of this custom, policy, or practice):
    a. individuals were subjected to unreasonably long and uninterrupted interrogations, often lasting for many hours and even days;
    b. individuals were subjected to actual and threatened physical or psychological violence;
    c. individuals were interrogated at length without proper protection of their constitutional right to remain silent;
    d. individuals were forced to sign or assent to oral and written statements fabricated by the police;
    e. officers and employees were permitted to lead or participate in interrogations without proper training and without knowledge of the safeguards necessary to ensure that individuals were not subjected to abusive conditions and did not confess involuntarily and/or falsely; and
    f. supervisors with knowledge of permissible and impermissible interrogation techniques did not properly supervise or discipline police officers and employees such that the coercive interrogations continued unchecked.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's**

**claims in response to Plaintiff's previously served requests for production of documents, and before all Defendants have been deposed. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

**Subject to and without waiving said objections, Plaintiff's expressly incorporates his answer to Interrogatory No. 17 herein. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff further directs the City to his response to Interrogatory No. 15. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

19. State with specificity the factual basis for your contention in Paragraph 119 of your Amended Complaint that "the City of Springfield had ***notice*** of widespread practices" that officers and agents of the Springfield Police Department and City of Springfield, which included the following (in your response identify any documents or statements supporting your contention of that notice):
    a. officers did not record investigative information in police reports, did not maintain proper investigative files, and/or did not disclose investigative materials to prosecutors and criminal defendants;
    b. officers falsified statements, evidence and testimony of witnesses;
    c. officers fabricated false evidence implicating criminal defendants in criminal conduct;
    d. officers failed to maintain and/or preserve evidence and/or destroyed evidence; and/or
    e. pursued wrongful convictions through profoundly flawed investigations.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff's expressly incorporates his answer to Interrogatory No. 17 herein. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff further directs the City to Defendant Jarvis' Deposition, where he states that he destroyed investigative materials. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

20. State with specificity, and identify documents or statements, related to the factual basis for your contention in Paragraph 120 of your Amended Complaint that "widespread practices" were allowed to "flourish" due to the "leaders, supervisors, and policymakers" of the City of Springfield "***directly encouraging***" such practices by "failing to adequately train, supervise."

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff's expressly incorporates his answer to Interrogatory No. 17 herein. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his Response to Interrogatory 15. Plaintiff further refers the City to Defendant Charles Arpin's Deposition, where he testified that he did not supervise officers under his command, even though he was a Lieutenant/supervisor during the applicable time period. Discovery is**

**ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

21. In regard to Paragraphs 113, 114, 115, 116 118, 120, and 139 your Amended Complaint which specifically relate to the failure to adequately train and supervise police officers, state with specificity:
    a. the factual basis for your contention that the failure to train and supervise police officers in regards to and to prevent unconstitutional and criminal misconduct is a custom, policy, or practice of the City;
    b. identify each and every policy, custom, or practice that the City uses to train its police officers, either initially or during their continued service, that you contend is inadequate in this regard. In your answer, include every aspect of the training that you contend is deficient including (if you believe that they are deficient), the curriculum (subject matter), the amount of time directed to each subject, the content, and state whether you contend that the City allocated too little time for training on any topic, subject matter, or issue that relates to any allegation made in your Complaint; and
    c. for each any every aspect of the City's training program you claim is deficient or inadequate, also state that which you contend to be the minimum requirements of an adequate or proper training program in regards to unconstitutional and criminal misconduct and state or list any factual basis supporting your contention.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**SUPPLEMENTAL RESPONSE: Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his Response to Interrogatory 15. Plaintiff further refers the City to Defendant Charles Arpin's Deposition, where he testified that he did not supervise officers under his command, even though he was a Lieutenant/supervisor during the applicable time period. Plaintiff further directs the City to the Depositions of Defendants Charles Arpin, Andrew Canevari, Richard Kane, and Thomas Jarvis who state that they did not receive training on how to handle exculpatory evidence. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

22. With regard to Paragraphs 114, 115, 118, 120, 121, 123, and 140 of your Amended Complaint which specifically relate to the supervision and discipline of Springfield police officers, state with specificity:
    a. The factual basis for your contention as alleged that the City "failed to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff" which resulted in the constitutional violation;
    b. identify each and every policy, custom, or practice that the City uses to supervise and discipline its police officers that you contend is inadequate or deficient, including each aspect of the investigation process from the initial receipt of a citizen's complaint to the final disposition; and,
    c. for each any every aspect of the City's supervisory and disciplinary program you claim is deficient or inadequate, also state that which you contend to be the minimum requirements of an adequate custom, policy, or practice related to a supervisory and disciplinary program and state the factual basis supporting your contention.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would violate Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**SUPPLEMENTAL RESPONSE: Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his Response to Interrogatory 15. Plaintiff further refers the City to Defendant Charles Arpin's Deposition, where he testified that he did not supervise officers under his command, even though he was a Lieutenant/supervisor during the applicable time period. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

23. State with specificity the factual basis for your contention that the City's policymaker exhibited "deliberate indifference" which created a "*de facto*" policy, practice, and custom at the Springfield Police Department as alleged in Paragraph 122 of your Amended Complaint and identify any documents in support of your contention.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery, and before all Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the forgoing objections, Plaintiff incorporates his Response to Interrogatory 15, 17, and 22. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order**

24. State with specificity the factual basis for your contention in Paragraph 124, that the misconduct described in your Amended Complaint was undertaken pursuant to the policies and practices of the Springfield Police Department and committed with the "knowledge and approval" of a policymaker, in your response please identify any documents in support of your contention.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking**

**information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery or depose all Defendants and agents of Defendant City. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021 (D. Mass. Feb. 7, 2012). Lastly, Plaintiff objects to this interrogatory to the extent it seeks information that is not within the Plaintiff's possession, custody, and control.**

**Subject to and without waiving said objections, see Deposition Transcripts of Cheryl Clapprood (pp. 80-82), Thomas Kennedy (pp. 56-57), and Marianne Moriarty (formerly Popka) (pp. 16-17, 20, 97-98). Additionally, Plaintiff directs Defendant City to its own document production, CoS RPOD 006842-007918. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**SUPPLEMENTAL RESPONSE: Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his Response to Interrogatory 15. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

25. State with specificity the factual basis for your contention that your injuries were proximately caused by the defendants who acted pursuant to one or more of the policies, practices, and customs set forth in Paragraph 125 of your Amended Complaint, in your response please identify any documents in support of your contention.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full discovery or depose all Defendants. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021 (D. Mass. Feb. 7, 2012). Lastly, Plaintiff objects to this interrogatory to the extent it seeks information that is not within the Plaintiff's possession, custody, and control.**

**Subject to and without waiving said objections, Plaintiff's expressly incorporates his answer to Interrogatory No. 17 herein. Discovery is ongoing in this action. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

Respectfully Submitted,

*/s/ Carla Agbiro*
*One of Plaintiff's Attorneys*

Jon Loevy*
Gianna Gizzi*
Carla Agbiro*
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607

Mark Loevy-Reyes
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116

* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Carla Agbiro, an attorney, hereby certify that on August 10, 2023, I served the foregoing PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT CITY OF SPRINGFIELD'S INTERROGATORIES by electronic mail on counsel of record for all Defendants.

*/s/ Carla Agbiro*
*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.

Suite 300
Chicago, IL 60607
agbiro@loevy.com