**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF’S ANSWERS TO DEFENDANT ARPIN'S FIRST SET OF INTERROGATORIES**

Plaintiff George Perrot, by and through his attorneys and pursuant to Fed. R. Civ. Pro. 33, hereby propound the following answers to Defendant Charles Arpin’s interrogatories directed to the plaintiff. In addition to the Definitions section hereinafter set for the, these interrogatories incorporate by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiff objects to any instruction to the extent that it purports to require Plaintiff to disclose information related to the efforts of its attorneys, experts, advisors, and/or professionals that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other immunity or protection from discovery. Plaintiff will not produce, identify, or describe communications with her counsel concerning this Action.

***Additional Definitions***

2. The term “Individual Defendants” shall include Francis Bloom, Thomas Kelly,

Thomas Kennedy, Thomas Jarvis, Paul Glantz, Richard Kane, Charles Arpin, John Scanlon, David Louden, Chief Ernest Stelzer, Marianne Popko, Ronald St. Germain, Andrew Canevari, Cheryl Clapprood, and Captain John Brown.

**INTERROGATORY NO. 1**

Please state:

a) Your full legal name, including any aliases;
b) The date and place of your birth;
c) Your current residential address and with whom you currently reside at that address.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it seeks information that is irrelevant and not proportional to the needs of the case, such as his place of birth years prior to Defendants' framing of him for crimes that he did not commit. Plaintiff is currently incarcerated. Plaintiff objects on privacy and relevance grounds to the extent this interrogatory seeks disclosure of Plaintiff's place of birth, Plaintiff's residential address, and who Plaintiff lived with prior to his incarceration, but Plaintiff will provide such information if and when all Individual Defendants agree to do the same for the same time period.**

**Subject to and without waiving the foregoing objections, Plaintiff's full legal name is George David Perrot. Plaintiff's date of birth is January 21, 1968 (which Plaintiff states is confidential for attorneys' eyes only and use in this litigation only). Plaintiff does not have any aliases.**

**INTERROGATORY NO. 2**

Please identify by name, current residential or business address and telephone number, all persons known to you, your agents or your attorneys, whom you believe possess information concerning your complaint against Defendant Charles Arpin, the factual assertions and allegations advanced in that complaint, or any damages that you allege to have suffered as a result of the incidents and allegations advanced in that complaint. This response specifically includes, but is not limited to, those persons identified in your initial disclosures and accompanying materials.

**RESPONSE: Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory. Plaintiff further objects to this interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege and the work-product doctrine. Plaintiff further objects to this interrogatory to the extent it seeks information that is not within the Plaintiff's possession, custody, and control.**

**Subject to and without waiving the foregoing objections, Plaintiff refers Defendant Charles Arpin to Plaintiff's Supplemental Rule 26 disclosures.**

**Additionally, Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**Investigation continues.**

**<u>INTERROGATORY NO. 3</u>**

Please state, in complete detail:

a) the specific acts by Defendant Charles Arpin that deprived you of your rights under federal and Massachusetts law, and;
b) which of your rights were deprived by the actions of Charles Arpin.

**RESPONSE: Plaintiff objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff specifically alleges that Defendant Arpin was one of the supervisors of the investigations stemming from the series of assaults in Springfield in 1984-1986 Therefore, Arpin was responsible for overseeing the conduct of the other Individual Defendant Officers throughout the course of the relevant sexual assault investigations. Plaintiff states that to the best of his current knowledge, Defendant Arpin was present at the Springfield Police Station when Plaintiff was interrogated in December 1985, interviewed other witnesses, wrote and reviewed police reports, and approved Plaintiff's arrest and charges against him. Moreover, Defendant Arpin coordinated the lineup of Plaintiff in 1985, took Joseph McNabb's statement, participated in obtaining Plaintiff's signature on the search warrant waiver, testified at the grand jury hearings against Plaintiff on December 13, 1985 and April 10, 1986, and generally oversaw much of the investigation of which Plaintiff was the subject.**

**Additionally, as part of the investigative team, Defendant Arpin, acting in conspiracy with other Individual Defendants, fabricated evidence in order to connect**

**Plaintiff to the crimes, including false police reports and witness statements regarding Plaintiff's purported connection to the crimes; manufactured false witness testimony that was used to implicate Plaintiff; and then suppressed that information during criminal proceedings; covered up their misconduct and destroyed or suppressed additional evidence that would have exculpated Plaintiff, including witness statements pointing to other suspects, hiding that information from Plaintiff, his attorneys, and state prosecutors; presented false evidence to state prosecutors and judicial authorities in order to secure and continue charges against Plaintiff; and provided false reports, statements and testimony in order to implicate Plaintiff in a crime he had not committed.**

**Plaintiff further states that Defendants engaged in this misconduct even though there was absolutely no evidence (forensic, eyewitness, circumstantial, character, or otherwise), apart from that evidence fabricated by the Defendants, that connected Plaintiff to the sexual assault of Mary Prekop and attempted assault of Emily Lichalla. On the contrary, there was ample evidence that the crimes were committed by someone else, which Defendants suppressed, ignored, or disregarded, leaving the real assailant free to continue committing such crimes.**

**Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**<u>INTERROGATORY NO. 4</u>**

Paragraph four (4) of your amended complaint alleges that Defendants involved in the line-up engaged in "pressure tactics" towards M.P. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to this allegation.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 3. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege and the work-product doctrine.**

**Subject to and without waiving the foregoing objection, Plaintiff incorporates by reference his answer in response to Interrogatory No. 3. Plaintiff further refers Defendant Arpin to CITY 002371- CITY 002415, CITY 002519, CITY 004751-004754, CITY 006067. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 5**

Paragraph six (6) of your amended complaint alleges that defendants fabricated and planted evidence to frame you. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory No. 3. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates his answer to Interrogatory No. 3 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 6**

Paragraph twenty-six (26) of your amended complaint alleges that Defendants "short- circuited the investigatory process," fabricated evidence, and withheld exculpatory evidence to frame you. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3 and 5. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information**

**protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference his response to Interrogatory No. 3 and 5 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 7**

Paragraphs forty-one through forty-three (41-43) of your amended complaint alleges that Defendants viciously beat you on your way to the station, threatened to kill you, and beat you again upon arriving at the station. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative of Interrogatory No. 3. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Discovery is still ongoing in this Action. Plaintiff reserves the right to**

**supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**<u>INTERROGATORY NO. 8</u>**

Paragraph forty-four (44) of your amended complaint alleges that Defendants produced Miranda cards that appear to contain your signature, despite your claims that you were never provided with Miranda warnings or signed any Miranda cards. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative of Interrogatory No. 3. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**<u>INTERROGATORY NO. 9</u>**

Paragraphs forty-six through fifty-two (46-52) of your amended complaint alleges that Defendants engaged in "legally impermissible and wholly coercive interrogation tactics," including depriving you of sleep, exploiting emotional vulnerabilities, and refusing to allow your mother or attorney to see you during your interrogation. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory No. 3. Plaintiff further objects to this interrogatory as unduly burdensome as**

**it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion, and seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference his response to Interrogatory No. 3. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 10**

Paragraph fifty-three (53) of your amended complaint alleges one or more Defendants forged your signature one or more times between November 30, 1985 to October 11, 2017. If this allegation includes the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to this allegation.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory No. 3 and Interrogatory No. 8. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

**Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference his response to Interrogatory Nos. 3 and 8. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 11**

Paragraphs fifty-seven (57) and fifty-eight (58) of your amended complaint allege the "false inducement" of M.P. by the Defendants to pick the Plaintiff out of the lineup and alleged "coercion or cajoling by the Defendants." If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3 and 4. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff incorporates by reference his responses to Interrogatory Nos. 3 and 4 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 12**

Paragraphs sixty through sixty-two (60-62) of your amended complaint alleges that Defendants fabricated and planted inculpatory evidence and fabricated witness statements. If these allegations include the actions of Defendant Charles

Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3, 5, 6, 8, and 10. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff incorporates by reference his responses to Nos. 3, 5, 6, 8, and 10 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 13**

Paragraph ninety-four (94) of your amended complaint alleges that, "Defendants framed Plaintiff' by "manufacturing false evidence and withholding exculpatory evidence done recklessly, intentionally, and in bad faith." If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3, 5, 6, 8, 10, and 12. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to**

**pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff incorporates by reference his responses to Nos. 3, 5, 6, 8, 10, and 12 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 14**

Paragraph ninety-nine (99) of your amended complaint alleges that, "Defendants" a) committed wrongdoing during the investigation and b) attempted to cover up any wrongdoing. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3, 5, 6, 8, 10, 12, and 13. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine.**

**Subject to and without waiving said objections, Plaintiff incorporates by reference his responses to Nos. 3, 5, 6, 8, 10, 12, and 13 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**INTERROGATORY NO. 15**

Paragraph one hundred two (102) of your amended complaint alleges that Defendants fabricated false statements from you about the location of evidence and that any statements you did provide were given after counsel was appointed to your case but was not present when you gave any statements. If these allegations include the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to these allegations.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to**

**Interrogatory Nos. 3 and 12. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections, Plaintiff incorporates his answer to Interrogatory Nos. 3 and 12 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**<u>INTERROAGATORY NO. 16</u>**

Paragraph one hundred forty-one (141) of your amended complaint alleges that the Defendants' conduct during the investigation was, "objectively unreasonable and undertaken intentionally with malice, willfulness, wantonness, and reckless indifference to the rights of others." If this allegation includes the actions of Defendant Charles Arpin, please state in complete detail the conduct of Defendant Arpin related to this allegation.

**RESPONSE: Plaintiff objects to this interrogatory to the extent it is duplicative to Interrogatory Nos. 3, 5, 6, 8, 10, 12, 13, and 14. Plaintiff further objects to this interrogatory as unduly burdensome as it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. It is, therefore, premature for Plaintiff to be**

**able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). Plaintiff objects further because certain information relevant to this inquiry is in the possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Plaintiff incorporates by reference his responses to Nos. 3, 5, 6, 8, 10, 12, 13, and 14 above. Discovery is still ongoing in this Action. Plaintiff reserves the right to supplement this answer in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

Dated: May 30, 2023

Respectfully Submitted,

*/s/ Gianna Gizzi*
*One of Plaintiff's Attorneys*

Jon Loevy*
Gianna Gizzi*
Carla Agbiro*
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607

Mark Loevy-Reyes
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116

* Admitted *pro hac vice*

**VERIFICATION**

I, George Perrot, verify under penalty of perjury that I have reviewed the foregoing Responses to Defendant Arpin's First Set of Interrogatories, and I certify that the answers are true and correct to the best of my knowledge, information, and memory.

Date: 5-16-23

George Perrot