**COMMONWEALTH OF MASSACHUSETTS**

**HAMPDEN, ss**

**SUPERIOR COURT**
**DEPARTMENT OF THE**
**TRIAL COURT**
**Nos. 85-5415-16, 5418, 5420**

**COMMONWEALTH**

**V.**

**GEORGE D. PERROT**

**NOLLE PROSEQUI**

Now comes the Commonwealth, through the Hampden District Attorney, in the above-captioned and numbered matters and respectfully files a nolle prosequi upon Hampden County Indictments #1985-5415, 1985-5416, 1985-5418 and 1985-5420, which indictments are all factually based upon events alleged to have occurred on November 30, 1985. The interests and administration of justice are best served by the termination of prosecution of this matter.

As grounds thereto, the Commonwealth further states that:

1. The defendant has been found guilty and sentenced upon Hampden County Indictment #85-4525, and has agreed to dismiss, with prejudice, his appeal of the January 26, 2016 denial, per Kane, J., of his fourth motion for post-conviction relief upon that indictment. See AC No. 2016-P-1614, Paper #12, dated October 11, 2017. The Appeals Court for the Commonwealth of Massachusetts has Ordered that his appeal to this conviction be dismissed with prejudice. See AC No. 2016-P-1614, Paper #12, dated October 13, 2017. That conviction is based upon an offense that occurred at a residential address in Springfield, MA on November 30, 1985, at approximately 3:00 to 3:30 a.m.;

2. The events which form the basis of these indictments are alleged to have occurred on November 30, 1985, at a residential address in Springfield, MA., in a close proximity to the residential address in Hampden County Indictment #85-4525, sometime between 3:00 and 4:00 a.m.. The protracted litigation relating to Hampden County Indictments #1985-5415, 1985-5416, 1985-5418 and 1985-5420

has spanned almost thirty-two (32) years; including two jury trials, three appeals and multiple motions for post-conviction relief. In 2014, twenty-two (22) years after the defendant's second conviction by jury (in 1992) upon these offenses, the FBI disavowed previously sworn expert testimony concerning hair microscopy, an evidentiary issue presented in this case. While not dispositive of the defendant's guilt, the expert testimony, nonetheless, was ruled by the Hampden County Superior Court, per Kane, J., to require a third trial for the defendant;

3. Notwithstanding evidence of the defendant's admission to police in 1985 relating to certain illegal activities relating to the alleged victim's residence (as well as the residential address in Hampden County Indictment #1985-5425), the alleged victim and lead investigator for the Springfield Police Department relating to Hampden County Indictments #1985-5415, 1985-5416, 1985-5418 and 1985-5420 are each deceased. Several civilian and law enforcement witnesses previously available to the Commonwealth are retired and/or unavailable to testify. In addition, further forensic testing of available evidence is unlikely to produce sufficient admissible results due to the destruction and/or exhaustion of materials in previous testing procedures;

4. The defendant was seventeen (17) years old at the time of his arrest. Sentencing for him, after trial, upon any one of the outstanding indictments would require a hearing pursuant to the guidelines established by the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460, 477-478 (2012)(Miller hearing) and by the Massachusetts Supreme Judicial Court in *Commonwealth v. Perez*, 477 Mass. 677 (2017). When considering the length of legal sentences imposed and served by the defendant for convictions upon Hampden County Indictments #85-4525 and additional indictments for similar crimes occurring at or about December 1985,[1] additional sentencing that involves any period of incarceration upon convictions of Hampden County Indictments #1985-5415, 1985-5416, 1985-5418 and 1985-5420 is highly unlikely; and

5. On February 10, 2016, after hearing, the Superior Court, per Kane, J., ordered the defendant released on his personal recognizance, with conditions, pending retrial. Conditions of his release included that he remain drug free, subject to urinalysis from probation; he remain alcohol free for six months, with alcohol permitted at

---

[1] On February 10, 1987, the defendant pled guilty to armed assault in a dwelling (*G. L c. 265, § 18A*; Hampden County Indictment No. 1985-5414) and unarmed robbery (*G. L. c. 265, § 19*; Hampden County Indictment No. 1985-5426) before Moriarty, J., in the Hampden County Superior Court. The plea judge sentenced the defendant to concurrent terms of incarceration at the Massachusetts Correctional Institution at Cedar Junction (MCI-Cedar Junction) of ten (10) to twelve (12) years and six (6) to nine (9) years, respectively. The sentences were executed on March 2, 1987, and the defendant received 488 days credit under *G. L. c. 279, § 33A*. His sentence upon Hampden County Indictment No. 1985-5425 (fifteen (15) to twenty (20) years at MCI-Cedar Junction), as imposed, was executed from/after these convictions.

home thereafter; and he report to probation twice a month. For nearly twenty (20) months, he has not been found in violation of these conditions of his release.

WHEREFORE, considering all of the present circumstances, continued prosecution of this matter is not within the best interests or administration of justice. A filing of a nolle prosequi upon all outstanding indictments involving the alleged incidents of November 30, 1985, namely Hampden County Indictments #1985-5415, 1985-5416, 1985-5418 and 1985-5420, is just and fair.

Respectfully submitted,

THE COMMONWEALTH

ELIZABETH DUNPHY FARRIS
Legal Counsel to the
Hampden District Attorney
Hall Of Justice
50 State Street
Springfield, MA 01102
(413) 505-5926
BBO No. 545992

Dated: 10-18-17

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served one (1) copy of the **COMMONWEALTH'S NOLLE PROSEQUI** on the Defendant, George D. Perrot, by providing a copy through electronic mail, to Kirsten V. Mayer at kirsten.mayer@ropesgray.com and Christopher J. Walsh at christopher.walsh@ropesgray.com, and by mail, first class postage prepaid, to Christopher J. Walsh, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199-3600, attorneys for the defendant, George Perrot, this 18TH day of October 2017.

ELIZABETH DUNPHY FARRIS
Legal Counsel to the
Hampden District Attorney
Hall Of Justice
50 State Street
Springfield, MA 01102
(413) 505-5926
BBO No. 545992