FROM gizzi@loevy.com Aug 7 2023 5:34 PM
TO ajoyce@rja-law.com
CC agbiro@loevy.com, mark@loevy.com
BCC

Re: Discovery Supplements

As I said in my previous response email, we have fully answered your client's interrogatories and production requests, and we do not intend to dismiss Mr. Arpin. Our objections to the "premature" nature of the contention interrogatories were for preservation purposes.

Gianna Gizzi
Loevy & Loevy
311 North Aberdeen Street
Chicago, IL 60607
Direct: (312) 357-5414
Pronouns: she/her

On Mon, Aug 7, 2023 at 9:48 AM Austin M. Joyce <ajoyce@rja-law.com> wrote:

Gianna:

I direct your attention to Mr. Perrot's answers to Mr. Arpin's interrogatories numbered 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15 and 16 where one of the many objections states: "Plaintiff objects to this interrogatory because it is a contention interrogatory that is being propounded at the outset of full fact discovery, before Plaintiff has had an opportunity to pursue full discovery, and before Defendants have provided documents in their sole possession and relevant to Plaintiff's claims in response to Plaintiff's previously served requests for production of documents. ***It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time.***" (Your words, my emphasis). I interpreted this to mean that you would supplement these answers at the close of discovery. How did you mean it, if not that?

Additionally, I direct your attention to Mr. Perrot's answers to Mr. Arpin's interrogatories numbered 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15 and 16 where one of the many objections states: "Plaintiff further objects to this interrogatory to the extent it seeks information equally available to Defendant Arpin and already in Defendant Arpin's possession, custody, or control. Defendant Arpin is in the best position to recount his own conduct, as well as the conduct he observed." I do not believe this You-know-what-you-did objection is valid concerning contention interrogatories because the interrogatories relate to what the Plaintiff contends, not what the Defendant knows. The Plaintiff bears the burden of proving what the Defendant did.

So, again, if you intend to supplement Mr. Perrot's answers to Mr. Arpin's interrogatories and production requests, please provide me with a time frame. If you think that you have already fully answered those interrogatories and production requests, and you do not want to dismiss Mr. Arpin voluntarily, then please let me know that so that I may proceed to seek summary judgment for Mr. Arpin and whatever other relief may be appropriate for him.

Austin

**From:** Gianna Gizzi <gizzi@loevy.com>
**Sent:** Friday, August 4, 2023 3:29 PM
**To:** Austin M. Joyce <ajoyce@rja-law.com>
**Cc:** Carla Agbiro <agbiro@loevy.com>; DeSousa, Lisa <LDeSousa@springfieldcityhall.com>; Kenefick, Tyler J. <TKenefick@springfieldcityhall.com>; Lynch, Carole <CLynch@morrisonmahoney.com>; jared.b.cohen@mass.gov; Kevin Coyle <attycoyle@aol.com>; Philip Ciccarelli <phil@ciccarelli.law>; Robert Schmidt <attyschmidt@gmail.com>; Mark Loevy-Reyes <mark@loevy.com>
**Subject:** Re: Discovery Supplements

Austin,

Plaintiff provided substantive and detailed responses to Arpin's First Set of Interrogatories on May 30, 2023. Since then, you have had ample opportunity to raise any concerns regarding our responses to your interrogatories, but have failed to do so. In fact, your August 1st email is the first time you raised any issue regarding Plaintiff's substantive responses.

To that end, it is unclear what Interrogatories you believe need further supplementation. As you mentioned, you asked about these Interrogatories during Plaintiff's deposition, so it is unclear what additional information you are seeking through a supplementation. FRCP 37 and Local Rule 37.1 are in place precisely to ensure that both parties have a shared understanding when disputes arise during the discovery process. However, your correspondence, including the email on August 1st, does not comply with either rule. As such, Plaintiff stands on their previous responses.

Moreover, if there is some communication where I told you to "wait," please direct me to it because I have no such memory of doing so. If you are interpreting our objections as doing so, that was an incorrect interpretation. Lastly, we do not intend to "surprise" you or any defendant with new or undisclosed evidence as this litigation proceeds; as withholding discoverable, non-privileged material would be in direct contravention of the rules.

Gianna Gizzi

Loevy & Loevy

311 North Aberdeen Street

Chicago, IL 60607

Direct: (312) 357-5414

Pronouns: she/her

On Fri, Aug 4, 2023 at 12:03 PM Austin M. Joyce <ajoyce@rja-law.com> wrote:

Gianna:

Imagine my surprise at your response. I waited nearly four years from July 2019 to May 2023 for Mr. Perrot to provide answers to Mr. Arpin's interrogatories and responses to Mr. Arpin's document requests. When I finally did get answers, among the numerous objections (most of which I consider baseless or inappropriate) to the interrogatories were the assertions that the questions were more appropriately asked at deposition and that the pendency of additional discovery prevented Mr. Perrot's full responses.

I asked Mr. Perrot at his deposition for the information requested by the interrogatories. He responded that he relied on you to provide that information. I waited for fact discovery to conclude so that you could provide me with all the information that supports Mr. Perrot's claims against Mr. Arpin. And then, when I asked how soon I would receive that information, you asked why I waited to raise the issue. Short answer, I waited because you told me to wait.

I am done waiting. I want you to provide me all the information that forms the basis of Mr. Perrot's case against Mr. Arpin in fulfillment of your discovery obligations, including under F.R.Civ.P. 11. I believe that you have so far failed to do so other than to make vague, general assertions of fabricated evidence and false reports and witness statements. If you think that you have identified in the existing answers and document responses all the information that ties Mr. Arpin to some misconduct concerning the charges that were nolle prossed, then tell me that. I do not want any surprises lurking in the summary judgment weeds. Otherwise, I would like to know when you will provide the full and complete information requested by Mr. Arpin's discovery requests since you think Mr. Perrot has a viable case against Mr. Arpin.

Austin

**From:** Gianna Gizzi <gizzi@loevy.com>
**Sent:** Wednesday, August 2, 2023 1:23 PM
**To:** Austin M. Joyce <ajoyce@rja-law.com>
**Cc:** Carla Agbiro <agbiro@loevy.com>; DeSousa, Lisa <LDeSousa@springfieldcityhall.com>; Kenefick, Tyler J. <TKenefick@springfieldcityhall.com>; Lynch, Carole <CLynch@morrisonmahoney.com>; jared.b.cohen@mass.gov; Kevin Coyle <attycoyle@aol.com>; Philip Ciccarelli <phil@ciccarelli.law>; Robert Schmidt <attyschmidt@gmail.com>; Mark Loevy-Reyes <mark@loevy.com>
**Subject:** Re: Discovery Supplements

Austin,

This is the first time you have brought to our attention that you think Plaintiff's Answers to Arpin's Interrogatories are deficient, and you have done so without providing the bases for your position regarding Plaintiff's answers. We disagree that they are inadequate, and thus will not be supplementing or amending our answers to Arpin's requests. Furthermore, Plaintiff is prepared to pursue all claims against Arpin and will continue to abide by the rules regarding discovery obligations.

Gianna Gizzi

Loevy & Loevy

311 North Aberdeen Street

Chicago, IL 60607

Direct: (312) 357-5414

Pronouns: she/her

On Tue, Aug 1, 2023 at 8:50 AM Austin M. Joyce <ajoyce@rja-law.com> wrote:

Gianna and Carla:

Now that fact discovery has concluded except for the City's deposition, I want to re-visit your inadequate discovery responses to Arpin's interrogatories and requests for production. Are you going to supplement those responses now, or are you prepared to leave them as is? I expect you to provide a roadmap of Arpin's misconduct pertaining to George Perrot that would permit recovery or a stipulation of dismissal of Arpin as a defendant. Please let me know when I can expect your decision on this choice. I realize that you need to consult with Mr. Perrot on this.

Austin M. Joyce

Reardon, Joyce & Akerson, P.C.

4 Lancaster Terrace

Worcester, Massachusetts 01609

T: (508) 754-7285

F: (508) 754-7220

E: ajoyce@rja-law.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and notify the sender. Any disclosure, copying, or distribution of this message, or the taking of any action base on it, is strictly prohibited.