**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE PERROT, | ) | |
| | ) | Case No. 18-cv-10147 |
| Plaintiff, | ) | |
| | ) | Hon. Page Kelley |
| v. | ) | Magistrate Judge |
| | ) | |
| THOMAS KELLY, *et al*. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

---

# EXHIBIT 45

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

GEORGE PERROT,

Plaintiff,

v.

THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, THOMAS KENNEDY, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,

Defendants.

Case No. 18-cv-10147

JURY TRIAL DEMANDED

**CITY OF SPRINGFIELD'S ANSWERS TO PLAINTIFF'S AMENDED REQUESTS FOR ADMISSION**

1. No property of Emily Lichwala was recovered from or found on or near George Perrot's person when he was arrested on December 7, 1985.

RESPONSE: Admit

2. The City did not analyze, examine, or test Emily Lichwala's pocketbook, recovered by Thomas Kelly on December 10, 1985, for fingerprints or other touch DNA.

RESPONSE: Admit

3. The City did not request another agency or entity to conduct any analysis, examination, or testing on Emily Lichwala's pocketbook, recovered by Thomas Kelly on December 10, 1985, for fingerprints or other touch DNA.

RESPONSE: ADMIT

4. In 1985, Springfield Police Department did not have a policy on conducting interrogations of suspects.

RESPONSE: Admit there was not written policy specifically on conducting interrogation of suspects; Deny there was not policy.

5. In 1985, Springfield Police Department did not have a policy on documenting or memorializing interrogations of suspects.

RESPONSE: Admit there was not written policy specifically on documenting interrogation of suspects; Deny there was not policy.

6. In 1985, Springfield Police Department did not have a written procedure on conducting interrogations of suspects.

RESPONSE: Admit there was not written policy specifically on conducting interrogation of suspects.

7. In 1985, Springfield Police Department did not have a written procedure on documenting or memorializing interrogations of suspects.

RESPONSE: Admit there was not written procedure, deny there was not a procedure.

8. In 1985, Springfield Police Department did not have an established practice, written or unwritten, on conducting interrogations of suspects.

RESPONSE: Deny

9. In 1985, Springfield Police Department did not have an established practice, written or unwritten, on documenting or memorializing interrogations of suspects.

RESPONSE: Deny

10. In 1985, Springfield Police Department did not have a policy on conducting interrogations of minors.

RESPONSE: Deny

11. In 1985, Springfield Police Department did not have a policy on documenting or memorializing interrogations of minors.

RESPONSE: Admit there was not written policy specifically on documenting or memorializing interrogation of minors; Deny there was not policy.

12. In 1985, Springfield Police Department did not have a written procedure on conducting interrogations of minors.

RESPONSE: Admit there was not written procedure specifically on interrogation of minors;

13. In 1985, Springfield Police Department did not have a written procedure on documenting or memorializing interrogations of minors.

RESPONSE: Admit there was not written policy specifically on documenting or memorializing interrogation of minors;

14. In 1985, Springfield Police Department did not have an established practice, written or unwritten, on conducting interrogations of minors.

RESPONSE: Deny

15. In 1985, Springfield Police Department did not have an established practice, written or unwritten, on documenting or memorializing interrogations of minors.

RESPONSE: Deny

16. Between 1985 and 1987, Springfield Police Department did not have a policy on disclosing exculpatory evidence to suspects or to prosecutors.

RESPONSE: Deny

17. Between 1985 and 1987, Springfield Police Department did not have a written procedure on disclosing exculpatory evidence to suspects.

RESPONSE: RESPONSE: Admit there was no written procedure on disclosing exculpatory evidence so suspects, Deny there was no policy.

18. Between 1985 and 1987, Springfield Police Department did not have a written procedure on disclosing exculpatory evidence to prosecutors.

RESPONSE: Admit there was no written procedure on disclosing exculpatory evidence to prosecutors; Deny there was no policy.

19. Between 1985 and 1987, Springfield Police Department did not have an established practice, written or unwritten, on disclosing exculpatory evidence to suspects.

RESPONSE: Deny

20. Between 1985 and 1987, Springfield Police Department did not have an established practice, written or unwritten, on disclosing exculpatory evidence to prosecutors.

RESPONSE: Deny

21. In 1985, Springfield Police Department did not have a policy on conducting in-person lineups.

RESPONSE: Deny

22. In 1985, Springfield Police Department did not have a policy on documenting or memorializing in-person lineups.

RESPONSE: Deny

23. In 1985, Springfield Police Department did not have a written procedure on conducting in-person lineups.

RESPONSE: Admit there was no written procedure; deny there was no procedure.

24. In 1985, Springfield Police Department did not have a written procedure on documenting or memorializing in-person lineups.

RESPONSE: Admit there was no written procedure; deny there was no procedure.

25. From 1985 through 1987, there were no general or special orders issued in the Springfield Police Department concerning exculpatory evidence, interrogating minors, and/or conducting lineups of suspects.

RESPONSE: Deny

Respectfully submitted,
Defendant, City of Springfield,
by its attorneys,

Dated: July 21, 2023

/s/ Lisa C. deSousa

Lisa C. deSousa, Esq. BBO#546115
Tyler J. Kenefick, Esq. BBO#696304
City of Springfield Law Department
1600 East Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 886-5205
ldesousa@springfieldcityhall.com
tkenefick@springfieldcityhall.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the within was this day served upon the parties by electronic mail to:

Loevy & Loevy
**Gianna Gizzi, Esq.**
**Carla Agbiro, Esq.**
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
gizzi@loevy.com
agbiro@loevy.com

Massachusetts Attorney General
**Jared Cohen, Esq.**
One Ashburton Place
Boston, MA 02108
jared.b.cohen@state.ma.us

Austin M. Joyce, Esq.
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
ajoyce@rja-law.com

Carol Sakowski Lynch, Esq.
Morrison Mahoney LLP
1500 Main Street, Suite 2400
Springfield, MA 01115-5387
clynch@morrisonmahoney.com

Kevin B. Coyle, Esq.
1299 Page Boulevard
Springfield, MA 01104
attycoyle@aol.com

D'Ambrosio LLP
**Paul Tellier, Esq.**
**Thomas Campbell, Esq.**
**Joshua Loevall, Esq.**
185 Devonshire Street, 10th Floor
Boston, MA 02110
ptellier@dambrosiollp.com
tcampbell@dambrosiollp.com
jloveall@dambrosiollp.com

Dated: July 21, 2023

/s/ Lisa C. deSousa
Lisa C. deSousa, Esq.

---

[1] Plaintiff initially issued these Requests to Admit to Defendant City on June 30, 2023. However, upon conferring with Defense Counsel, Plaintiff withdrew several of the requests to admit that he had issued on June 30, 2023. Thus, this document contains Plaintiff's remaining requests to admit, reissued to avoid confusion. There were no other changes to the requests.