**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE PERROT, | ) | |
| | ) | Case No. 18-cv-10147 |
| Plaintiff, | ) | |
| | ) | Hon. Page Kelley |
| v. | ) | Magistrate Judge |
| | ) | |
| THOMAS KELLY, *et al*. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

# EXHIBIT 46

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Docket No. 3:18-cv010147

GEORGE PERROT
Plaintiff

v.

THOMAS KELLY, ET AL
Defendants

---

ANSWERS OF THE DEFENDANT THOMAS JARVIS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

1. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

ANSWER. I know of no persons not already identified by parties' initial disclosures.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiffs Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, office of professional standards, intra- or interdepartmental, and/or citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, destruction of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.
ANSWER. I am not aware of any civil suits other than this case. I do not recall any complaints made to the Springfield Police Department (SPD).

3. Under oath, please identify every Communication that you have had with any Person, including but not limited to Plaintiff, any of the Springfield Defendants, any employee of the City of Springfield, any employee of the Federal Bureau of Investigation, any employee of the Hampden County District Attorney's Office, any employee of the Massachusetts State Police or any other law enforcement or prosecutorial authority about any of the allegations, events, or circumstances described in Plaintiffs Complaint. For each such Communication, please: (a) provide a summary of the Communication; (b) identify when and with whom the Communications occurred; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your Communications responsive to this Interrogatory is contained in the Documents that you reference.
ANSWER. I interviewed the Plaintiff on December 7, 1985 regarding the rape of M.P., at which times he signed a written statement. I undoubtedly had numerous conversations with coworkers and prosecutors regarding the rape of M.P., but cannot recall the specific information requested.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.
ANSWER. I have no knowledge responsive to this question.

5. Is it your position that George Perrot committed the rape of M.P. or any other illegal act relating to the incidents described in Plaintiffs Complaint? If so, please describe each alleged illegal act that you contend was committed by George Perrot and provide the complete factual basis for your contention.
ANSWER. I believe that the Plaintiff committed the rape of M.P. and other crimes based on the evidence developed by the SPD and made known to the Plaintiff in the course of his prosecution.

6. Did you participate in any identification procedure, interview with Plaintiff or any other witness during the M.P. Rape investigation (or were you aware that any such identification procedure or interview had taken place), or have any role in the M.P. Rape investigation? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of all identification procedures, interviews, or investigation actions. This answer must include all actions that you took; the circumstances of each identification procedure, interview, or investigation action; all Communications that took place before, after, or during each identification procedure or interview; and all other Persons who participated in or were present during each identification procedure, interview, or investigation action.
ANSWER. I interviewed the Plaintiff on December 7, 1985 regarding the M.P. rape, at which time he signed a written statement, Miranda card, and search warrant waivers I do not recall any other involvement in the investigation of the M.P. rape.

7. To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during the interrogation of Plaintiff in 1985? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.
ANSWER. No.

8. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.
ANSWER. Undetermined at this time.

9. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.
ANSWER. Objection. The information requested is not, nor is it reasonably calculated to lead to admissible evidence.

10. Given the sum total of your personal knowledge of the policies, customs, and practices of City of Springfield and the Springfield Police Department, as you understand them (formal or informal, written or unwritten), please state whether you or any of the other Springfield Defendants acted inconsistently with any of those policies, customs, or practices at any time during the M.P. Rape investigation or any other event described in Plaintiffs Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.
ANSWER. I did not act, nor am I aware of any other defendant who acted inconsistently with the rules, policies, etc. of the SPD.

11. Did you withhold from George Perrot any Exculpatory Evidence of which you were aware prior to the dismissal of charges against him in 2017? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.
ANSWER. No.

12. Please state with specificity each activity, action, or investigative task that you participated in during the M.P. Rape Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the M.P. Rape—including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the M.P. Rape is described in the Documents that you reference.
ANSWER. I interviewed the Plaintiff on December 7, 1985 regarding the M.P. rape, at which times he signed a written statement, a Miranda card and search warrant waivers. I cannot recall which supervisor assigned which task. I testified at grand jury, motions and trials involving the

Plaintiff. I may have engaged in other actions relating to the investigation of the M.P. rape, but cannot at this time recall any more specific actions.

13. Did you maintain any personal notes, personal emails, or personal files relating to the M.P. Rape Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes, emails, or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the M.P. Rape Investigation is contained in the Documents that you reference.
ANSWER. No.

14. Is it your position that at any point there was probable cause to support Plaintiffs arrest, charging, indictment, or prosecution for the M.P. Rape? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiffs (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.
ANSWER. I believe that probable cause existed from the time the Plaintiff was arrested and still exists. See transcript of grand jury minutes and trials.

15. Identify each Springfield Police Department file that has ever existed relating to the M.P. Rape Investigation and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiffs arrest; (b) every Document that was associated with the file as of the date of Plaintiffs criminal trial; (c) every Document that was associated with the file as of the date of Plaintiffs exoneration (October 18, 2017); (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiffs criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiffs criminal conviction.
ANSWER. I lack knowledge sufficient to answer this question.

16. For any Document requested in Plaintiffs discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.
ANSWER. I lack knowledge sufficient to answer this question.

17. Did any Investigator in the M.P. rape investigation (including yourself) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

ANSWER. I did not, nor do I know of any other person, who had such communications.

SIGNED, under the pains and penalties of perjury in Hampden, Massachusetts.

Dated: May 5, 2023

Thomas Jarvis

As to objections:

Kevin B. Coyle

I certify that I served a copy of this document on counsel for all parties by email on June 6, 2023.

Kevin B. Coyle