**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE PERROT, | ) | |
| | ) | Case No. 18-cv-10147 |
| Plaintiff, | ) | |
| | ) | Hon. Page Kelley |
| v. | ) | Magistrate Judge |
| | ) | |
| THOMAS KELLY, *et al*. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

---

# EXHIBIT 54

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWERS TO DEFENDANT FRANCIS BLOOM' INTERROGATORIES**

Plaintiff, George Perrot, pursuant to Fed. R. Civ. P. 26 and 33, sets forth below his answers to the following interrogatories issued by Defendant Francis Bloom, in writing under oath.

**DEFINITIONS**

1. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Concerning**. The term "concerning" means referring to, describing, evidencing, or constituting.

3. **Document**. The term "document" is defined to include any and all tangible things and documents, whether handwritten, typed, printed, photocopied or otherwise visually produced in the possession, custody, or control of Plaintiff and/or Plaintiff's agents, representatives or counsel including but not limited to business letters, memoranda, plans, forecasts, policies, procedures, correspondence, lists, court and or administrative

agency documents, notes, diaries, statements, chronologies, computer-generated printings or other writings, printings or communications of any kind in which the requested information is contained. These document requests include, without limitation, all drafts, alterations, modifications, and changes of any of the foregoing, graphic or oral records or representations of any kind such as photographs, drawings, sketches, charts, graphs, or microfiche, electrical records, or representations of any kind and any other information capable of comprehension by audible or visual means.

4. **Identify (With Respect to Persons)**. When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requests requesting the identification of that person.

5. **Identify (With Respect to Documents)**. When referring to documents, to "identify" means to give, to the extent known
   a. the type of document;
   b. the general subject matter;
   c. the date of the document; and
   d. the author(s), addressee(s), and recipient(s).

6. **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7. **Plaintiff and Defendant.** The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8. **State the Basis**. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation or contention, the party shall:
   a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
   b. identify each and every communication that forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and
   d. state separately any other fact that forms the basis of the party's information regarding the alleged facts or conclusions referred to in the

interrogatory.

9. **You**. The term "you" means plaintiff, George Perrot, his agents, heirs, attorneys, assigns and legal representatives.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify by full name, current residential or business address, and telephone number, all persons known to you, your agents, or your attorneys, whom you believe possess knowledge or information concerning the factual allegations and assertions against Defendant Francis Bloom contained in your Amended Complaint.

**ANSWER: See Plaintiff's Second Supplemental Rule 26(a) Disclosures, dated July 18, 2023.**

**INTERROGATORY NO. 2**

Please identify any verbal or written statement(s) made by anyone involved in the alleged incidents described in your Amended Complaint supporting or concerning the allegations made against Defendant Bloom, including in your answer: (a) the substance of any such statement; (b) the time and place when such statement was made; (c) the identity of the person who made the statement; and (d) the name, address, and telephone number of any and all such persons.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, oppressive, and overly broad. This Interrogatory is also compound as it includes multiple subparts that should be separated pursuant to Rule 33. Specifically, subpart (a) is unduly burdensome and disproportional to the needs of the case given the information available because it requires Plaintiff to regurgitate the information contained with the cited documents. Additionally, Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Moreover, Plaintiff objects to the term, "statement," as used in this context because it is not defined and is ambiguous.**

**Subject to and without waiving said objections, see Plaintiff 001072-001080, 002989, 004102-004104, 004146-47, 004381-005146, 005376-005446, 005456-005464, 005467-68, 005486-005500. Plaintiff directs Defendant Bloom to the following: CoS RPOD 012812-14, 012571-72, 012431, 012396-97, 012368, 003752, 003749-50, 003746-47, 003732-33, 002549, 002543-46, 001742-43, and <u>Com. v. Perrot</u>, 407 Mass. 539, 554 N.E.2d 1205 (1990). For the information requested in subparts (a)-(d), Plaintiff directs Defendant to the cited statements themselves.**

**INTERROGATORY NO. 3**

Please state, in complete detail: (a) the specific acts by Defendant Bloom that you allege deprived you of your rights under federal and/or state law, and; (b) which of your rights were

deprived by those alleged actions.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answer to Interrogatory No. 4 herein.**

**INTERROGATORY NO. 4**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertion in paragraph 20 of the Amended Complaint that "[a]t all times relevant to the events at issue in this Complaint, Defendant Bloom was acting as an investigator, without probable cause, before charges were filed against Plaintiff, and in conspiracy with the other law enforcement Defendants, known and unknown."

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving said objections, Defendant Bloom was censured by the Board of Bar Overseers for his conduct related to Mr. Perrot's wrongful convictions. Defendant Bloom was an active participant in at least one of Plaintiff's interrogation sessions; Bloom traveled and then personally delivered forensic evidence to the FBI Headquarters; and he forged a confession in an attempt to induce Jeffrey Adkins and Robert Timmerman into implicating themselves and Plaintiff in criminal conduct for which Bloom could not secure convictions. Defendant Bloom also directly and/or indirectly enabled the flawed investigation and prosecution of Plaintiff for the series of sexual assaults and break ins in 1984/1985. For instance, Mr. Bloom misrepresented Mary Prekop's statements to the police about her attacker and knowingly introduced evidence to the jury that was misleading. Additionally, on information and belief, Defendant Bloom facilitated the defective and suggestive line up of Mr. Perrot.**

**INTERROGATORY NO. 5**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertions in paragraphs 83-84 of the Amended Complaint that Defendant Bloom met "illicitly" with Agent Oakes or other FBI personnel, and that Bloom's and/or other Defendants' "joint decision to use such a flawed [hair] analysis and to secret away any exculpatory evidence regarding the impropriety of the analysis evidences significant misconduct on the Defendants' part."

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad.**

**Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Moreover, Plaintiff objects to the term, "illicitly," as used in this context because it is ambiguous and not defined.**

**Subject to and without waiving said objections, Mr. Bloom testified on February 25, 1991 that he went to the FBI Headquarters in Washington DC with Officer Thomas Kennedy on April 1, 1987 to talk to two agents regarding Plaintiff's case and the evidence. There is testimony from the FBI Agents and Officer Kennedy to corroborate this. Additionally, see Plaintiff 004724-004768, CoS RPOD 002149-002183, 002491-002518, 002967-003023, 003749-50, and CoS RPOD 002576-002607. Investigation continues.**

**<u>INTERROGATORY NO. 6</u>**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertions in paragraphs 91-92 of the Amended Complaint that Defendant Bloom "participated in the arrest and illegal interrogation of Plaintiff, in the coercion and fabrication of his false statements, and in the fabrication of other evidence, including M.P.'s statement and the planting of the gloves and hair," and that Defendant Bloom "participated in [other] misconduct described above" elsewhere in the Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad, vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answer to Interrogatory No. 4 herein. Additionally, Plaintiff's bases are, in part, Mr. Bloom's opening statement in Plaintiff's 1987 trial, where he mischaracterizes facts and evidence; and Mr. Bloom's consistent omissions regarding his deliberate involvement in the investigation. Investigation continues.**

**<u>INTERROGATORY NO. 7</u>**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertion—if and to the extent that it includes or refers to Defendant Bloom—in paragraph 94 of the Amended Complaint that "the Defendants framed Plaintiff for a crime he did not commit" and "their actions in manufacturing false evidence and withholding exculpatory evidence was done recklessly, intentionally, and in bad faith."

**ANSWER: Plaintiff objects to the extent the interrogatory calls for a legal conclusion or expert opinion that he is not qualified, nor obligated, to provide. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law**

**privilege. Lastly, Plaintiff objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answer to Interrogatory Nos. 4 and 5. Investigation continues.**

**INTERROGATORY NO. 8**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertions in paragraphs 96-98 of the Amended Complaint that "so strong was their dislike of Plaintiff that the Springfield Defendants—along with Defendant Bloom—fabricated a false confession to M.P.'s rape and forged Plaintiff's signature on it"; that Defendant Bloom "despised Plaintiff" and "viewed Plaintiff as an individual apart from the community of citizens whose rights he was charged with protecting"; and that "Bloom's hatred for Plaintiff led him and Defendant Kennedy to personally drive physical specimens to Washington D.C. – a highly unusual, if not unprecedented, step – so that Bloom and Kennedy could personally speak with FBI Agents Oakes and Eubanks about Plaintiff's 'inherent evil.'"

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory.**

**Subject to and without waiving said objections, Plaintiff directs Defendant Bloom to the following documents: Plaintiff 004724-004768, CoS RPOD 002491-002518, CoS RPOD 003749-50, and CITY 002576-002607. Investigation continues.**

**INTERROGATORY NO. 9**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertion—if and to the extent that it includes Defendant Bloom—in paragraph 99 of the Amended Complaint that "Defendants also attempted to cover up their wrongdoing by destroying evidence, including handwritten contemporaneous notes, and some of the physical evidence, so that Plaintiff and his post-conviction lawyers could not have it tested for DNA that would have conclusively proved his innocence."

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving said objections, Plaintiff does not have personal knowledge of Defendant Bloom's involvement in the destruction of evidence. Investigation continues.**

**INTERROGATORY NO. 10**

Please state the basis for and identify in detail all facts upon which you rely to support, your assertion in paragraph 103 of the Amended Complaint that when Plaintiff was granted a new trial, the new prosecutor for the second trial "found a new statement from Plaintiff allegedly 'confessing' to the M.P. assault. That statement, as Defendant Bloom has confessed, was entirely forged by Defendant Bloom and the other Springfield Defendants."

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

**Subject to and without waiving said objections, Defendant Bloom admitted that he forged a confession on behalf of Plaintiff, which several other witnesses corroborated in Plaintiff's February 2, 1991 motion to dismiss hearing. See CITY 002447- CITY 002518. Additionally, Mr. Bloom was censured by the Board of Bar Overseers for his conduct related to this forged confession and misconduct. See PLAINTIFF 005495.**

**INTERROGATORY NO. 11**

Please state the basis for and identify in detail all facts upon which you rely to support, any claim or assertion that Defendant Bloom's alleged forgery of Plaintiff's confession, referenced in paragraph 103 of the Amended Complaint, caused Plaintiff to be wrongfully convicted or otherwise harmed in any way.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide; specifically in regards to causation. Moreover, Plaintiff objects to the term "alleged forgery" as being vague and ambiguous. Plaintiff also objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories and counsel's mental impressions.**

**Subject to and without waiving said objections, at this time, Plaintiff does not assert that Defendant Bloom's forged confession statement directly caused Plaintiff to be wrongfully convicted. However, Plaintiff reserves the right to supplement this answer in accordance with the Local Rules and the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 12**

Please state the basis for, and identify in detail all facts upon which you rely to support, your assertion in paragraph 138 of the Amended Complaint that "Defendant Bloom violated Plaintiff's Fifth and Fourteenth Amendments by fabricating evidence used against him, coercing Plaintiff into falsely confessing, which was used against Plaintiff during his criminal proceedings, and by failing to intervene to prevent the other Defendants from fabricating evidence and unlawfully coercing a confession."

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories and his attorney's mental impressions. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory.**

**INTERROGATORY NO. 13**

Please identify by full name, address, and phone number all persons you expect to call as a witness at the trial of this matter.

**ANSWER: Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff also objects to this interrogatory as premature given that the court has not set a trial date or even a final pretrial conference. Inquiries as to names and addresses of witnesses that a party expects to use at trial should be made at pretrial conference and not by interrogatory. *See Truck Drivers & Helpers Loc. Union No. 696 v. Grosshans & Petersen, Inc.*, 209 F. Supp. 161 (D. Kan. 1962); *see also*, *Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960); *Griffin v. Memphis Sales & Mfg. Co.*, 38 F.R.D. 54 (N.D. Miss. 1965); *Wedding v. Tallant Transfer Co.*, 37 F.R.D. 8 (N.D. Ohio 1963) (holding that interrogatories seeking identification of all witnesses who will be called to testify were improper).**

**Subject to and without waiving said objections, Plaintiff will provide this information to Defendants in accordance with the Local Rules, Federal Rules of Civil Procedure, and the Court's scheduling order. For now, Plaintiff refers Defendant Bloom to Plaintiff's Second Supplemental Rule 26(a) Disclosures, dated July 18, 2023.**

**INTERROGATORY NO. 14**

Please identify all persons whom you expect to call at trial, if any, to provide an expert opinion, including in your response:

a. the name, title, address, and telephone number of each expert witness;
b. the field of expertise of each expert;
c. the subject matter on which the expert is expected to testify;
d. the substance of the facts to which the expert is expected to testify;
e. the contents of all opinions to which the expert is expected to testify; and
f. a summary of the grounds for each opinion and the substance of all facts on which such opinions are based.

**ANSWER: Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff objects to this interrogatory as premature. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory, and if properly separated into multiple interrogatories, would**

**violate Federal Rule of Civil Procedure 33(a)(1). Additionally, Plaintiff objects because it is a contention interrogatory that is being propounded before Plaintiff has had an opportunity to pursue full expert discovery. It is, therefore, premature for Plaintiff to be able to fully answer this interrogatory at this time. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).**

**Subject to and without waiving said objections, Plaintiff incorporates his answer to Interrogatory No. 13, and will provide this information to Defendants in accordance with the Local Rules, Federal Rules of Civil Procedure 26(a)(2), and the Court's scheduling order.**

**INTERROGATORY NO. 15**

Please list the name, address, and telephone number of any and all persons with whom you conversed, and identify any documents you have read, referred to, or reviewed, in connection with answering the foregoing interrogatories.

**ANSWER: Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories and communications between himself and counsel.**

**Subject to and without waiving said objections, Plaintiff has conversed with his girlfriend Sherrie Frisone, (603) 401-9777. Plaintiff expressly incorporates all of his above answers to interrogatories as to the documents he referred to and reviewed for this purpose.**

---------------------------------------------------------------------------------------------------

Dated: July 21, 2023

Respectfully submitted,

*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607
p. (312) 357-5414
e. gizzi@loevy.com

## CERTIFICATE OF SERVICE

I, Gianna Gizzi, an attorney, hereby certify that on July 21, 2023, I served the foregoing **PLAINTIFF'S ANSWERS TO DEFENDANT BLOOM'S INTERROGATORIES** by electronic mail on counsel of record for all Defendants.

*/s/ Gianna Gizzi*
*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607
gizzi@loevy.com