**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE PERROT, | ) | |
| | ) | Case No. 18-cv-10147 |
| Plaintiff, | ) | |
| | ) | Hon. Page Kelley |
| v. | ) | Magistrate Judge |
| | ) | |
| THOMAS KELLY, *et al*. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

# EXHIBIT 56

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, THOMAS JARVIS, RICHARD KANE, CHARLES ARPIN, JOHN SCANLON, DAVID LOUDEN, THOMAS KENNEDY, CHIEF ERNEST STELZER, MARIANNE POPKO, PAUL GLANTZ, RONALD ST. GERMAIN, ANDREW CANEVARI, CHERYL CLAPPROOD, CAPTAIN JOHN BROWN, UNKNOWN OFFICERS OF THE SPRINGFIELD POLICE DEPARTMENT, the CITY OF SPRINGFIELD, MASSACHUSETTS, FRANCIS BLOOM,<br><br>Defendants. | Case No. 18-cv-10147<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWERS TO DEFENDANT KELLY'S FIRST SET OF INTERROGATORIES**

Plaintiff, George Perrot, by and through his attorneys and pursuant to Fed. R. Civ. P. 33, hereby propound the following answers to Defendant Thomas Kelly's Interrogatories directed to Plaintiff. Plaintiff incorporates by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to any instruction to the extent that it purports to require Plaintiff to disclose information related to the efforts of its attorneys, experts, advisors, and/or professionals that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other immunity or protection from discovery. Plaintiff will not produce, identify, or describe communications with her counsel concerning this Action.

## I. DEFINITIONS

As used in these Interrogatories, the definitions of the terms set forth below shall be as follows:

a. "You" and "Your" shall refer to Plaintiff, George Perrot, or, wherever applicable, to anyone acting on said Plaintiff's behalf.

b. "Plaintiff" includes Plaintiff, George Perrot, and said Plaintiff's agents, representatives, and attorneys, and each and every one of them.
c. "Defendant" includes Defendant Thomas Kelly and any of said Defendant's agents, representatives, and attorneys.
d. "Person" or "Persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.
e. "Incident" or "Occurrence" shall mean the incident, occurrence or series of events described in the Complaint and that, individually or collectively, are the subject of this litigation.
f. "Relate To" and "Relates To" means and refers to referring, setting forth, inferring, reflecting, discussing, pertaining to, consisting of, and evidencing. The term should be construed in its broadest possible sense.
g. "Documents" shall mean all documents and all written, recorded or graphic matter of any kind and nature whatsoever, however produced or reproduced, whether handwritten, typed or computer-generated, including, but not limited to, the following:
i. account statements; analyses; applications; bank statements, passbooks and other bank records; bills; books and books of account; business diaries; cancelled checks and check stubs; certificates, certificates of deposit and other depository records; computer tapes and like-recorded data; contracts; correspondence and other communications, however transmitted and/or recorded; data processing forms and reports; evaluations; insurance policies and premium invoices; ledgers; minutes of meetings; negatives; notes; office memoranda; opinions; pamphlets; personal diaries; personal memoranda; photographs; police reports; profit and loss statements; recordings of any kind or nature; records of health professionals; reports; schedules; statements and statements of earnings; tax returns, including forms and schedules attendant thereto; telephone and other communication logs and records; videotapes; and all drafts and non-identical copies of the foregoing, or any other object containing a written, printed, spoken, electronic, or photographic word, image, record, or sound.
h. The words "Identify", "Identity" or "Identification" when used in reference to a natural person shall mean to state his full name and present or last known address, his present or last known position and business affiliation, and each of his positions during the relevant time period as defined below; when used in reference to a document kept or prepared in the course of business such words shall mean to state its date, its author, the type of document *(e.g.,* letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), a brief description of its contents or, if the above information is not available, some other means of identifying it and its present location and the name of its present custodian(s). If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others and if so, to whom, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the date or approximate date thereof.
i. The use of any singular term shall be deemed to be inclusive of more than one, wherever applicable.
j. Health Care Provider is defined as a provider of services (as defined in section 1861 of the Act, 42 U.S.C. 1395x(u)), a provider of medical or health services (as defined in section

1861(s) of the Act, 42 U.S.C. 1395x(s)), and any other person or organization who furnishes, bills, or is paid for health care in the normal course of business.

k. Medical Facility shall mean any place where a person receives any medical or mental health help or assistance, treatment, advice, care or counseling for any physical or mental illness, conditions or problems, including but not limited to hospitals, doctors offices, clinics, emergency rooms, treatment centers, church counseling centers, non-profit counseling, etc.

l. Incident means the events and circumstances giving rise to your Complaint in this action.

## INTERROGATORIES

1. Please identify by name, current residential or business address and telephone number, all persons known to you, your agents or your attorneys, whom you believe possess information concerning your complaint against Defendant Thomas Kelly, the factual assertions and allegations advanced in that complaint, or any damages that you allege to have suffered as a result of the incidents and allegations advanced in that complaint. This response specifically includes, but is not limited to, those persons identified in your initial disclosures and accompanying materials.

**ANSWER: Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory. Plaintiff further objects to this interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege and the work-product doctrine. Lastly, Plaintiff objects to this interrogatory to the extent it seeks information that is not within the Plaintiff's possession, custody, and control. Subject to and without waiving said objections, see Plaintiff's Second Supplemental Rule 26(a) Disclosures, dated July 18, 2023. Investigation continues.**

2. Please state, in complete detail: a) the specific acts by Defendant Thomas Kelly that deprived you of your rights under federal and Massachusetts law, and; b) which of your rights were deprived by the actions of Thomas Kelly.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome and it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory as compound because it includes multiple questions and subparts that are improperly set forth in one interrogatory. Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff further objects to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because certain information relevant to this inquiry is in the sole possession, custody, or control of Defendants.**

**Subject to and without waiving said objections, Defendant Kelly was one of the**

**primary investigating officers for the 1985 crimes that Plaintiff was suspected of and arrested for; some of which he was convicted. Kelly was the lead investigator on the 1984-85 sexual assaults on elderly women that occurred in Springfield. In that capacity, Defendant Kelly responded to and collected evidence from Mary Prekop's residence and Emily Lichwala's residence on November 30, 1985. Defendant Kelly was in charge of the crime scenes at the victims' residences. Defendant Kelly failed to investigate any other alternative suspects or leads. Kelly interrogated Plaintiff for multiple hours over the course of the day on December 7, 1985, when Plaintiff was sleep deprived, intoxicated, and emotional. However, Defendant Kelly claimed that he did not take any notes or fill out any reports from his questioning of Plaintiff. Kelly also participated in drafting and executing the search warrant for Mr. Perrot's residence.**

**Kelly misrepresented Plaintiff's statements, and even went as far as to falsify inculpatory statements. Defendant Kelly also suppressed and/or misrepresented witness statements from Plaintiff's sister and one of the victims, Mary Prekop, that tended to prove Plaintiff's innocence. Defendants Kelly and Jarvis conspired to fabricate evidence against Plaintiff—that evidence being the pair of gloves. Defendant Kelly was also involved in the lineup of Plaintiff, which was unduly suggestive and improper. Lastly, Defendant Kelly testified at the September 2, 1986 motion to suppress hearing and both Plaintiff's trials. Kelly's testimony was a contributing cause to Plaintiff's wrongful conviction. Investigation continues.**

3. State all facts upon which you are relying to establish that Defendants should be held liable for punitive damages, including a specific description of all actions or inaction by each Defendant (or at each Defendant's direction) that you contend justifies the imposition of punitive damages.

**ANSWER: Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and because it calls for a narrative better suited for a deposition, especially in light of Defendants refusal to provide their own financial information in response to Plaintiff's inquiry to assess punitive damages liability. Plaintiff further objects to this interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege and the work-product doctrine, including Plaintiff's legal theories. Plaintiff further objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answer to Interrogatory Nos. 2, 6, and 9.**

4. If you have received any payment of compensation from any person or entity for injuries or damage you claim resulted from the occurrence, please identify each person or entity from whom payment or compensation was received, the amounts of each payment or compensation and the dates on which the payments or compensation were received.

**ANSWER: Plaintiff objects to this interrogatory as overly broad, as the terms "compensation," "injury," and "damage" are undefined. Plaintiff will interpret the term "compensation" to mean a monetary award. Plaintiff will interpret "injury" and "damage"**

**to mean any harm obtained by Plaintiff as a result of his wrongful conviction. Plaintiff further objects to this interrogatory to the extent it seeks information that is irrelevant to any claims or defenses in this lawsuit.**

**Subject to and without waiving the foregoing objections, Plaintiff has not received any monetary compensation for the harm he incurred from his wrongful conviction.**

5. Identify each element of damages that you are seeking in this lawsuit, including your calculation for each, the basis of each element of damages identified, and against whom the damages are being sought.

**ANSWER: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion or opinion that he is not qualified, nor obligated, to provide. Additionally, Plaintiff objects to the meaning of "element of damages" in this context as being vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Plaintiff further objects to this interrogatory to the extent it calls for medical diagnoses and opinions that he is not qualified to offer. Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery.**

**Subject to and without waiving said objections, Plaintiff is seeking damages for his loss of liberty and autonomy, loss of earnings, emotional and mental distress, physical injuries sustained while incarcerated and resulting medical treatment, and loss of enjoyment of life. However, this is not an exhaustive list of damages. Plaintiff will rely on a judge or jury to calculate the amount for each category of damages. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

6. State with specificity the extreme physical and psychological pain and suffering, humiliation, constant fear, nightmares, anxiety, depression, despair, rage, and other physical and psychological effects that you claim in Paragraph 132 of your Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and calls for narrative which would be better suited for a deposition. Plaintiff further objects to this interrogatory as compound as it includes multiple questions and subparts that are improperly set forth in one interrogatory. Plaintiff further objects to the extent the interrogatory calls for a legal conclusion or expert opinion that he is not qualified, nor obligated, to provide. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.**

**Subject to and without waiving the foregoing objections, Plaintiff was ripped from his home at age 17 and spent approximately 30 years being shuffled between maximum and medium security prisons as a result of his wrongful conviction caused by the Defendants' actions. Throughout his wrongful incarceration, Plaintiff experienced severe isolation, separation from his family and friends, and physical and mental abuse from other inmates and guards. Plaintiff was labeled a sex offender, which subjected him to even higher degrees of violence, harassment, and isolation. Plaintiff cannot recall each instance he was physically assaulted by other inmates or guards from 1987-2016, but there were several**

**incidents where Plaintiff was physically attacked while in prison. Moreover, Plaintiff suffered from severe emotional distress throughout the entire time he was wrongfully incarcerated, developing post-traumatic stress symptoms, anxiety, depression, and paranoia. Upon being released in 2016, Plaintiff faced numerous challenges adjusting to life outside of prison. For example, Plaintiff spent the first month sleeping in a bathroom on the floor instead of a bed. It is impossible to detail every single injury, physical and emotional, that Plaintiff sustained as a result of his wrongful incarceration. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order. Investigation continues.**

7. In regards to your answer to the above Interrogatory, identify every Health Care Provider and Medical Facility (specifically including treatment received at or through correctional facilities) from which you sought or obtained assistance for any mental illness or physical illness between 1986 and the present, including the type of assistance, consultation, examination or treatment provided.

**ANSWER: Plaintiff objects to this interrogatory as overly broad, unreasonable, unduly burdensome, harassing, and of an inappropriate temporal scope. Plaintiff objects that this interrogatory to the extent it seeks private and confidential information concerning his medical history that are irrelevant to the claims and defenses in this action. Plaintiff objects on privacy and relevance grounds to broad disclosure of his medical information as requested. Moreover, Plaintiff objects that this interrogatory to the extent it seeks information that is not proportional to the needs of the case. Plaintiff also objects to this interrogatory as vague and ambiguous, as the term "assistance" is undefined.**

**Subject to and without waiving the foregoing objections, Plaintiff is in the process of obtaining Plaintiff's medical records for a more thorough response. However, for now, Plaintiff has seen numerous health care providers through the Massachusetts Department of Corrections during his incarceration, but he cannot remember all of their names. After his release in 2017, Plaintiff was briefly treated by Dr. Andrew Clark from Boston Medical Center, and social worker, Sarah Coughlin. Plaintiff reserves the right to supplement his response to this interrogatory in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, or Scheduling Order.**

8. Please describe any ongoing or future damages you expect to suffer as a result of the wrongful conviction, including any expected costs for medical treatment, therapy, or other support services.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, and it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent is requires Plaintiff to speculate what future damages he will incur as a result of his wrongful conviction and the costs of any future treatment. Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery. Plaintiff will disclose non-privileged expert information as required by the Scheduling Order entered in this case.**

**Subject to and without waiving the forgoing objections, Plaintiff incorporates his response to Interrogatory No. 6 above. In addition, Plaintiff continues to struggle with post-**

**traumatic stress disorder from his wrongful imprisonment and has struggled immensely adjusting to life outside of prison. Investigation continues.**

9. As it relates the defendant Thomas Kelly, please identify, with specificity, what conduct you attribute to him which you claim led to your arrest, prosecution, and conviction.

**ANSWER: Plaintiff expressly incorporates his answer to Interrogatory No. 2.**

10. Paragraph six (6) of your amended complaint alleges that defendants fabricated and planted evidence to frame you. If these allegations include the actions of Defendant Kelly, please state in complete detail the conduct of Defendant Kelly related to these allegations.

**ANSWER: Plaintiff expressly incorporates his answer to Interrogatory No. 2.**

11. In Paragraph 7 of your Amended Complaint, you contend that defendants "suppressed and destroyed evidence that would have shown that [you were] innocent." Provide a complete description of what evidence you claim was "suppressed or destroyed," by Mr. Kelly, and how it would have shown that you were innocent.

**ANSWER: Plaintiff objects to overly broad, unduly burdensome, and vague. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because this interrogatory is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answer to Interrogatory No. 2.**

12. With regard to the allegations in Paragraph 137 of your Amended Complaint, you contend that the defendants "with[held] evidence from the prosecution… destroy[ed] evidence …[and]… conspire[ed] to frame [you]," As it relates to Mr. Kelly, please state with particularity the exculpatory evidence the defendant withheld, destroyed and/or suppressed from prosecutors or defense counsel during the investigation of, or during any of the underlying criminal proceedings relating to the crimes you were charged with.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, overly broad, compound, and it calls for a narrative better suited for a deposition. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because this interrogatory is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

**Subject to and without waiving the forgoing objections, Kelly was the lead investigator on the 1984-85 sexual assaults on elderly women that occurred in Springfield. In that capacity, Defendant Kelly responded to and collected evidence from Mary Prekop's**

**residence and Emily Lichwala's residence on November 30, 1985. Defendant Kelly was in charge of the crime scenes at the victims' residences, including properly collecting, storing, and preserving evidence. Furthermore, Kelly, along with other Defendant Officers, failed to investigate alternative suspects for these crimes, and instead focused entirely on Plaintiff. Kelly interrogated Plaintiff for multiple hours over the course of the day on December 7, 1985, when Plaintiff was sleep deprived, intoxicated, and emotional. However, Defendant Kelly claimed that he did not take any notes or fill out any reports from his questioning of Plaintiff. Kelly misrepresented Plaintiff's statements, and even went as far as to falsify inculpatory statements. Defendant Kelly also suppressed and/or misrepresented witness statements from Plaintiff's sister and one of the victims, Mary Prekop, that tended to prove Plaintiff's innocence. Defendants Kelly and Jarvis conspired to fabricate or manipulate evidence against Plaintiff—that evidence being the pair of gloves and Emily Lichwala's purse. Lastly, Defendant Kelly testified at the September 2, 1986 motion to suppress hearing and both Plaintiff's trials. Kelly's testimony was a contributing cause to Plaintiff's wrongful conviction. Investigation continues.**

13. With regard to the allegation in Paragraph 137 of your Amended Complaint, you contend that the defendants fabricated evidence relating to your prosecution, as it relates to Mr. Kelly, please state with particularity what evidence you claim the defendant fabricated during the investigation of, or during any of the underlying criminal proceedings relating your criminal prosecution:

**ANSWER: Plaintiff objects to overly broad, unduly burdensome, and vague. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because this interrogatory is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33. Moreover, Plaintiff objects because this request is cumulative and duplicative of the above three interrogatories.**

**Subject to and without waiving said objections, Plaintiff expressly incorporates his answers to Interrogatory Nos. 2 and 12.**

14. For each and every piece of fabricated evidence listed in the above interrogatory state to your knowledge when the fabrication occurred and the circumstances of how the fabrication occurred.

**ANSWER: Plaintiff objects to overly broad, unduly burdensome, vague and oppressive. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because this interrogatory is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

**Subject to and without waiving said objections, Plaintiff does not have firsthand knowledge of the circumstances surrounding how the fabrication occurred given that he**

**was in custody. And Plaintiff expressly incorporates his objections and answers to Interrogatory No. 2.**

15. For each and every piece of fabricated evidence listed/referenced in the above two interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney and/or your attorney's investigator did with that evidence after you learned about it.

**ANSWER: Plaintiff objects to overly broad, unduly burdensome, vague and oppressive. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories. Lastly, Plaintiff objects because this interrogatory is compound and includes multiple questions and subparts that are improperly set forth in one interrogatory, thereby violating Federal Rule of Civil Procedure 33.**

16. Please describe any and all civil lawsuits brought by you or filed on your behalf, in relation to this case and any incarceration resulting from your conviction. Please identify the date of the filing, docket number, jurisdiction, court, the basis for the lawsuit, the damages requested and the outcomes.

**ANSWER: Plaintiff objects that this request is improperly seeking information available through court dockets. Federal Rule of Civil Procedure 26(b)(2)(i) states that the court may limit discovery requests if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive."** ***Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*****, 242 F.R.D. 1, 11 (D.D.C. 2007); see also,** ***Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*****, No. 12CV2079-GPC KSC, 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (noting that when documents of public record are "equally accessible" to all parties, it is not necessary for a court to order production).**

**Subject to and without waiving said objections, see below:**

| **Case Name** | **Court** | **Date Filed** | **Case No.** |
|---|---|---|---|
| *Perrot v. Massengale* | Middlesex Superior County | 8/6/2012 | 1281CV03104 |
| *Perrot v. Nolan* | US District Court of Mass | 7/19/04 | 1:04-cv-11666 |
| *Perrot v. Maloney et al.* | US District Court of Mass. | 2/5/1993 | 1:93-cv-10252 |
| *Bruyette et al v. Maloney et al* | US District Court of Mass. | 9/17/90 | 1:90-cv-12241 |
| *Perrot v. Maloney et al* | US District Court of Mass. | 3/29/90 | 1:90-cv-10810 |

17. In relation to the underlying criminal action which you allege you were wrongfully convicted, please identify each motion for new trial or appeal filed in any of the underlying cases, specifically the docket number, court, jurisdiction, and its outcome.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, oppressive, and overly broad. Specifically, the parties have equal access to the information that Defendant Jarvis is seeking in this interrogatory. Plaintiff further objects to this interrogatory's use of "outcome" as it is vague and undefined. Plaintiff also objects to this interrogatory to the extent it seeks information protected from disclosure by attorney-client privilege or the work-product doctrine, including but not limited to seeking information about Plaintiff's legal theories.**

Respectfully Submitted,

*/s/ Gianna Gizzi*
*One of Plaintiff's Attorneys*

Jon Loevy*
Gianna Gizzi*
Carla Agbiro*
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607

Mark Loevy-Reyes
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116

* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Gianna Gizzi, an attorney, hereby certify that on July 27, 2023, I served the foregoing **PLAINTIFF'S ANSWERS TO DEFENDANT KELLY'S INTERROGATORIES** by electronic mail on counsel of record for all Defendants.

*One of Plaintiff's Attorneys*

Jon Loevy
Mark Loevy-Reyes
Gianna Gizzi
Carla Agbiro
Loevy & Loevy
311 N. Aberdeen St.
Suite 300
Chicago, IL 60607
gizzi@loevy.com