UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KELLY, et al.,<br><br>Defendants. | Case No. 18-cv-10147 |

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to leave of this Court, defendants City of Springfield, Thomas Jarvis, Paul Glantz, Andrew Canevari, Cheryl Clapprood, Thomas Kennedy, Marianne Popko (n/k/a Moriarty), and the Estate of Thomas Kelly submit this supplemental brief concerning the summary judgment motions now pending.

This brief shall address whether the doctrine of issue preclusion bars the plaintiff from challenging the voluntariness or authenticity of his confession to the Lichwala and Prekop burglaries. In so doing, the defendants will address a number of inaccurate or irrelevant/not cognizable representations made by plaintiff that will clarify review of the issue preclusion question.

1. *Plaintiff had a "full and fair" opportunity to challenge the authenticity and voluntariness of his admission to the Prekop break-in; the admission has been subject to a final judgment on the merits; and he is now barred from re-litigating its propriety*.

Issue preclusion bars the plaintiff from challenging his December 7, 1985 statement admitting that he broke into the homes of Ms. Lichwala and Ms. Prekop. Issue preclusion

applies because that question has been disposed of by every court that has considered it; and because the plaintiff has had a full and fair opportunity to litigate the voluntariness and authenticity of his signed, written statement. Mr. Perrot was not exonerated. He was granted a new trial because of faults in the FBI's testimony. His signed admission to the Lichwala and Prekop break-ins remains.

Nevertheless, the plaintiff argues he did not have a "full and fair" opportunity to litigate the voluntariness of his self-inculpating statement (Plaintiff's Memo at 10-12).[1]

Plaintiff claims that he never admitted breaking into Ms. Prekop's home. He testified to this at both the motion to suppress the statement and the first trial in 1987.[2] But the trial judge denied his motion to suppress, the jury evidently discounted his testimony, and the Supreme Judicial Court affirmed the voluntariness of the statement. Commonwealth v. Perrot, 407 Mass. 539 (1990). Mr. Perrot now claims that after he signed the statement admitting to the Lichwala break-in, someone typed a fabricated passage admitting to the Prekop break-in, and inserted that passage into the original signed statement, thus creating a fabricated and false admission insofar as it refers to the Prekop convictions at issue in this case. Plaintiff's Memo at 16.

The plaintiff now argues that at his first trial, his attorney objected to the admission of the statement on the grounds that he had never been provided with the original. Because his counsel was never provided with the original, plaintiff claims he was never able to litigate the question of its authenticity—he had no way of learning or showing that the Prekop admissions had been fabricated, and therefore issue preclusion does not prevent litigating his claim.

[1] The plaintiff cites the Court's issue preclusion analysis in its Report and Recommendation denying the defendants' motions to dismiss, but the language he cites is concerned solely with co-defendant Francis Bloom's motivations and actions. See Plaintiff's Memo at 11. Bloom's role is not relevant here; and summary judgment imposes a different standard of review, rendering this argument immaterial.

[2] He did not testify at his second trial. There is no claim that he was deprived of the right to do so.

The plaintiff makes a serious misrepresentation. His criminal defense lawyer stated, on the record, that he had the original signed admission. Just four trial transcript pages after his objection to the copy and request for the original statement, plaintiff's criminal lawyer reported to the trial court that he had been provided with the original statement but reserved his objection to its voluntariness.

The relevant trial transcript is Exhibit 10 to plaintiff's summary judgment opposition papers. The relevant portion is attached to this motion as Exhibit 1. At pages 152 through 154, the trial judge, the prosecutor and plaintiff's defense lawyer have a sidebar conference at which Mr. Hammerschmith, plaintiff's lawyer, objects to the statement as offered because it is a copy. The court then goes into the lunch recess. When the court reconvenes, the prosecutor again offers the statement. At that time, Mr. Hammerschmith requests a side bar:

MR. HAMMERSCHMITH: May we be heard?

(The following conference was held at sidebar)

MR. HAMMERSCHMITH: **This is the original, your Honor**. The only thing—

THE COURT: For the record, this is the statement that was discussed at sidebar prior to the noon lunch break.

MR. HAMMERSCHMITH: The only thing I wanted to make clear for the record is that the defendant is reserving his right to challenge the voluntariness of the statement under Tavares, and I'd like to make that clear.

Exhibit 1 at 158-159 (emphasis added).

The undisputed record evidence is that Perrot was provided with the original statement and withdrew his objection to its authenticity. There is no record evidence—at all—that Mr. Perrot's signed admission to the Prekop break-in was fabricated or altered in any way. Mr.

Perrot admitted under oath at the hearing on his motion to suppress and at his first trial that his signature to the statement was genuine. The matter should end there.

The doctrine of issue preclusion counsels that the defendants are entitled to summary judgment. There are prior appellate decisions from the SJC (Commonwealth v. Perrot, 407 Mass. 539 (1990)) and the Appeals Court (Commonwealth v. Perrot, 38 Mass. App. Ct. 478 (1995)) affirming the validity and finality of the plaintiff's convictions, and the voluntariness of his December 7 statement. Moreover, where his trial counsel waived an authenticity objection to the statement, Mr. Perrot had a full and fair opportunity to litigate this issue. The guiding principle in determining whether to allow defensive use of issue preclusion is whether the plaintiff had a full and fair opportunity to litigate the issue in the first action. See Alba v. Raytheon Co., 441 Mass. 836, 841- 842 (2004). Thus, "[b]efore precluding a party from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Id. at 836-837 (quotations and citations omitted). "The fourth and final requirement is that 'the issue decided in the prior adjudication must have been essential to the earlier judgment.'" Id. at 837 (citations omitted). All of these factors have been met.

The defendants have shown that: 1) the plaintiff had a full and fair opportunity to litigate these issues in the criminal cases; 2) the plaintiff was the defendant in the prior adjudication; and 3) there was a final judgment on the merits in the prior cases.

Issue preclusion applies in this case because the defendants have established that the SJC and Appeals Court decisions constituted a final judgment on the merits, and that the issues adjudicated in those decisions are the same as the issues currently before this court.

For purposes of issue preclusion, "[a] determination is considered final when the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." Id. (quotations and citation omitted).

Mr. Perrot had a full and fair opportunity to attack the voluntariness of his statement, and did so. He testified at a pretrial motion hearing to suppress the statement, and testified at his first trial. The motion judge and the jury each heard Perrot's testimony that the statement was not his. The SJC then affirmed the trial court's denial of that motion to suppress, finding that "[t]he record demonstrates a sufficient factual and legal basis for the denial of the motion to suppress." Perrot, supra, 407 Mass. at 543.

Despite the conclusive finality of the SJC decision, the plaintiff argues that because he had no opportunity to appeal that decision, it is not a final and valid judgment. The plaintiff argued that because he was given a new trial on other grounds, he could not appeal that favorable outcome on the basis of his aggrievement with one aspect of the ruling. Plaintiff's Memo at 17-18. This ignores the plaintiff's subsequent appeal of the second trial result. There, Mr. Perrot had every opportunity to relitigate the voluntariness of the statement, and the authenticity of the statement. On appeal, the Appeals Court explicitly addressed and disposed of his claims against Francis Bloom. With respect to all other issues that he raised, it stated, "The other issues raised by the defendant are without merit and warrant no discussion." Commonwealth v. Perrot, 38 Mass. App. Ct. 478, 481 (1995).

At the summary judgment motion hearing, counsel for the plaintiff seemed to concede that Johnson v. Mahoney, 424 F.3d 83 (1st Cir.2005) is apt because the trial court vacated Mr. Johnson's conviction. Therefore, Johnson controls here, and just as in Johnson, Mr. Perrot is precluded from challenging his admission to the Prekop break-in.

2. *The alleged wrongdoing of the defendants was not the proximate cause of any constitutional tort suffered by the plaintiff*.

Plaintiff argues that development of the facts has "exposed the broad scope of Defendants' malfeasance," which now include the following:

1. Perrot had been a suspect in a series of rapes since 1984. There is no evidence that Perrot was investigated in connection with the two prior rapes of Mary Prekop or the prior rape of Emily Lichwala, all of which had occurred within the previous 12 months. The record shows that Mr. Perrot first came to the SPD's attention respecting assaults on older women in September, 1985 when Perrot unilaterally contacted the SPD to report that Mae Marchand's grandson was accusing him of raping her, and threatening Perrot.

2. Detective Jarvis's destruction of his interrogation notes from December 7, 1985, prior to his second trial. This was known to the plaintiff at the time of trial. The plaintiff has not presented evidence of any kind that these notes contained exculpatory evidence, nor has he otherwise tied this action to any deprivation of a constitutionally protected right.

3. Kelly's "fabricated" account of the recovery of the gloves. This issue was thoroughly litigated at both trials. Both juries heard the testimony of Sergeant Kelly, Mary Prekop and Nancy Westcott, each of whom gave differing accounts concerning the gloves and whether Nancy Westcott (plaintiff's sister) or Lisa Eldrige (plaintiff's girlfriend) may have owned them. Any "malfeasance" was therefore fully explored and adjudicated.

The plaintiff has failed to show how any of these claimed actions by any defendant, even if true, was the proximate cause of any deprivation of his constitutional rights. See Johnson v. Mahoney, 424 F.3d 83, 89 (1st Cir. 2005), quoting Maldonado Santiago v. Velazquez Garcia, 821

F.2d 822, 831 (1st Cir. 1987)("Section 1983 imposes a causation requirement similar to that of ordinary tort law.").[3]

Conclusion

For all of the foregoing reasons, the defendants ask that their Motion for Summary Judgment be allowed.

Respectfully submitted,
The Defendants, City of Springfield, Cheryl Clapprood, Thomas Kennedy, and Marianne Popko (n/k/a Moriarty), Kelley Estate, By their attorneys,

/s/ Lisa C. DeSousa
Lisa C. deSousa, Esq. BBO#546115
Tyler J. Kenefick, Esq. BBO#696304
Robert A. Schmidt, Esq. BBO#666905
Phil Ciccarelli, Esq. BBO#678452
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 886-5205
ldesousa@springfielcityhall.com
tkenefick@springfieldcityhall.com
attyschmidt@gmail.com
phil@ciccarelli.law

Defendant City of Springfield
by its attorneys,

/s/ Thomas P. Campbel
Thomas P. Campbell, Esq. BBO#564124
Paul Tellier, Esq. BBO#676203
Joshua Loveall, Esq. BBO#692161
Nathan Y. Pak, Esq. BBO#70573

[3] Plaintiff also makes a Monell claim against the City which fails because 1) plaintiff cannot make out a Brady violation and cannot show that any exculpatory evidence was withheld; and 2) a city can be held liable only for its own unconstitutional actions. Haley v. City of Boston, 2013 U.S. Dist. LEXIS 130558 *14 (Dist. Mass., Stearns, J.) Because the plaintiff has produced no evidence of unconstitutional action by the City of Springfield, his claims against the City should be dismissed.

D'Ambrosio LLP
185 Devonshire Street, 10th Fl.
Boston, MA 02110
Tel: (617) 720-5657
tcampbell@dambrosiollp.com
ptellier@dambrosiollp.com
jloveall@dambrosiollp.com
npak@dambrosiollp.com

Defendants, Thomas Jarvis, Charles Arpin, Paul Glantz, Ronald St. Germain and Andrew Canevari, by their attorney,

/s/ Kevin B. Coyle
Kevin B. Coyle, Esq. BBO #103540
1299 Page Boulevard
Springfield, MA 01104
Tel: (413) 787-1524
attycoyle@aol.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true copy of the within was this day served upon the parties via the Federal Court's ECF Notice and Delivery System. I am not aware of any party who is a non-registered participant, and therefore electronic filing is the sole means of service of this document.

Signed under the pains and penalties of perjury.

Dated: September 5, 2024

*/s/ Thomas P. Campbell*