UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE PERROT,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 18-10147-MPK[1]

THOMAS KELLY, et al.,

    Defendants.

MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS IN LIMINE
TO PRECLUDE PLAINTIFF FROM PURSUING CLAIMS
PURSUANT TO THE THEORY OF RESPONDEAT SUPERIOR UNDER
THE MASSACHUSETTS CIVIL RIGHTS ACT (##402, 409)[2]

KELLEY, U.S.M.J.

I. Introduction

Plaintiff George Perrot filed suit against defendants Thomas Kelly and Thomas Jarvis, two former detectives of the Springfield, Massachusetts Police Department, and the City of Springfield,[3] bringing claims under state and federal law, contending that he was wrongfully convicted of certain crimes as a result of police misconduct. This court previously bifurcated

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (##266, 267.)

[2] With the exception of minor formatting discrepancies, Defendants' "Motion in Limine to Preclude Plaintiff from Pursuing Claims Under Theory of Respondeat Superior" (#409), seeks the same relief as this Motion (#402) and is denied as moot.

[3] Plaintiff originally brought suit against other defendants, the majority of which were dismissed from this case pursuant to the court's October 11, 2024 Memorandum and Order on defendants' motions for summary judgment. (#401.) See also ##170, 202, 396. Only Kelly, Jarvis, and the City of Springfield remain as defendants.

plaintiff's claim against the City of Springfield under *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978) from his claims against Kelly and Jarvis, with the claims against Kelly and Jarvis to be tried first.  *See* #397.  Familiarity with the facts of this case and its procedural history is assumed.[4]  Plaintiff's claims are to be tried to a jury, with trial scheduled to begin on November 4, 2024.  Plaintiff brings claims under: (1) 42 U.S.C. § 1983, for violations of his Fifth and Fourteenth Amendment rights under the United States Constitution; (2) the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, § 11I; and (3), under Massachusetts law for the intentional infliction of emotional distress.

Currently before the court is a motion in limine in which defendants seek to "preclude Plaintiff . . . from pursuing claims pursuant to the theory of *respondeat superior* under the Massachusetts Civil Right[s] Act [against the City of Springfield] because any such claims are not rooted in First Circuit or Massachusetts jurisprudence and are pled in bad faith."  (#402 at 1.)  As explained below, this motion is allowed.

II. Discussion

    1. Whether Plaintiff Failed to Plead or Timely Disclose This Theory

Defendants first argue that plaintiff failed to adequately plead a claim under the MCRA against the City in his Amended Complaint (#126) or to disclose it to them through his responses in discovery.[5]  (#402 at 5.)  They note that the only mention of "respondeat superior" in the Amended Complaint is made in paragraph 19, in which plaintiff alleges that "Defendant City of Springfield is therefore liable for all torts committed by the Defendants pursuant to the doctrine of *respondeat superior*."  (#126 ¶ 19.)  Defendants note that this court's October 11, 2024 Order

---

[4] Those facts are set out in detail in the court's October 11, 2024 Memorandum and Order.

[5] Defendants claim that plaintiff informed them of this theory "[a] mere three weeks before trial."  (#402 at 3.)

on the motions for summary judgment considered the "*respondeat superior* claims to stem from arguments rooted in tort, and not § 1983 or the MCRA," and construed plaintiff's MCRA claim to have been "ple[d] against Defendants Kelly and Jarvis **individually**, and not against the City of Springfield as their employer." (#401 at 3) (emphasis in original.)

Plaintiff responds that "[s]ince the start of this case he has been pursuing a MCRA claim against the City on the basis of *respondeat superior*." (#476 at 2.) He contends that paragraph 19 of his Amended Complaint "clearly informed" defendants that he "sought to hold the City liable for 'all torts' committed by the individual Defendants pursuant to the doctrine of respondeat superior." *Id.* at 3. Plaintiff is correct that his complaint "need only contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citations and quotations omitted). Yet, other than this one reference to "all torts[,]" there is no other language in the complaint that indicates that he meant to bring such a claim, nor does he point to any discovery that might have alerted defendants to it.

The Federal Rules of Evidence allow a court to exclude irrelevant evidence, *see* Fed. R. Evid. 402, or relevant evidence if its probative value is substantially outweighed by, *inter alia*, a danger of confusing the issues or misleading the jury. Fed. R. Evid. 403. Under these principles, a party may not introduce evidence at trial relating to claims which it has not pled. *See Hicks v. Associations of Apartment Owners of Makaha*, Civil Action No. 14-00254HG-KJM, 2016 WL 3856134, at *1 (D. Haw. July 13, 2016) (citing Fed. R. Evid. 403 and allowing motion in limine "to bar references to unpled claims" where "[e]xposing the jury to unsubstantiated allegations would cause significant confusion and distract the jury from its task."); *see also Scotts Co. v. Central Garden & Pet Co.*, Case No. 2:00-cv-755, 2002 WL 1578791, at *1 (S.D. Ohio Apr. 4, 2002) (allowing motion in limine to exclude reference to evidence relating to a "'new, unpled"

claim where party "never formally pleaded" such claim). The court finds that plaintiff did not plead or otherwise alert the city that it was pursuing a *respondeat superior* claim against it under the MCRA and so the defendants' motion (#402) is allowed. Even if the court were to find that plaintiff had properly pled such a claim, however, the court finds that his claim is not legally cognizable, as explained below.

    2. <u>Plaintiff's Theory is Not Legally Permissible</u>

Defendants also maintain that plaintiff may not sue the city under the MCRA. Citing both state and federal authority, they argue that "the Commonwealth and its departments, as well as municipalities, are not subject to suit under the Massachusetts Civil Rights Act because they are not 'persons' within the meaning of the act." (#402 at 4.)

This court agrees, and it finds that this alone would be grounds for allowing defendants' motion. "[I]t is well-established that municipalities are immune from suit under the MCRA as they are not 'persons' within the meaning of the MCRA." *Qualls v. Roache,* Civil Action No. 23-10435-GAO, 2024 WL 1333610, at *2 (D. Mass. Mar. 28, 2024) (quoting *LeBeau v. Town of Spencer*, 167 F. Supp. 2d 449, 455 (D. Mass. 2001)); *see Arroyo v. City of Boston*, Case No. 20-cv-12082-DJC, 2021 WL 2338879, at *8 (D. Mass. June 8, 2021) ("[A] municipality is not liable [under the MCRA] as it is 'not a person' under the MCRA, or on a theory of *respondeat superior* under the MCRA.") (additional citations omitted); *Chaabouni v. City of Boston*, 133 F. Supp. 3d 93, 103 (D. Mass. 2001) (finding that "the MCRA does not permit holding a municipality liable under the theory of vicarious liability.")

Plaintiff counters that defendants' argument "regarding the absence of municipal liability under the MCRA has never been endorsed by the [Massachusetts Supreme Judicial Court][.]" (#476 at 9.) Yet this proposition, articulated by the Massachusetts Appeals Court in *Howcroft v.*

4

*City of Peabody,* 747 N.E.2d 729, 744 (Mass. App. Ct. 2001), is one which has been repeatedly "followed in federal court." *Pimentel v. City of Methuen*, 323 F. Supp. 3d 255, 272-73 (D. Mass. 2018) (collecting cases).

To the extent plaintiff claims that defendants' motion in limine "is effectively a motion to amend the Court's summary judgment decision[,]" he misconstrues its purpose. (#476 at 7.) A motion in limine is "available where a party seeks to offer evidence in an 'attempt to persuade the jury to reach a conclusion prohibited as a matter of law.'" *Edelman v. NYU Langone Health Sys.*, Case No. 21-cv-502 (LJL), 2023 WL 4305446, at *7 (S.D.N.Y. June 30, 2023) (quoting *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, Case No. 2:14-cv-01801 (ADS)(AYS), 2019 WL 2150821, at *6 (E.D.N.Y. May 17, 2019)). "Where the evidence is offered in support of a theory barred as a matter of law and where that evidence would serve only to mislead the jury, the opposing party need not wait until the conclusion of its opponent's case to raise the point." *Id.*

III. Conclusion

Defendants' "Motion in Limine to Preclude Plaintiff from Pursuing Claims Under Theory of Respondeat Superior" (#402) is allowed. Plaintiff may introduce evidence as it relates to the MCRA claim against the individual defendants, but not against the City of Springfield.

October 28, 2024
/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge